246.

**B.** **Predicate Acts**

Forced Labor: 18 U.S.C. § 1589

288.   All RICO Defendants conducted or participated in the affairs of the RICO Enterprise through a pattern of willfully, knowingly, and intentionally committing and/or conspiring to commit multiple predicate acts of forced labor in violation of 18 U.S.C. § 1589, and as set forth in the First Claim for Relief, ¶¶ 256–258, *supra*.

Trafficking with Respect to Peonage, Slavery, Involuntary
Servitude, or Forced Labor: 18 U.S.C. § 1590

289.   All RICO Defendants conducted or participated in the affairs of the RICO Enterprise through a pattern of willfully, knowingly, and intentionally committing and/or conspiring to commit multiple predicate acts of trafficking with respect to peonage, slavery, involuntary servitude, or forced labor in violation of 18 U.S.C. § 1590, and as set forth in the First Claim for Relief, ¶¶ 259–261, *supra*.

Document Servitude: 18 U.S.C. § 1592

290.   Recruiter Defendants conducted or participated in the affairs of the RICO Enterprise through a pattern of willfully, knowingly, and intentionally committing and/or conspiring to commit multiple predicate acts of document servitude in violation of 18 U.S.C. § 1592, and as set forth in the First Claim for Relief, ¶¶ 262–263, *supra*.

### Mail and Wire Fraud: 18 U.S.C. §§ 1341 and 1343

291. As set forth in the preceding paragraphs, Recruiter Defendants conducted or participated in the affairs of the RICO Enterprise through a pattern of omitting and concealing, and/or conspiring to omit or conceal material information about the extent of recruitment fees as part of a scheme to defraud Plaintiffs and other Class Members. Recruiter Defendants intended to induce false beliefs about the limited extent of the recruitment fees to Recruiter Defendants' advantage and to the severe prejudice of Plaintiffs and other Class Members.

292. As set forth in the preceding paragraphs, including ¶¶ 205-246, RICO Defendants conducted or participated in the affairs of the RICO Enterprise through a pattern of using the U.S. mails and wire communications, including communications via telephone, fax, internet and/or email, on numerous occasions to further their fraudulent schemes, and it was reasonably foreseeable that the U.S. mail and/or wires would be utilized in furtherance of the fraudulent scheme.

293. These willful, knowing, and intentional acts constitute mail and wire fraud in violation of 18 U.S.C. §§ 1341 and 1343.

### Extortion in violation of Cal. Pen. Code § 518

294. Recruiter Defendants conducted or participated in the affairs of the RICO Enterprise through a pattern of threatening Plaintiffs and other

Class Members with deportation and financial ruin in violation of Cal. Penal Code §§ 518–19 if they did not pay the fees required under the illegal PARS Contract, Universal Philippine Contract, and Universal California Contract.

295.   Plaintiffs and other Class Members feared financial harm to themselves and their families and/or feared deportation if they did not pay the fees required under the illegal PARS Contract, Universal Philippine Contract, and Universal California Contract.

296.   Recruiter Defendants' deployment of threats to instill fear in Plaintiffs and other Class Members and to secure payment of illegal fees violates Cal. Pen. Code § 518.

## C.   Pattern of Related Racketeering Acts

297.   RICO Defendants have engaged in the racketeering activity described in this Claim repeatedly beginning in 2007 with respect to more than 350 Filipino teachers.

298.   RICO Defendants, through the RICO Enterprise, rely on the racketeering acts described in this First Amended Complaint to conduct the regular business activities of the RICO Enterprise.

299.   RICO Defendants' racketeering acts have similar purposes: to profit from the fraudulent recruitment and forced labor of Plaintiffs and other Class Members, and to recruit, obtain, provide and maintain a consistent, submissive, and compliant Filipino H-1B labor force at the EBRPSS and the

First Amended Complaint

non-defendant Louisiana School Districts.

300.   RICO Defendants' acts have yielded similar results and caused similar injuries to Plaintiffs and other Class Members:  Plaintiffs and other Class Members have, *inter alia*, been subjected to exorbitant and illegal fees; and have been forced to take on debt at usurious interest rates as a result of RICO Defendants' unlawful conduct.

