SILVERMAN & ASSOCIATES
ROBERT B. SILVERMAN SBN 170517
25 S. OAK KNOLL AVE., SUITE 504
PASADENA, CA 92683
TEL: 714-936-7499
FAX: 626-298-6630
EMAIL: SILVERATTY@GMAIL.COM

ATTORNEYS FOR DEFENDANTS:
    ROBERT B. SILVERMAN: SILVERMAN & ASSOCIATES

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAIRI NUNAG TANEDO, INGRID CRUZ, DONNABEL ESCUADRA, ROLANDO PASCUAL, TOMASA MARI, on behalf of themselves and other similarly situated individuals,<br><br>    Plaintiffs,<br><br>    vs.<br><br>EAST BATON ROUGE PARISH SCHOOL BOARD, CHARLOTTE PLACIDE, MILLIE WILLIAMS, ELIZABETH DURAN SWINFORD, UNIVERSAL PLACEMENT INTERNATIONAL, INC., LOURDES LULU NAVARRO, HOTHELLO JACK NAVARRO, PARS INTERNATIONAL PLACEMENT AGENCY, EMILIO V. VILLARBA, ROBERT B. SILVERMAN, SILVERMAN AND ASSOCIATES,<br><br>    Defendants. | Case No. SACV10-01172-AG(MLGx)<br><br>**MOTION TO DISMISS CLAIMS AGAINST ROBERT B. SILVERMAN AND SILVERMAN & ASSOCIATES; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>HEARING DATE: April 4, 2011<br>TIME: 10:00 AM<br>COURTROOM: 10D<br><br>HONORABLE ANDREW J. GUILFORD |

Case No.: SACV-01172-AG-MLGx

Memorandum in Support of Motion to Dismiss: Robert B. Silverman, Silverman & Associates

# TABLE OF CONTENTS

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6), OF DEFENDANTS ROBERT B. SILVERMAN, SILVERMAN & ASSOCIATES** ..... 1

**I.  OVERVIEW** ..... 1

**II. LEGAL ARGUMENT** ..... 2

**A.      RULE 12(B)(6) - FAILURE TO STATE A CAUSE OF ACTION** ..... 2

**1.      FIRST CAUSE OF ACTION** ..... 3

**a.      PLAINTIFFS DO NOT HAVE A PRIVATE CAUSE OF ACTION AND HAVE FAILED TO EXHAUST ALL ADMINISTRATIVE REMEMDIES** ..... 8

**2.      SECOND CAUSE OF ACTION** ..... 12

**3.      NINTH AND TENTH CAUSES OF ACTION** ..... 12

**a.      NO ATTORNEY CLIENT RELATIONSHIP** ..... 12

**b.      TIME BARRED - STATUTE OF LIMITATIONS** ..... 14

**III. CONCLUSION** ..... 17

**CERTIFICATE OF SERVICE** ..... 18

Case No.: SACV-01172-AG-MLGx                 i

Memorandum in Support of Motion to Dismiss: Robert B. Silverman, Silverman & Associates

# TABLE OF AUTHORITIES

## CASES

Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949,
    173 L. Ed. 2d 868 (2009)                                                3

Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of
Carpenters, 459 U.S. 519, 526,
    103 S. Ct. 897, 74 L. Ed. 2d 723 (1983)                                 3

Beery v. State Bar (1987) 43 Cal.3d 802
    [239 Cal. Rptr. 121, 739 P.2d 1289                                      13

Bell Atl. Corp. v. Twombly, 550 U.S. 544,
    570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)                        2, 3

Bennet v. McCall (1993) 19 Cal.App.4th 122 ,
    23 Cal.Rptr.2d 268                                                     15

Briscoe v. LaHue, 460 U.S. 325, 103 S. Ct. 1108,
    75 L. Ed. 2d 96 (1983)                                                  7

Budd v. Nixen (1971) 6 Cal.3d 195, 201-202
    [98 Cal.Rptr. 849, 491 P.2d 433]                                       15

Kovacevich v. McKinney & Wainwright (1993) 16 Cal.App.4th 337
    [19 Cal.Rptr.2d 692]                                                   15

People ex rel. Dept. of Corporations v. SpeeDee Oil Change Systems,
Inc. (1999) 20 Cal.4th 1135, 1143–1144
    [86 Cal. Rptr. 2d 816, 980 P.2d 371                                    13

Sirott v. Latts (1992) 6 Cal.App.4th 923, 928
    [8 Cal.Rptr.2d 206]                                                    15