301.   As set forth in the preceding paragraphs, the racketeering acts have similar participants: all RICO Defendants.

302.   As set forth in the preceding paragraphs, RICO Defendants, through the RICO Enterprise, directed their racketeering activities at similar victims:  Filipino teachers recruited by Recruiter Defendants to work as teachers in Louisiana public schools pursuant to H-1B visas.

303.   RICO Defendants' acts have similar methods of commission, such as common recruitment tactics, relatively consistent practices with respect to collecting payments from Plaintiffs and other Class Members, submission of fraudulent LCAs in support of petitions for H-1B visas for Plaintiffs and other Class Members, and use of similar employment practices and policies with respect to Plaintiffs and other Class Members.

**D.   Injury**

304.   As a direct and proximate result of Recruiter Defendants' and Legal Facilitator Defendants' willful, knowing, and intentional acts discussed

above, Plaintiffs and other Class Members have suffered injuries to their persons and property:  Plaintiffs and other Class Members have, *inter alia*, been subjected to exorbitant and illegal fees; and have been forced to take on debt at usurious interest rates as a result of Recruiter Defendants' and Legal Facilitator Defendants' unlawful conduct.   Additionally, as a direct and proximate result of all RICO Defendants' willful, knowing, and intentional acts discussed above, EBR Teacher Plaintiffs and other EBR Teacher Subclass Members have suffered injuries to their persons and property as specified above.

305.   Plaintiffs and other Class Members are entitled to an award of damages in an amount to be determined at trial, including treble damages and attorneys' fees and costs associated with this action.

## THIRD CLAIM FOR RELIEF
EMPLOYMENT AGENCY, EMPLOYMENT COUNSELING, AND JOB LISTING SERVICES ACT
Cal. Civ. Code § 1812.508
*Louisiana Teacher Class versus Recruiter Defendants*

306.   Plaintiffs re-allege and incorporate by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

307.   Recruiter Defendants offered, for a fee, to secure employment for Plaintiffs and other Class Members.

308.   Because Recruiter Defendants offered to procure employment for a fee for Plaintiffs and other Class Members, Recruiter Defendants are

"employment agencies" under Cal. Civ. Code § 1812.501.

309. Plaintiffs and other Class Members are "jobseekers" under Cal. Civ. Code § 1812.501, as they were seeking employment through the use of Recruiter Defendants' services.

310. Recruiter Defendants willfully and fraudulently withheld material information regarding the amount that Plaintiffs and other Class Members would have to pay to secure jobs in the United States.

311. Upon information and belief, Recruiter Defendants willfully misrepresented the amount of pay that certain Plaintiffs and other Class Members would receive for the teaching jobs for which they were recruited.

312. Upon information and belief, Recruiter Defendants willfully misrepresented that Plaintiffs and other Class Members would be guaranteed jobs in the United States.

313. Recruiter Defendants' conduct is subject to Cal. Civ. Code § 1812.508 because, *inter alia*, they offered to procure employment for a fee while operating in California.

314. Recruiter Defendants violated Cal. Civ. Code § 1812.508(a) by willfully making, or causing to be made, false, misleading, and deceptive representations and/or omissions concerning the services that the agencies would provide to Plaintiffs and other Class Members as they sought jobs.

315. Pursuant to Cal. Civ. Code §§ 1812.523(c) and (d), the Court

106

should (a) declare that all contracts between Plaintiffs and other Class Members on the one hand, and Universal and/or PARS on the other, are null and void; (b) require that the Recruiter Defendants refund all sums paid pursuant to those contracts; (c) award treble and punitive damages; and (d) award attorney's fees and costs.

## FOURTH CLAIM FOR RELIEF
UNFAIR BUSINESS PRACTICES
Cal. Business and Professional Code § 17200, *et seq.*
*Louisiana Teacher Class versus Recruiter Defendants*

316. Plaintiffs re-allege and incorporate by reference each and every allegation contained in the preceding paragraphs as if fully set for herein.

317. Plaintiffs and other Class Members paid Recruiter Defendants fees in respect of securing employment as teachers in the United States.

318. Recruiter Defendants willfully and fraudulently withheld material information regarding the amount of fees Plaintiffs and other Class Members would be charged with respect to securing employment as teachers in the United States.