Stoll v. Superior Court (S-K-I, Ltd.) (1992) 9 Cal.App.4th 1362 ,
   12 Cal.Rptr.2d 354                                        15

**FEDERAL AND STATE STATUTUES, CODES AND REGULATIONS**

18 U.S.C. § 1589      3, 4

18 U.S.C. § 1589 *et seq.*      2

18 U.S.C. § 1590      3, 4

18 U.S.C. § 1594      4

18 U.S.C. § 1594(a)      3

18 U.S.C. §1594(b)      3

18 U.S.C. § 1595      2, 3, 4

18 U.S.C. § 1961 *et seq*      2, 12

20 CFR 655 *et seq.*      8

20 CFR 655.705(a)(1)-(2), (b)      10

20 CFR 655.710(a)      10

20 CFR 655.731(3)      8

20 CFR 655.731(9)(iii)(B)      9

20 CFR 655.731 (10)      9

20 CFR 655.731(11)      9

20 CFR 655.740(c)      9

Cal. Civ. Code § 47                                            7

Cal Civ. Code §340.6                                      14

Federal Rules of Civil Procedure 12(b)(6)             1, 2

Section 107(b) of the TVPA                        2

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6), OF DEFENDANTS ROBERT B. SILVERMAN, SILVERMAN & ASSOCIATES

### I. OVERVIEW

Defendants, Robert B. Silverman and Silverman & Associates (Collectively referred to as "Silverman"), submit the following memorandum in support of its motion to dismiss plaintiffs' Complaint pursuant to Federal Rules of Civil Procedure 12(b)(6).

It should not be lost on this Court that during the worst economic times since the Great Depression of the 1930's, the Plaintiffs, are all foreign immigrants, all present in the United States and are all currently employed in a Public School System. For approximately the past 3 years, the Plaintiffs have maintained steady and gainful employment earning between $40,000 and up to $60,000 per year, despite the fact that most of America has seen unemployment rise over 10%.

In spite of their claims as contained in the First Amended Complaint ("FAC"), these Plaintiffs have enjoyed all of the benefits of being present in the United States including owning homes and cars. Plaintiffs even enjoy full access to the Judicial System to file this otherwise baseless and frivolous lawsuit.

Finally, this Court should note not what is missing from the FAC: FACTUAL ALLEGATIONS that actually support the conclusions that Silverman engaged in any act other than merely processing a H-1B Petition, for an Immigrant Beneficiary, who once they arrived received the Job that was Offered and received Pay in an amount greater than that required by Law.

Nowhere in the FAC do the Plaintiffs acknowledge or disclose the amount of income earned. Nowhere in the FAC do the Plaintiffs assert that they have filed any Claim with the Department of Labor for recoupment of their alleged payment

Case No.: SACV-01172-AG-MLGx          - 1 -          Memorandum in Support of Motion to Dismiss: Robert B. Silverman, Silverman & Associates

of attorney and filing fees.  Nowhere in the FAC do the Plaintiffs allege that they have been certified as a victim of human trafficking under Section 107(b) of the TVPA.  Nowhere in the FAC do the Plaintiffs allege that they have been rescued from the human trafficking scheme by USCIS officials.  Clearly there are other material omissions as well, but the ones so stated are relevant and material to the issue before the Court.

Through pure statements of conclusions, Plaintiffs allege claims against Silverman for violation of 18 U.S.C. § 1595, the civil remedy provision of the Trafficking Victims Protection Act, 18 U.S.C. § 1589 *et seq*. ("TVPA") and Racketeering Influenced Corrupt Organizations, 18 U.S.C. § 1961 *et seq*. ("RICO").  Plaintiffs in the absence of ANY factual allegations assert through multiple levels of conclusions that are often clearly contradicted by other allegations/conclusions in the FAC that Silverman engaged in a Conspiracy to the detriment of the Plaintiffs.  These Claims must fail as a matter of law.

Plaintiffs further claim in the Ninth and Tenth Causes of Actions State Court claims for Breach of Fiduciary Duty and Legal Malpractice, respectfully.  For the reasons set forth more fully herein below, these Causes of Actions also fail as a matter of law.

As such, this Motion seeks the dismissal of all claims against Silverman.

## II. LEGAL ARGUMENT

## A.      RULE 12(B)(6) - FAILURE TO STATE A CAUSE OF ACTION

Plaintiffs assert the First, Second, Ninth and Tenth Causes of Actions as against Silverman.  All other Causes of Actions do not include Silverman.