319. The Recruiter Defendants' practice was to fraudulently withhold material information regarding cost of procuring the employment opportunities they provided.

320. The Recruiter Defendants' practice was to threaten Plaintiffs and other Class Members with financial harm to extract fees from Plaintiffs and other Class Members.

First Amended Complaint

321.   Recruiter Defendants profited from Plaintiffs' and other Class Members' reliance on the Recruiter Defendants' misrepresentations.

322.   Recruiter Defendants made, or caused to be made, false, misleading, and deceptive representations and/or omissions concerning the services that the agencies would provide to jobseeker Plaintiffs and other Class Members.

323.   Recruiter Defendants threatened Plaintiffs and other Class Members with deportation and financial ruin and/or deportation if they did not pay the fees required under the illegal PARS Contract, the illegal Universal Philippine Contract, and the illegal Universal California Contract.

324.   Recruiter Defendants' practice of recruiting teachers though fraud and misrepresentation for profit directly caused financial harm to Plaintiffs and other Class Members.

325.   Recruiter Defendants' conduct is subject to Cal. Business and Professions Code § 17200 because Recruiter Defendants operated their recruiting business in California and engaged in unlawful business practices while operating in California.

326.   Recruiter Defendants violated Cal. Business and Professions Code § 17200 by requiring Plaintiffs and other Class Members to enter into contracts by means of the unlawful business practices described above.

327.   The Court should enjoin Recruiter Defendants from enforcing

contracts entered into as a result of the unlawful business practices described herein.

## FIFTH CLAIM FOR RELIEF
FRAUD
Cal. Civ. Code § 1709
*Louisiana Teacher Class versus Recruiter Defendants*

328.   Plaintiffs re-allege and incorporate by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

329.   Recruiter Defendants falsely misrepresented to Plaintiffs and other Class Members that they could secure teaching positions in the United States by paying the First Recruitment Fee.   Recruiter Defendants purposefully withheld information regarding the Undisclosed Second Recruitment Fee from Plaintiffs and other Class Members before securing the non-refundable First Recruitment Fee as described above. The time, place and content of Recruiter Defendants' misrepresentations is set forth in ¶¶ 189–193, *supra*.

330.   The representations made by the Recruiter Defendants were false by virtue of omitting any mention of the Undisclosed Second Recruitment Fee.  Once the Recruiter Defendants received the First Recruitment Fee, they charged significant additional fees before providing Plaintiffs and other Class Members any opportunity to teach in the United States.  Recruiter Defendants also did not secure job opportunities for all Class Members prior to their arrival in the United States.

First Amended Complaint

331.   Recruiter Defendants made these false material representations (via omission) with knowledge of their falsity and with intent to defraud Plaintiffs and other Class Members.  Recruiter Defendants were aware that they would charge Plaintiffs and other Class Members additional fees, but withheld such information until Plaintiffs and other Class Members had already made substantial non-refundable expenditures and, in most cases, were already burdened with substantial debt to pay the First Recruitment Fee. Upon information and belief, Recruiter Defendants also knew that a number of Class Members would have to attend job fairs upon arrival in Louisiana and would not have secure offers of employment, even after paying enormous fees to the Recruiter Defendants.

332.   Plaintiffs and other Class Members were unaware of the falsity of Recruiter Defendants' representations.  In reliance on these representations, Plaintiffs and other Class Members paid the First Recruitment Fee.  When Plaintiffs and other Class Members learned of the additional fees, they could not afford to lose the money they had already invested in the venture.  Had Recruiter Defendants properly disclosed the enormous additional fees they intended to charge, Plaintiffs and other Class Members would not have participated in the recruitment process on those terms.

333.   As set forth in ¶¶ 195-204, Recruiter Defendants also informed Plaintiffs and other Class Members they would need to pay $3,920 for their

visas, and willfully failed to inform them that part or all of this fee was the legal obligation of the petitioner school districts.  Plaintiffs and other Class Members reasonably relied on this omission, and paid the entire fee as a result.

334.   As a proximate result of Recruiter Defendants' fraud, Plaintiffs and other Class Members suffered severe financial loss and other damages in an amount to be determined at trial.