To avoid a Rule 12(b)(6) dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." [Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)]  "[A] plaintiff's

Case No.: SACV-01172-AG-MLGx            - 2 -            Memorandum in Support of Motion to Dismiss: Robert B. Silverman, Silverman & Associates

obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." [Twombly, 550 U.S. at 555]  A court need not accept "legal conclusions" as true. [Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009)]  In spite of the deference the court is bound to pay to the plaintiff's allegations, it is not proper for the court to assume that "the [plaintiff] can prove facts that [he or she] has not alleged or that defendants have violated the . . . laws in ways that have not been alleged." [Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526, 103 S. Ct. 897, 74 L. Ed. 2d 723 (1983)]

The Plaintiffs have failed to provide sufficient facts to support the basis for their entitlement to relief.  The Plaintiffs throughout the FAC have simply relied on legal conclusions.

## 1.    FIRST CAUSE OF ACTION

The First Cause of Action alleges violation of 18 U.S.C. § 1595, the civil remedy provision of the Trafficking Victims Protection Act, 18 U.S.C. § 1589 et seq. ("TVPA").  The entire Cause of Action is based upon conclusory allegations without any factual support.  Specifically, "Legal Facilitator Defendants were perpetrators of the violations of 18 U.S.C. §§ 1589,1590,1594(a) and 1594(b)." (FAC P92; 253)  This is merely a conclusion.

Second, there is no legal support for a Civil Cause of Action for any violation of 1594(a) and (b).  This Section is a Criminal Only section wherein a person can be criminally charged for merely attempting to violate other United States Code Sections.  An attempt to do an act means that it was not completed and therefore, not actionable under the Civil Remedy of 18 U.S.C. §1595.  Plaintiffs have failed to allege any legal support for the proposition that 18 U.S.C. § 1594, an attempt to

Memorandum in Support of Motion to Dismiss: Robert B. Silverman, Silverman & Associates

commit a crime is covered by 18 U.S.C. §1595 or has even been applied in a Civil Context.  Any and all parts of the First Cause of Action that is predicated on the violation 18 U.S.C. § 1594, an attempt to commit a crime should be dismissed without leave to amend.

Human Trafficking is defined as "knowingly recruiting any person for forced labor.  [18 U.S.C. § 1590]  The Plaintiff has to allege with sufficient facts that Silverman KNEW that at the time of the recruitment that the Plaintiffs would in fact be subjected to forced labor as defined by 18 U.S.C. § 1589.

Plaintiffs seek to support their claims of the violation of 18 U.S.C. § 1589 with the allegations contained in Paragraphs 171-179.  Because the Plaintiffs continue to rely on these Paragraphs, the Court should closely examine these allegations and a full discussion is provided as follows:

FAC Paragraph 171 states that "Legal Facilitator Defendants actively facilitated Recruiter Defendant's trafficking scheme."  This is a mere conclusion and there are no facts to support such conclusions.  This Paragraph should be disregarded.

FAC Paragraph 172 states in summation that Recruiter Defendants acted as an agent for Legal Facilitator Defendants.  The fundamental flaw of this allegation is that it fails to assert when this supposed agency took place, for what purpose and how was this agency was created.  In addition it is completely contradicted by the overwhelming plethora of other allegations in the FAC wherein it is alleged that Recruiter Defendants are acting for themselves without any mention of Silverman.  Therefore, this paragraph is merely a conclusion of law for which this Court should disregard.

FAC Paragraph 173 alleges that Recruiter exploited the Plaintiffs by charging an exorbitant fees, that these fees should have been paid by the Employer and that

Silverman knew that this was happening.  This fails as a matter of law for multiple reasons which are discussed in more detail below regarding the legal effect of paying these fees.  The Plaintiffs further fail to state which exact fee was exorbitant.  Is the Court and this Defendant merely supposed to guess as to what fees the Plaintiffs are referring to?  Even if the alleged fees were exorbitant, the Plaintiffs allege that these fees, whatever they are, were paid to the Recruiter, NOT Silverman.  If true, there is NO connection as to how Silverman subsequently financially benefited from the exorbitant fees paid to Recruiter.  Nor is there any connection as to how this resulted in the violation of the TVPA.  Nor is there any connection to the KNOWLEDGE requirement essential to the Cause of Action.