335.   Recruiter Defendants' conduct was willful and malicious. Plaintiffs and other Class Members are therefore entitled to punitive damages in an amount sufficient to deter similar conduct in the future.

### SIXTH CLAIM FOR RELIEF
DECLARATORY AND EQUITABLE RELIEF
VOIDING PARS AND UNIVERSAL CONTRACTS
BECAUSE CONTRACTS WERE A RESULT OF UNDUE INFLUENCE
*Louisiana Teacher Class versus*
*Defendant PARS and Defendant Universal*

336.   Plaintiffs re-allege and incorporate by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

337.   The fees mandated by the contracts entered into between Plaintiffs and other Class Members and Universal and between Plaintiffs and other Class Members and PARS are void and unenforceable because Class Members executed the contracts as a result of undue influence and coercion, including, *inter alia*:

a.   The contracts were presented to Plaintiffs and other Class

111

Members without prior notice;

        b.     Plaintiffs and other Class Members were forced to sign the contracts immediately, without an opportunity to deliberate or reflect on the terms of the contract, or to consult third parties about the terms of the contracts;

        c.     Plaintiffs and other Class Members were threatened that if they refused to sign the PARS Contract and the Universal Philippine Contract, they would not be allowed to go to the United States and that if they refused to sign the Universal California Contract, they would be immediately sent back to the Philippines without refund of any of the enormous fees and other costs they had already paid; and

        d.     Plaintiffs and other Class Members were under severe threat of serious financial loss because of the substantial debt they had incurred to pay the First Recruitment Fee, described in ¶¶ 105–114, *supra*, which they had incurred before they were made aware of the terms of the contracts.

338.   The fees mandated by the contracts entered into between Plaintiffs and other Class Members and Universal and between Plaintiffs and other Class Members and PARS are void and unenforceable because they were the result of undue influence and coercion.

339.   Universal and PARS were unjustly enriched at the expense of

Plaintiffs and other Class Members when Universal and PARS collected invalid fees on their contracts with Plaintiffs and other Class Members.

340.   Universal continues to attempt to collect invalid fees on its contracts with Class Members.

341.   Plaintiffs and other Class Members are entitled to a declaration that the fee provisions of the contracts entered into between Plaintiffs and other Class Members and Universal and Plaintiffs and other Class Members and PARS are void and unenforceable.

342.   Plaintiffs and other Class Members are entitled to restitution of the amounts unjustly obtained and retained by Universal and PARS, in an amount to be proven at trial.

343.   Plaintiffs and other Class Members are entitled to permanent injunctive relief prohibiting Universal from seeking to collect any further fees from them.

**SEVENTH CLAIM FOR RELIEF**
DECLARATORY AND EQUITABLE RELIEF
VOIDING PARS AND UNIVERSAL CONTRACTS
BECAUSE CONTRACTS ARE ILLEGAL
*Louisiana Teacher Class versus*
*Defendant PARS and Defendant Universal*

344.   Plaintiffs re-allege and incorporate by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

345.   The contracts entered into between Plaintiffs and other Class Members and PARS and Plaintiffs and other Class Members and Universal

113

are contrary to the laws regulating recruitment of Philippine workers for overseas employment, as described in ¶¶ 80–84, *supra*, because the contracts:

a. Seek collection of more than one month's expected U.S. salary; and

b. Seek collection of fees that are not authorized under the POEA rules and regulations.

346. The contracts entered into between Plaintiffs and other Class Members and PARS are contrary to the laws regulating H-1B visas, as described in ¶¶ 85–88, *supra*, because the contracts required Plaintiffs and other Class Members to pay fees that are the legal obligation of the employer, not the employee.

347. The contracts entered into between Plaintiffs and other Class Members and PARS and Plaintiffs and other Class Members and Universal are contrary to applicable laws regulating employment services that procure employment within the State of Louisiana, as described in ¶¶ 89–93, *supra*, because the contracts:

a. Seek collection of fees on behalf of an employment service procuring employment in Louisiana that was not licensed with the Louisiana Workforce Commission;

b. Seek collection of fees for procuring employment in Louisiana under contracts that were not pre-approved by the Louisiana

114

Workforce Commission;

      c.    Seek collection of fees for procuring employment in Louisiana that extend beyond Plaintiffs' and Class Members' first year of employment; and

      d.    Seek collection of fees for procuring employment in Louisiana prior to the applicant's actual commencement of work in Louisiana.