More importantly, the real issue is not who paid the fees, but what was the actual or real wage paid to the Plaintiffs.  If by paying the fees, the real wage earned fell below the prevailing wage required to be paid, then the Employer has violated the H-1B process.  The Plaintiffs have failed to allege this essential element as set forth more fully herein below.

Paragraph 174 alleges that Silverman and Recruiter manipulated the Plaintiffs **after** they arrived in the United States and began working by isolating the Plaintiffs, threatening lawsuits and deportation and manipulating the renewal process.  The problem with this is, even if true, the FAC fails to assert how Silverman benefited from such actions.  There are NO allegations in the FAC that Silverman was provided with ANY funds from any source other than the payment of legal fees associated with the preparation of a H-1B Visa.  Accordingly, there is a complete disconnect between these actions alleged and Silverman's alleged financial benefit from the fact that the Plaintiffs continued to work.  In fact, these Plaintiffs did NOT utilize Silverman for the renewal of their Visa.  The Plaintiffs further fail to place a specific date as to when these alleged events occurred so that the Court cannot

Case No.: SACV-01172-AG-MLGx          - 5 -          Memorandum in Support of Motion to Dismiss: Robert B. Silverman, Silverman & Associates

properly assess the relationship to these events and the processing of the H-1B applications and/or renewals.

The FAC further contradicts itself as in every other aspect as all of this alleged conduct was previously alleged to have occurred solely by other individuals. Only now, in this Section, the Plaintiffs conveniently allege without any facts to establish ONE single instance in which Silverman made any such remarks or engaged in such conduct. The Court need only look to Paragraph 176 to find the answer that these Plaintiffs assert that Silverman never had any contact with any of the Plaintiffs.

Paragraph 175 a-k can be summed up in that the Plaintiffs allege that there was an attorney client relationship (which is disputed), Plaintiffs paid fees to Silverman (which is already refuted by other allegations that ALL fees were paid to Recruiter); Plaintiffs paid all Visa and Legal Fees; Fraudulent LCA's were submitted based upon the fact that the fees were paid by the Plaintiffs; that the Visa's were for only 1 year; and that Silverman conspired with Recruiter to file lawsuits against the Plaintiffs and others.

The deficiency in these statements has already been noted and will be addressed more fully herein below. The Court should further acknowledge that even if true, NONE of these allegations lead to any conclusion that Silverman KNEW at the time of the recruitment that the Plaintiffs would be subject to forced labor as alleged and required to maintain a lawsuit based upon such findings.

Paragraph 176 states that Silverman NEVER interacted with the Plaintiffs and that all communications and payments went through the Recruiter. Even if true, there is no causal connection between this allegation and the requisite allegations concerning Trafficking. This is a monumental leap of faith for any individual to accept on its face, that simply having all communication and payments consolidated

Memorandum in Support of Motion to Dismiss: Robert B. Silverman, Silverman & Associates

through one individual means or leads or is likely to lead to the conclusion that Silverman KNEW or SHOULD HAVE KNOWN that he would have been participating in an alleged scheme to Traffic the Plaintiffs.

Paragraph 177 is merely a repeat of Paragraph 175 asserting that the Plaintiffs paid certain fees.

Paragraph 178 states that Silverman was aware of Conflicts of Interest. While this is the basis of the claim for the Ninth and Tenth Causes of Actions, this even if true, would have NO effect on the Trafficking or RICO claim.

Paragraph 179 states that Silverman never obtained any waivers of the Conflicts. Again, while this is the basis of the claim for the Ninth and Tenth Causes of Actions, this even if true, would have NO effect on the Trafficking or RICO claim.

Throughout the entire FAC, the Plaintiffs make such allegations that Silverman knew, without any facts as to how this is established, or conspired with another party, without any facts as what the context of the conspiracy was or what was the common understanding of the conspiracy. Or the best one of all, that Silverman conspired with Lourdes Navarro to file a Lawsuit. What exactly does this mean? The Plaintiffs will NOT at any time be able to establish that Silverman was the attorney of record of any filed lawsuit, was the Plaintiff in any lawsuit as against the Plaintiffs or had any financial stake in the outcome of this alleged litigation. Irrespective of the litigation privilege [Cal. Civ. Code § 47; Common Law Federal Privilege, see <u>Briscoe v. LaHue</u>, 460 U.S. 325, 103 S. Ct. 1108, 75 L. Ed. 2d 96 (1983); the United States Supreme Court recognized the existence of a common law litigation privilege protecting witnesses, judges, and attorneys. Furthermore, this immunity typically aims to protect individuals against litigation for torts such as slander and defamation arising out of statements made in court]

Case No.: SACV-01172-AG-MLGx    - 7 -    Memorandum in Support of Motion to Dismiss: Robert B. Silverman, Silverman & Associates

and Anti-SLAPP statutes, that are designed to protect such free speech, such alleged conduct even if true fails to support the Plaintiffs Claims for violations of RICO and Human Trafficking.