348.  The fees mandated by the contracts entered into between Plaintiffs and other Class Members and Universal and Plaintiffs and other Class Members and PARS are void and unenforceable because they are contrary to law, as described above.

349.  Universal and PARS were unjustly enriched at the expense of Plaintiffs and other Class Members when Universal and PARS collected invalid fees pursuant to the contracts with Plaintiffs and other Class Members.

350.  Universal continues to attempt to collect invalid fees on its contracts with Plaintiffs and other Class Members.

351.  Plaintiffs and other Class Members are entitled to a declaration that the fee provisions of the contracts entered into between Plaintiffs and other Class Members and Universal and Plaintiffs and other Class Members and PARS are void and unenforceable.

352.  Plaintiffs and other Class Members are entitled to restitution of the fees unjustly obtained and retained by Universal and PARS, in an amount

First Amended Complaint

1  to be proven at trial.

2  353.   Plaintiffs and other Class Members are entitled to permanent

3

4  injunctive relief prohibiting Universal from seeking to collect any further fees

5  from them.

6

7  **EIGHTH CLAIM FOR RELIEF**
DECLARATORY AND EQUITABLE RELIEF
8  REGARDING ILLEGAL FEES COLLECTED WITHOUT A CONTRACT
*Louisiana Teacher Class versus*
9  *Defendant PARS and Defendant Universal*

10
354.   Plaintiffs re-allege and incorporate by reference each and every
11

12  allegation contained in the preceding paragraphs as if fully set forth herein.

13  355.   Plaintiffs and other Class Members were charged certain fees by

14
Recruiter Defendants that do not appear in either the contract entered into
15

16  with PARS or the contract entered into with Universal.  These fees include:

17
a.      The First Recruitment Fee, described in ¶¶ 105–114,
18

19  *supra*, and

20  b.      Cost of one-way airfare to the United States.

21  356.   Collection of both the First Recruitment Fee and the cost of

22

23  airfare is prohibited under the laws regulating recruitment of Philippine

24  workers for overseas employment, as described in ¶¶ 80–84, *supra*.

25  357.   Collection of the First Recruitment Fee is prohibited under the

26

27  laws regulating employment services providers in Louisiana, as described in

28  ¶¶ 89–93, *supra*.

116

First Amended Complaint

358.   Universal and PARS have been unjustly enriched by collection of these illegal fees.

359.   Plaintiffs and other Class Members are entitled to a declaration that the First Recruitment Fee and airfare charge were illegal.

360.   Plaintiffs and other Class Members are entitled to restitution of the fees unjustly obtained and retained by Universal and PARS, in an amount to be proven at trial.

<u>**NINTH CLAIM FOR RELIEF**</u>
BREACH OF FIDUCIARY DUTY
State Common Law and Cal. Civ. Code § 3294
*Louisiana Teacher Class versus*
*Legal Facilitator Defendants*

361.   Plaintiffs re-allege and incorporate by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

362.   Legal Facilitator Defendants owed a fiduciary duty to Plaintiffs and other Class Members, based upon the attorney-client relationship Legal Facilitator Defendants established with Plaintiffs and other Class Members.

363.   Legal Facilitator Defendants breached the fiduciary duty owed to each and every Plaintiff and other Class Members, to his/her substantial detriment, by:

a.     Extracting and/or assisting Recruiter Defendants to extract fees from Plaintiffs and other Class Members, which they knew or should have known were the responsibility of EBRPSB and the non-defendant

117

1    Louisiana School Districts;

2

3            b.    Procuring one-year rather than three-year visas for Plaintiffs and other Class Members; and

4

5            c.    Otherwise participating in and/or facilitating the

6    trafficking scheme as described in ¶¶ 171-179, *supra*.

7

8    364.   Legal Facilitator Defendants' conduct was willful and malicious.

9    As detailed in ¶ 363, *supra*, Legal Facilitator Defendants' participation in the

10

11    trafficking scheme was willful and done in conscious disregard of the legal

12    rights of Plaintiffs and other Class Members, and was intended to cause injury

13    to Plaintiffs and other Class Members.