Even accepting the allegations as true, there are simply NO facts to create the causal connection establishing the required elements of the First and Second Causes of Actions.  The First Cause of Action fails as a matter of law for which this Motion should be granted.

### a.    PLAINTIFFS DO NOT HAVE A PRIVATE CAUSE OF ACTION AND HAVE FAILED TO EXHAUST ALL ADMINISTRATIVE REMEMDIES

Plaintiffs main contention for all of their Causes of Actions as against Silverman is that Silverman allowed the Plaintiffs to pay for fees and costs associated with the preparation and filing of the H-1B Visa.

The H-1B Visa process allows employers to hire foreigners when there are no Americans suitable for the position.  [20 CFR 655 *et seq*.] The process is designed to ensure that a foreigner is paid at the same rate and receives the same benefits as an American employee.  This is done to make sure that there is no financial incentive to hire a foreigner over an American.  To enforce this, the Employer MUST pay the foreign immigrant employee NO LESS than the Prevailing Wage. The Employer files a Labor Condition Application (LCA) wherein the Employer sets forth the minimum prevailing wage required by law and the real wage to be paid to the foreign employee.  The real wage MUST be equal to or greater than the minimum prevailing wage. [20 CFR 655.731(3); Once the prevailing wage rate is established, the H-1B employer then shall compare this wage with the actual wage rate for the specific employment in question at the place of employment and must pay the H-1B nonimmigrant at least the higher of the two wages]  This is attested

Case No.: SACV-01172-AG-MLGx          - 8 -          Memorandum in Support of Motion to Dismiss: Robert B. Silverman, Silverman & Associates

to by the Employer under penalty of perjury.  [20 CFR 655.740(c)]  The LCA is subsequently certified by the Department of Labor and is then submitted to USCIS for processing with the Petition.

In order to determine the prevailing wage, the Department of Labor is authorized to consider certain factors set forth in the CFR's.  One factor taken into account is any payment made by the foreign immigrant employee for costs that should be paid by the Employer, such as filing fees and attorneys' fees.  In the event that the Employer requires or has the foreign immigrant employee pay for such costs and fees, then such payments would work as a deduction from the real wage being paid.  If the adjusted real wage is less than the mandated minimum prevailing wage, then the Employer would be subject to sanctions by the Department of Labor, Wage and Hour enforcement.  [20 CFR 655.731(9)(iii)(B), Authorized Deductions for purposes of employer's satisfaction of the H-1B required wage obligations; 20 CFR 655.731 (10)]

"Any unauthorized deduction taken from wage is considered by the Department to be non-payment of that amount of wages, and in the event of an investigations, will result in back wage assessment (plus civil money penalties and/or disqualification from H-1B and other immigration programs, if willful)." [20 CFR 655.731(11)]  The payment of any fees by the Plaintiffs would merely amount to an unlawful deduction by the Employer for which jurisdiction over such claims rests with the Department.

In the event that the adjusted real wage remains higher than the minimum prevailing wage, then even though the Employer has taken an unauthorized deduction of wages, the Employer does NOT necessarily owe an employee a refund if the amount of wages actually paid, taking into account the deduction remains above the minimum amount required to be paid by law.  Therefore, under the

Case No.: SACV-01172-AG-MLGx          - 9 -          Memorandum in Support of Motion to Dismiss: Robert B. Silverman, Silverman & Associates

current CFR's, the relevant question is NOT who paid the fees, but what is the effect of the fees being paid by an individual other than the Employer.

Notwithstanding, unlike the TVPA, which expressly provides for a Civil Remedy, there is NO private cause of action provided by the Code of Federal Regulations. 20 CFR 655.705(a)(1)-(2), (b) details the fact that there are 4 separate governmental agencies that are involved in the watchdog of the H-1B process. Furthermore, 20 CFR 655.710(a) provides the exclusive means of contesting discrepancies with the payment of wages.