14

15    365.  Legal Facilitator Defendants' conduct proximately caused

16    financial harm to Plaintiffs and other Class Members.

17

18    366.   Plaintiffs and other Class Members are entitled to an award of

19    compensatory damages, and an award of punitive damages, in an amount to

20    be determined at trial.

21

22

23

24

### TENTH CLAIM FOR RELIEF
LEGAL MALPRACTICE
State Common Law and Cal. Civ. Code § 3294
*Louisiana Teacher Class versus*
*Legal Facilitator Defendants*

25

26    367.   Plaintiffs re-allege and incorporate by reference each and every

27    allegation contained in the preceding paragraphs as if fully set forth herein.

28    368.   Legal Facilitator Defendants were attorneys for Plaintiffs and

other Class Members, as Legal Facilitator Defendants acknowledged in G-28 forms filed with the U.S. government.

369. As counsel for Plaintiffs and other Class Members, Legal Facilitator Defendants owed a duty to Plaintiffs and other Class Members to use such skill, prudence, and diligence as members of their profession commonly possess and exercise.

370. Legal Facilitator Defendants breached this duty, to the substantial detriment of Plaintiffs and other Class Members, by

a. Extracting and/or assisting Recruiter Defendants to extract fees from Plaintiffs and other Class Members, which they knew or should have known were the legal obligation of EBRPSB and the non-defendant Louisiana School Districts;

b. Procuring one-year rather than three-year visas for Plaintiffs and other Class Members; and

c. Otherwise participating in and/or facilitating the trafficking scheme described in ¶¶ 171-179, *supra*, to the severe prejudice of Plaintiffs and other Class Members.

371. Legal Facilitator Defendants' conduct was willful and malicious. As detailed in ¶ 370, *supra*, Legal Facilitator Defendants' participation in the trafficking scheme was willful and done in conscious disregard of the legal rights of Plaintiffs and other Class Members, and was intended to cause injury

to Plaintiffs and other Class Members.

372. Legal Facilitator Defendants' conduct proximately caused financial harm to Plaintiffs and other Class Members.

373. Plaintiffs and other Class Members are entitled to an award of damages and an award of punitive damages, in amounts to be determined at trial.

## ELEVENTH CLAIM FOR RELIEF
THE WILLIAM WILBERFORCE TRAFFICKING VICTIMS
PROTECTION REAUTHORIZATION ACT OF 2008 (18 U.S.C. § 1595)
*EBR Teacher Subclass versus*
*Employer Defendants*

374. Plaintiffs and other Class Members re-allege and incorporate by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

A.  **Authority for a Civil Action**

375. Plaintiffs and other Class Members are victims of violations of the following sections of Title 18, Chapter 77 of the United States Code:  18 U.S.C. §§ 1589, 1590, 1592, and 1594(a) and (b), as set forth in the First Claim for Relief.

376. As set forth in 18 U.S.C. § 1595(a), Plaintiffs and other Class Members may bring a civil action against the perpetrators of these violations and "whoever knowingly benefits, financially or by receiving anything of value from participation in a venture which that person knew or should have

known has engaged in a violation" of these provisions.

377.   Employer Defendants were perpetrators of the violations of 18 U.S.C. §§ 1589, 1590, 1592, 1594(a), and 1594(b).

378.   Employer Defendants have knowingly benefited, and continue to knowingly benefit financially or by receiving something of value from participation in a venture which Employer Defendants knew or should have known engaged in violations of 18 U.S.C. §§ 1589, 1590, 1592, 1594(a), and/or 1594(b).

379.   EBR Teacher Plaintiffs bring this claim on behalf of themselves and the EBR Teacher Subclass against Employer Defendants.

## B.   Forced Labor (18 U.S.C. § 1589)

380.   As set forth in ¶¶ 182–246, *supra*, Employer Defendants knowingly aided and abetted Recruiter Defendants' and Legal Facilitator Defendants' efforts to provide and obtain the labor of Plaintiffs and other Class Members by means of abuse and threatened abuse of law or legal process and by means of a scheme, pattern, or plan intended to cause the Plaintiffs and other Class Members to believe that, if he or she did not perform the labor, he or she would suffer serious harm.