Jurisdiction over such actions is a Complaint with the Department of Labor, Wage and Hour Section. If the Plaintiffs allege that the LCA was fraudulent, in that the employer, EBR, made misrepresentations in the labor condition application or failed to meet a condition specified in the application, the Employee shall file a Complaint with the Administrator or the Wage and Hour Division. [20 CFR 655.710(a)] Therefore, as the Plaintiffs allege that the LCA was fraudulent because the Plaintiffs paid these fees, the appropriate action by the Plaintiffs would be to file a Complaint with the Department of Labor. The Department of Labor would then investigate the claim, file a Charge Order against any offending Employer and would seek reimbursement of any fees and costs that the Plaintiffs are entitled to receive. Subpart (b) of the same CFR states that an employer's misrepresentation regarding such offer(s) of employment may be filed with the Department of Justice.

The Plaintiffs have FAILED to allege in the Complaint that they have in fact filed one single Complaint with ANY of the 4 watchdog agencies established to ensure full compliance with the H-1B program. Plaintiffs simply cannot contend that the LCA was fraudulent when they have NOT properly asserted such a Claim in the appropriate forum, which is a Complaint with the Department of Labor. As such, the Plaintiffs have failed to exhaust their administrative remedies. As a matter

of law, this Complaint and/or any Cause of Action based upon this allegation MUST be dismissed.

In addition, the Plaintiffs have FAILED to allege what the minimum prevailing wage is, what they were actually paid and what the adjusted actual wage would be when taking into account the fact that the Plaintiffs made such alleged payments of fees and costs. The Plaintiffs are REQUIRED to provide such allegations to support their claim that the Employer fraudulently and in violation of the law had the Plaintiffs paid all filing and legal fees. It is not the fact that the Plaintiffs paid, but the effect on the wage that has material relevance in determining such conduct. The Plaintiffs as consistent with the entire FAC, simply allege that there was Fraud in the LCA but fail to provide the essential necessary facts to support such allegations. In the absence of such allegations, the Plaintiffs FAC is fatally defective on ALL COUNTS.

Since this Court cannot simply accept the Plaintiffs conclusory allegations of Fraud in the absence of the Department of Labor findings and/or at least the filing of a complaint, then the Plaintiffs allegations for violation of RICO which is predicated on the submission of false documents through the mail or other means to the USCIS and/or USDOL would also fail as a matter of law.

As stated, the FAC is more telling in what is NOT alleged or what FACTS are missing. Such as the fact for nearly 3 years, the Plaintiffs have been making between $40,000 and $60,000 a year during the worst economic times since the Great Depression. The fact that the Plaintiffs own homes and cars. The fact that the Plaintiffs while alleging that they were subject to forced labor remain employed by very same Employer. All of these facts should not be lost on the Court.

Memorandum in Support of Motion to Dismiss: Robert B. Silverman, Silverman & Associates

### 2.     SECOND CAUSE OF ACTION

The Second Cause of Action alleges a violation of Racketeering Influenced Corrupt Organizations, 18 U.S.C. § 1961 *et seq*. ("RICO").  Like the First Cause of Action, the same Paragraphs used to support the First Cause of Action are used to support the Second Cause of Action.  These Paragraphs are defective for the same reasons as set forth herein above, as they are riddled with conclusions of law and lack any factual merit.  The facts that are alleged have NO material nexis to the conclusions.

This Cause of Action fails as a matter of law for which this Motion should be granted.

### 3.     NINTH AND TENTH CAUSES OF ACTION

The Ninth Cause of Action alleges a Breach of Fiduciary Duty.  The Tenth Cause of Action alleges Legal Malpractice.  Both Causes of Actions are based upon the same set of facts and both Causes of Actions contain the same defenses. Both the Ninth and the Tenth Causes of Actions fail as a matter of law and this Motion to Dismiss should be Granted.

### a.     NO ATTORNEY CLIENT RELATIONSHIP

The essence of the Ninth and Tenth Causes of Actions are based upon the allegation that there was an Attorney Client relationship.  The Ninth and Tenth Causes of Actions are actions solely rooted upon California State causes of actions.  There is NO Federal Question and without the Federal Question, there would be no reason for the Court to accept Supplemental Jurisdiction over these claims.  Therefore all applicable State Court rules and laws should be applied when deciding these Causes of Actions.