381.   Employer Defendants have knowingly benefited and continue to knowingly benefit financially and by receiving the value of EBR Teacher Plaintiffs' and other EBR Teacher Subclass members' labor from

1   participation in a venture which Employer Defendants knew or should have

2   known was engaged in the acts set forth in ¶ 380, *supra*, and in the First

3   Claim for Relief, ¶¶ 256–257, *supra*.

4

5       **C.    Trafficking with Respect to Peonage, Slavery, Involuntary**
          **Servitude, or Forced Labor (18 U.S.C. § 1590)**

6

7       382.   As set forth in ¶¶ 182–246, *supra*, Employer Defendants

8   knowingly aided and abetted Recruiter Defendants' efforts to recruit and

9   transport Plaintiffs and other Class Members for labor and services in

10

11  violation of 18 U.S.C. §§ 1589, 1592, 1594(a), and 1594(b).

12      383.   Employer Defendants have knowingly benefited and continue to

13  knowingly benefit financially and/or by receiving the value of EBR Teacher

14

15  Plaintiffs' and other EBR Teacher Subclass members' labor from

16  participation in a venture which the Employer Defendants knew or should

17

18  have known was engaged in the acts set forth in ¶ 382, *supra*, and the First

19  Claim for Relief, ¶¶ 259–260, *supra*.

20      **D.    Unlawful Conduct with Respect to Documents in**
          **Furtherance of Trafficking, Peonage, Slavery, Involuntary**
          **Servitude, or Forced Labor (18 U.S.C. § 1592)**

21

22

23      384.   Employer Defendants have knowingly benefited and continue to

24  knowingly benefit financially and/or by receiving the value of EBR Teacher

25

26  Plaintiffs' and other EBR Teacher Subclass members' labor from

27  participation in a venture which Employer Defendants knew or should have

28  known was engaged in the acts set forth in the First Claim for Relief, ¶ 262,

First Amended Complaint

1   *supra.*

2   **E.   Attempt to Violate 18 U.S.C. §§ 1589, and 1590 (18 U.S.C.**
3   **§ 1594(a))**

4   385.   As set forth in ¶¶ 182–246, *supra*, Employer Defendants
5
6   attempted to violate 18 U.S.C. §§ 1589 and 1590 in violation of 18 U.S.C. §
7   1594(a).

8   386.   Employer Defendants have knowingly benefited and continue to
9
10  knowingly benefit financially and/or by receiving the value of EBR Teacher
11  Plaintiffs' and other EBR Teacher Subclass members' labor from
12
13  participation in a venture which the Employer Defendants knew or should
14  have known was engaged in the acts set forth in ¶ 385, *supra*, and the First
15  Claim for Relief, ¶¶ 264–265, *supra*.

16  **F.   Conspiracy to Violate 18 U.S.C. §§ 1589, 1590, and 1592 (18**
17  **U.S.C. § 1594(b))**

18  387.   As set forth in ¶¶ 182–246, *supra*, Employer Defendants
19
20  conspired with Recruiter Defendants and Legal Facilitator Defendants to
21  violate 18 U.S.C. §§ 1589 and 1590 in violation of  18 U.S.C. § 1594(b).

22  388.   Employer Defendants have knowingly benefited and continue to
23
24  knowingly benefit financially and/or by receiving the value of EBR Teacher
25  Plaintiffs' and other EBR Teacher Subclass members' labor from
26
27  participation in a venture which Employer Defendants knew or should have
28  known was engaged in the acts set forth in ¶ 387, *supra*, and in the First

123

Claim for Relief, ¶¶ 267–268, *supra*.

### G. **Alternatively, Trafficking with Respect to Peonage, Slavery, Involuntary Servitude, or Forced Labor by violating 18 U.S.C. §§ 1589 (2003) and 1594(a) (2003) (18 U.S.C. § 1590 (2003))**

389. Alternatively, in violation of 18 U.S.C. § 1590 (2003), and in addition to the violations of 18 U.S.C. § 1589 (2003) as set forth above, Employer Defendants knowingly aided and abetted the efforts of Recruiter Defendants and Legal Facilitator Defendants to recruit, transport, harbor, and/or obtain Plaintiffs and other Class Members for labor or services in furtherance of Recruiter Defendants' violations of the following provisions of Title 18, Chapter 77 of the U.S. Code:  18 U.S.C. §§ 1589 (2003); 1590 (2003), 1594(a) (2003).