The only allegation that there was an attorney client relationship is based upon the form known as G-28.  The G-28 is the form that an Attorney would file

with the United States Customs and Immigration Service when processing any type of Immigration paperwork. The Plaintiffs have NOT provided the Court with any such G-28's as attachments to the Complaint. Attorney Jim Knoepp has provided a Declaration in Opposition to one of the other Defendant's Motion to Dismiss. [See Document 70] Attached to that Declaration, the Court is provided with a copy of the G-28 for Plaintiff Tanedo [Exhibit "J"]. On the bottom of the G-28, the ONLY person CONSENTING to the Appearance is Charlotte Placide, Board Member of East Baton Rouge. The Plaintiffs will be unable to provide and have failed to allege one single instance wherein any Plaintiff has signed this form consenting to the Appearance of the Attorney, Silverman.

In <u>Beery v. State Bar</u> (1987) 43 Cal.3d 802 [239 Cal. Rptr. 121, 739 P.2d 1289]: ' "The fiduciary relationship existing between lawyer and client extends to preliminary consultations by a prospective client with a view to retention of the lawyer, although actual employment does not result." [Citation.] "When a party seeking legal advice consults an attorney at law and secures that advice, the relation of attorney and client is established *prima facie*." [Citation.] "The absence of an agreement with respect to the fee to be charged does not prevent the relationship from arising." [<u>People ex rel. Dept. of Corporations v. SpeeDee Oil Change Systems, Inc.</u> (1999) 20 Cal.4th 1135, 1143–1144 [86 Cal. Rptr. 2d 816, 980 P.2d 371]

The Supreme Court emphasized the "primary concern" is not on whether the lawyer is ultimately employed, but "whether and to what extent the attorney acquired confidential information. [*Ibid.*]" "That question is not necessarily answered by the amount of time involved. 'Even the briefest conversation between a lawyer and a client can result in the disclosure of confidences." [*Ibid.*]

Case No.: SACV-01172-AG-MLGx          - 13 -          Memorandum in Support of Motion to Dismiss: Robert B. Silverman, Silverman & Associates

Plaintiffs correctly concede that the H-1B process is dependent on the Employer sponsoring an immigrant employee, offering the immigrant employee a job and then filing a H-1B Petition with USCIS for the benefit of the employee. The entire process is dependent on the Employer. Nowhere in an H-1B Visa Application is there any place for the Beneficiary (the Plaintiff Teacher) to sign under penalty of perjury that the information provided is true and correct. However, the Employer must sign in at least three places.

As the Supreme Court of California states, an attorney-client relationship is based upon the providing of confidential information that the attorney subsequently uses. The Plaintiffs have alleged that Silverman had NO contact with the Plaintiffs. [Paragraph 176] In the absence of any contact, the Plaintiffs cannot plausibly contend that there was an Attorney Client relationship. Nor can the Plaintiffs allege that they consented to the G-28.

The Plaintiffs simply have failed to properly establish with factual allegations that there was an Attorney-Client relationship as the Employer is the sponsoring entity, the party consenting to the Representation and entitled to the services being performed. In the absence of such proper pleading, the Ninth and Tenth Causes of Actions must be dismissed.

### b.    TIME BARRED - STATUTE OF LIMITATIONS

Assuming arguendo that the Court does accept that there was an attorney-client relationship, Plaintiff's Ninth and Tenth causes of actions are time-barred because the statute of limitations expired prior to the filing of the complaint.

Under California Law, the applicable Statute of Limitations is ONE year. California Civil Code Section 340.6 provides, in relevant part: "(a) An action against an attorney for a wrongful act or omission, other than for actual fraud, arising in the performance of professional services shall be commenced within one

Case No.: SACV-01172-AG-MLGx        - 14 -        Memorandum in Support of Motion to Dismiss: Robert B. Silverman, Silverman & Associates

year after the plaintiff discovers, or through the use of reasonable diligence should have discovered, the facts constituting the wrongful act or omission, or four years from the date of the wrongful act or omission, **whichever occurs first**. [emphasis added]

A Cause of Action for Breach of a Fidicuary Duty which stems from the Attorney Client relationship is also 1 year. [Stoll v. Superior Court (S-K-I, Ltd.) (1992) 9 Cal.App.4th 1362 , 12 Cal.Rptr.2d 354]   A client must commence an action against an attorney on a claim for legal malpractice or breach of a fiduciary duty is identical. [*Ibid*.]   A claim based on either theory [Malpractice or Fiduciary Duty] falls within the statutory term "wrongful act or omission" and must be commenced within one year after the client discovers, or with reasonable diligence should have discovered, the facts constituting the act or omission, or four years from the date of the act or omission, whichever occurs first. [*Ibid*.]