### H. **Damages**

390. As a proximate result of the conduct of Employer Defendants, EBR Teacher Plaintiffs and other EBR Teacher Subclass members have suffered injuries to their persons, businesses, and property, and other damages.

391. EBR Teacher Plaintiffs and other EBR Teacher Subclass members are entitled to recover compensatory and punitive damages in an amount to be proven at trial, including attorneys' fees and costs.

### **TWELFTH CLAIM FOR RELIEF**
NEGLIGENT HIRING
State Common Law

124

*EBR Teacher Subclass versus Defendant EBRPSB*

392. Plaintiffs re-allege and incorporate by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

393. Defendant EBRPSB hired Recruiter Defendants to recruit teachers from the Philippines.

394. During the relevant time period, Defendant EBRPSB required that any job applicant from the Philippines who wished to apply to work for EBRPSB must do so by utilizing the services of Recruiter Defendants.

395. Defendant EBRPSB knew or had reason to believe that Recruiter Defendants, and particularly Defendant Lourdes Navarro and Defendant Universal, were unfit for the tasks for which they were hired.

396. Alternatively, Defendant EBRPSB had a reasonable duty of care to inquire into the fitness of Recruiter Defendants to perform their function.

397. Defendant EBRPSB breached the duty to inquire into the fitness of Recruiter Defendants.

398. Defendant EBRPSB's negligence, combined with its insistence that any applicant from the Philippines must utilize Recruiter Defendants' services, caused harm to the EBR Teacher Plaintiffs and other EBR Teacher Subclass members by subjecting them to exorbitant fees and resulting monetary loss as a part of Recruiter Defendants' illegal schemes.

399. Defendant EBRPSB's negligence proximately caused the harm

1  suffered by the EBR Teacher Plaintiffs and other EBR Teacher Subclass

2  members.

3

4     400.   The EBR Teacher Plaintiffs and other EBR Teacher Subclass

5  members are entitled to an award of damages in an amount to be determined

6  at trial.

7

8              **VII.     <u>PRAYER FOR RELIEF</u>**

9  WHEREFORE, Plaintiffs request the following relief:

10     a.     Certifying the First through Tenth Claims for Relief in this action

11

12  as class claims pursuant to Rules 23(b)(2) and (b)(3) of the Federal Rules of

13  Civil Procedure on behalf of the Louisiana Teacher Class;

14

15     b.     Designating Plaintiffs as class representatives of the Louisiana

16  Teacher Class pursuant to Federal Rule of Civil Procedure 23, and

17  designating Plaintiffs' counsel as counsel for the Louisiana Teacher Class;

18

19     c.     Certifying the Second, Eleventh and Twelfth Claims for Relief in

20  this action as subclass claims pursuant to Rules 23(b)(2) and (b)(3) of the

21  Federal Rules of Civil Procedure on behalf of the EBR Teacher Subclass;

22

23     d.     Designating EBR Teacher Plaintiffs as representatives of the

24  EBR Teacher Subclass pursuant to Federal Rule of Civil Procedure 23, and

25  designating EBR Teacher Plaintiffs' counsel as counsel for the EBR Teacher

26  Subclass;

27

28     e.     Declaratory and injunctive relief;

f.      Compensatory damages;

g.      Punitive damages;

h.      Treble damages as authorized by RICO, 18 U.S.C. § 1964(c) and Cal. Civ. Code § 1812.523(d);

i.      An award of costs and attorneys' fees; and

j.      Such other relief as the Court deems just and appropriate.

**TRIAL BY JURY IS DEMANDED ON ALL COUNTS.**

Respectfully submitted this 25th day of October, 2010

_____
Jennifer L. Tse
IMMIGRANT JUSTICE PROJECT
SOUTHERN POVERTY LAW CENTER
233 Peachtree Street NE, Suite 2150
Atlanta, Georgia  30303
*On behalf of Attorneys for Plaintiffs*

127