In determining when the one year period starts, in Kovacevich v. McKinney & Wainwright (1993) 16 Cal.App.4th 337 [19 Cal.Rptr.2d 692], the court reasoned that the mere accrual of the obligation for attorney fees to rectify a mistake by a former attorney constitutes sufficient damage to trigger the statute of limitations.   A client suffers damage when he is compelled, as a result of the attorney's error, to incur or pay attorney fees." (Sirott v. Latts (1992) 6 Cal.App.4th 923, 928 [8 Cal.Rptr.2d 206], citing Budd v. Nixen (1971) 6 Cal.3d 195, 201-202 [98 Cal.Rptr. 849, 491 P.2d 433]

In Bennet v. McCall (1993) 19 Cal.App.4th 122 , 23 Cal.Rptr.2d 268 the Court further explained that the hiring of a new attorney does NOT need to be solely to correct the error of the prior attorney.   In that case the Appellant argued that because the evidence failed to show that Summers's [New Attorney] sole purpose in representing him was to remedy McCall's [Prior Attorney's] negligence

Memorandum in Support of Motion to Dismiss: Robert B. Silverman, Silverman & Associates

and that a specific amount of fees paid to Summers was attributable to that end, summary judgment was improperly granted. We disagree. The law imposes no such requirement.

The substantive test is the fact and knowledge of damage and not the amount thereof that is required to prove actual injury. Once there is an injury and there is knowledge, then the Statute begins to run. The Statute also begins to run at the time that a new attorney is hired. In summation, California Law holds that once the Plaintiffs hired another attorney even if it was NOT to fix the prior error, that the hiring of new legal counsel starts the clock with regard to the Statute of Limitations, as it is expected that new legal counsel would recognize and have knowledge of the damage. [See Bennet, supra]

In this instant case, the Plaintiffs allege and attempt to support their claims against Silverman on the basis that Silverman only procured a 1 year Visa. First, the Plaintiffs fail to allege ANY violation of law or otherwise that would make such conduct prohibitive. Second, this fails as a matter of law as Silverman, as merely the attorney processing the Petition, regardless of who Silverman represents as clients, does NOT provide or have any legal authority to obtain any length of Visa other than so provided by the Employer.

Notwithstanding, what the Plaintiffs fail to provide the Court with and conveniently OMIT is that the fact that the Plaintiffs Mairi Tanedo ,Ingrid Cruz Donnabel Escuarda  and Tomasa Mari all hired subsequent attorneys to prepare new Petitions.

As stated in Paragraph 176, Silverman NEVER had any direct contact with any of the Plaintiffs. Furthermore, the Plaintiffs will NOT be able to escape the facts, that following the issuance of the respective Approvals in 2008, Silverman was NEVER asked by anyone to provide subsequent legal services even for the

Case No.: SACV-01172-AG-MLGx        - 16 -        Memorandum in Support of Motion to Dismiss: Robert B. Silverman, Silverman & Associates

benefit of the Plaintiffs.   Any attorney client relationship, if it existed, ceased in 2008.  This case was filed in August 2010, more than 2 years later.

What the Plaintiffs are also OMITTING and trying to hide from this Court is the fact that sometime prior to the expiration of the initial H-1B Visa Application, the Plaintiffs paid another individual, probably a lawyer to process a Renewal Application in 2009, more than one (1) year prior to the filing of this Lawsuit, in August 2010.  As such, simple math would conclude that the Plaintiffs claims against Silverman exceed the one year Statutory period which began when the Plaintiffs hired new attorneys.

### III. CONCLUSION

For all of the reasons set forth herein above, the Plaintiffs have failed to allege sufficiently pleaded facts to substantiate causes of actions as against Silverman.  As such, these causes of actions should be Dismissed and this Motion should be Granted as against the First, Second, Ninth and Tenth Causes of Actions.

Dated: March 2, 2011                          **SILVERMAN & ASSOCIATES**

Robert B. Silverman
Attorneys for Defendants
Robert B. Silverman
Silverman & Associates

Case No.: SACV-01172-AG-MLGx        - 17 -        Memorandum in Support of Motion to Dismiss: Robert B. Silverman, Silverman & Associates

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served on all counsel of record herein via the Court's electronic notification system on this 2nd day of March, 2011.

/s/ Robert B. Silverman

Case No.: SACV-01172-AG-MLGx          - 18 -          Memorandum in Support of Motion to Dismiss: Robert B. Silverman, Silverman & Associates