Don A. Hernandez (SBN 125119)
Agnes Markarian (SBN 240388)
Martin E. Sullivan (SBN 274279)
HERNANDEZ, SCHAEDEL & ASSOCIATES, LLP
2 North Lake Avenue, Suite 930
Pasadena, CA   91101
Telephone: 626.440.0022
Facsimile: 626.628.1725
Email: dhernandez@hernlaw.com

Attorneys for Defendant/Counterclaimant
Universal Placement International, Inc., and
Defendant Lourdes "Lulu" Navarro

FILED

2011 JUN 20   PM 2:39

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| MAIRI NUNAG-TANEDO, INGRID CRUZ, DONNABEL ESCUADRA, ROLANDO PASCUAL, and TOMASA MARI, on behalf of themselves and other similarly situated individuals,<br><br>Plaintiffs,<br><br>vs.<br><br>EAST BATON ROUGE PARISH SCHOOL BOARD, CHARLOTTE D. PLACIDE, MILLIE WILLIAMS, ELIZABETH DURAN SWINFORD, UNIVERSAL PLACEMENT INTERNATIONAL, INC., LOURDES "LULU" NAVARRO, HOTHELLO "JACK" NAVARRO, PARS INTERNATIONAL PLACEMENT AGENCY, EMILIO V. VILLARBA, ROBERT B. SILVERMAN, and SILVERMAN & ASSOCIATES,<br><br>Defendants. | Case No. SA CV 10-01172-JAK (MLGx)<br><br>[Hon. John A. Kronstadt]<br><br>**DEFENDANT/COUNTER-CLAIMANT UNIVERSAL PLACEMENT INTERNATIONAL, INC.'s COUNTERCLAIMS AGAINST PLAINTIFFS/COUNTER-DEFENDANTS MAIRI NUNAG-TANEDO, INGRID CRUZ, DONNABEL ESCUADRA, ROLANDO PASCUAL AND TOMASA MARI FOR:**<br><br>**1. FRAUD;**<br>**2. PROMISSORY ESTOPPEL;**<br>**3. UNJUST ENRICHMENT;**<br>**4. DECLARATORY RELIEF; AND**<br>**5. BREACH OF CONTRACT.** |

1

COUNTERCLAIM OF DEFENDANT/COUNTERCLAIMANT
UNIVERSAL PLACEMENT INTERNATIONAL, INC.

1

2

3

UNIVERSAL PLACEMENT
INTERNATIONAL, INC.

4                    Counterclaimant,

5        vs.

6

7   MAIRI NUNAG-TANEDO, INGRID
CRUZ, DONNABEL ESCUADRA,
8   ROLANDO PASCUAL, and TOMASA
MARI

9                    Counter-Defendants

10

11                **PARTIES AND JURISDICTION**

12        1.      Counterclaimant Universal Placement International, Inc.

13   ("Counterclaimant" or "UPI") is a California corporation with its principal place of

14   business located in Los Angeles, California.

15        2.      Counter-Defendant Mairi Nuneg-Tanedo ("Tanedo") is a native of the

16   Philippines.  Thanks to efforts of UPI, she is a legal resident of the State of Louisiana

17   and is employed by East Baton Rouge Parish School District, earning an annual salary

18   in excess of $40,000.00, several times what she would be earning in the Philippines

19   had she remained there.

20        3.      Counter-Defendant Donnabel Escuadra ("Escuadra") is a native of the

21   Philippines.  Thanks to efforts of UPI, she is a legal resident of the State of Louisiana

22   and is employed by East Baton Rouge Parish School District, earning an annual salary

23   in excess of $40,000.00, several times what she would be earning in the Philippines

24   had she remained there.

25        4.      Counter-Defendant Ingrid Cruz ("Cruz") is a native of the Philippines.

26   Thanks to efforts of UPI, she is a legal resident of the State of Louisiana and is

27   employed by East Baton Rouge Parish School District, earning an annual salary in

28

COUNTERCLAIM OF DEFENDANT/COUNTERCLAIMANT
UNIVERSAL PLACEMENT INTERNATIONAL, INC.

1  excess of $40,000.00, several times what she would be earning in the Philippines had

2  she remained there.

3       5.    Counter-Defendant Tomasa Mari ("Mari") is a native of the Philippines.

4  Thanks to efforts of UPI, she is a legal resident of the State of Louisiana and is

5  employed by the Recovery School District, earning an annual salary in excess of

6  $40,000.00, several times what she would be earning in the Philippines had she

7  remained there.

8       6.    Counter-Defendant Rolando Pascual ("Pascual") is a native of the

9  Philippines.  Thanks to efforts of UPI, she is a legal resident of the State of Louisiana

10  and is employed by the Caddo Parish School District in Shreveport, Louisiana,

11  earning an annual salary in excess of $40,000.00, several times what she would be

12  earning in the Philippines had she remained there.

13       7.    This Court has supplemental jurisdiction over these counterclaims, which

14  arise under state law, pursuant to 28 U.S.C. § 1367.  The Counterclaims stated herein

15  arise out of many of the same facts and circumstances giving rise to Plaintiff's

16  complaint against UPI and others.

17       8.    Venue in this judicial district is proper because Counter-Defendants made

18  some of their material misrepresentations set forth below while here.  Personal

19  jurisdiction is proper over them for the same reason, in addition to the fact that they

20  have willingly submitted themselves to this Court's jurisdiction for the resolution of

21  claims related to their own.

22  **FIRST COUNTERCLAIM FOR RELIEF**

23  **FOR PROMISSORY FRAUD**

24  **(Against All Counter-Defendants)**

25       9.    Plaintiff re-alleges and incorporates by reference all of its allegations set

26  forth in paragraphs 1-8, as though fully set forth herein.

27       10.    On or about the following dates, Counter-Defendants made the following

28  promises in writing to UPI:

A.     In Manila, Philippines, on July 4, 2008, Tanedo promised UPI that, in exchange for UPI's services to her, she would pay UPI 10% of her gross monthly income from the East Baton Rouge School District for the first twenty-four (24) months of her employment by that district, commencing with her first pay period.

B.     In Manila, Philippines, on July 14, 2008, Escuadra promised UPI that, in exchange for UPI's services to her, she would pay UPI 10% of her gross monthly income from the East Baton Rouge School District for the first twenty-four (24) months of her employment by that district, commencing with her first pay period.

C.     In Manila Philippines, on July 23, 2007, Cruz promised UPI that, in exchange for UPI's services to her, she would pay UPI 10% of her gross monthly income from the East Baton Rouge School District for the first twenty-four (24) months of her employment by that district, commencing with her first pay period.

D.     In Manila, Philippines, on September 14, 2007, Mari promised UPI that, in exchange for UPI's services to her, she would pay UPI 10% of her gross monthly income from the Recovery School District for the first twenty-four (24) months of her employment by that district, commencing with her first pay period.

E.     In Manila, Philippines, on September 23, 2008, Pascual promised UPI that, in exchange for UPI's services to him, he would pay UPI 10% of his gross monthly income from the Caddo Parish School District for the first twenty-four (24) months of his employment by that district, commencing with his first pay period.

11.    The Counter-Defendants reaffirmed these promises in writing, in Los Angeles, California, on the following dates:

A.     Tanedo, on July 24, 2008.

4

1              B.      Escuadra, on July 23, 2008.

2              C.      Cruz, on September 27, 2007.

3              D.      Mari, on September 21, 2007.

4              E.      Pascual, on October 9, 2008.

5       12.    Each of the foregoing promises was false when the Counter-Defendants

6    made it.  In truth, Counter-Defendants never intended to pay these amounts to UPI, but

7    instead intended to ignore their obligations to pay UPI fees beyond the first twelve-

8    month period and further intended to obtain the benefits of UPI's services and

9    expertise at less than one-half the bargained price.

10      13.    Each of the Counter-Defendants made those promises with the intent to

11   deceive UPI and induce it into relying upon them to provide valuable services that

12   included securing a valid and enforceable offer of employment from a Louisiana

13   school district, obtaining a teaching certificate from the State of Louisiana, securing

14   transportation to the United States and assisting them in securing safe, affordable

15   housing.

16      14.    UPI relied upon the promises with respect to compensation to obtain job

17   offers for the teachers with three different school districts at salaries in excess of

18   $40,000 per year, several times the average annual income in the Philippines.  UPI also

19   secured teaching certificates for them from the State of Louisiana, arranged their

20   transportation to the U.S. and secured safe, affordable housing for them.  It would not

21   have done any of these things had it known that the Counter-Defendants never

22   intended to pay UPI the contracted compensation.

23      15.    Counter-Defendants have refused to pay UPI the compensation that they

24   each promised, thereby causing damages to UPI in an amount not yet determined, but

25   inclusive of the unpaid amounts.

26      16.    Counter-Defendants made their false promises to UPI with malice, ill will

27   and with the intent to consciously disregard UPI's rights, thereby entitling UPI to

28   exemplary damages against them pursuant to Cal. Civ. Code § 3294.

## SECOND COUNTERCLAIM FOR RELIEF

## FOR PROMISSORY ESTOPPEL

### (Against All Counter-Defendants)

17.     Plaintiff re-alleges and incorporates by reference all of its allegations set forth in paragraphs 1-16, as though fully set forth herein.

18.     While still in the Philippines, on the dates indicated, Counter-Defendants made those promises set forth in paragraph 10, above.

19.     They each repeated those promises upon their arrival in the United States, as set forth in paragraph 11, above.

20.     UPI relied upon the promises with respect to compensation to obtain job offers for the teachers with three different school districts at salaries several times the average income in the Philippines, secured teaching certificates for them from the State of Louisiana, arranged their transportation to the U.S. and secured housing for them.  It would not have done any of these things had it known that the Counter-Defendants never intended to pay UPI the contracted compensation.

21.     Counter-Defendants are estopped by their false promises to UPI from denying that they owe UPI 10% of the gross monthly income that they received from their respective Louisiana school districts for the first twenty-four (24) months, in exchange for the services that they indisputably received from UPI and accepted without objection.

22.     UPI has been damaged as a result of the Counter-Defendants' false representations and promises in an amount that has not yet been ascertained but will at trial in this matter.

## THIRD COUNTERCLAIM FOR RELIEF

## FOR UNJUST ENRICHMENT

### (Against All Counter-Defendants)

23.     Plaintiff realleges and incorporates by reference all of its allegations set forth in paragraphs 1-22, as though fully set forth herein.

6

24.     While still in the Philippines, on the dates indicated, Counter-Defendants made those promises set forth in paragraph 10, above.

25.     They each repeated those promises upon their arrival in the United States, as set forth in paragraph 11, above.

26.     UPI relied upon the promises with respect to compensation to obtain job offers for the teachers with three different school districts at salaries several times the average income in the Philippines, secured teaching certificates for them from the State of Louisiana, arranged their transportation to the U.S. and secured housing for them.

27.     Counter-Defendants accepted the benefits of UPI's services without objection.

28.     UPI would not have performed any of its services to the Counter-Defendants had it known that the Counter-Defendants never intended to pay UPI the contracted compensation.

29.     Counter-Defendants have reaped substantial benefits from UPI's services, including annual salaries several times in excess of what they would have received had they remained in the Philippines.  Even though UPI has performed fully under its agreement with the Counter-Defendants, they have refused to pay UPI the agreed-upon compensation.

30.     Counter-Defendants have therefore reaped unjust benefits as a result of their refusal to perform under the contracts they signed with UPI.

31.     UPI is entitled to be reasonably compensated for its services to Counter-Defendants under the terms of an implied contract at law.  The amount of its compensation should include a fair and equitable amount based upon the Counter-Defendants' actual gross monthly income over the first twenty-four months of their employment with the Louisiana School Districts, less any amounts actually received from the Counter-Defendants.

COUNTERCLAIM OF DEFENDANT/COUNTERCLAIMANT
UNIVERSAL PLACEMENT INTERNATIONAL, INC.

## FOURTH COUNTERCLAIM FOR RELIEF FOR

## DECLARATORY RELIEF

### (Against All Counter-Defendants)

32.     Plaintiff realleges and incorporates by reference all of its allegations set forth in paragraphs 1-30, as though fully set forth herein.

33.     A dispute between the parties has arisen with respect to enforceability of paragraph "A.3" of the Placement Agency Contract, executed by Counter-Defendants in Philippines and reaffirmed by them upon their arrival in the United States.  This paragraph provides that, in exchange for UPI's services to them, Counter-Defendants shall pay to UPI a placement fee totaling 10% of their gross monthly income for the first twenty-four (24) months of their employment by the particular school district. Counter-Defendants contend that the provision is unenforceable.

34.     Counterclaimant contends that the provision is enforceable for the following reasons among others:

        A.     The subject matter of the contractual provision is lawful;

        B.     The amount is not unreasonable given the circumstances, including the amount of expected monthly income from the teaching positions secured by UPI for the Counter-Defendants;

        C.     Counter-Defendants entered into the contract freely and without duress;

        D.     UPI fully and satisfactorily provided substantial services in reliance upon Counter-Defendants' commitment to pay the agreed upon compensation, including all of the services that it promised; and

        E.     Counter-Defendants have reaped substantial rewards from UPI's performance, including job offers, substantial salaries at least four times higher than they would have received had they remained in the Philippines.

35.     Counterclaimant seeks a declaration from Court that provision is enforceable.

8

## FIFTH COUNTERCLAIM FOR RELIEF

## FOR BREACH OF CONTRACT

### (Against All Counter-Defendants)

36.    Plaintiff realleges and incorporates by reference all of its allegations set forth in paragraphs 1-35, as though fully set forth herein.

37.    On or about the dates set forth in paragraph 10, Counter-Defendants entered into written contracts with UPI.

38.    Counter-Defendants reaffirmed the terms of these contracts upon their arrival in the U.S., as set forth in paragraph 11.

39.    UPI performed its obligations under the contract.  It obtained job offers for the teachers with 3 different school districts, secured teaching certificates for them from the State of Louisiana, arranged their transportation to the U.S., and secured housing for them.

40.    Counter-Defendants, however, have breached their written contracts by failing to pay UPI the compensation they agreed in writing to perform.

41.    UPI has suffered damages in an amount not yet determined but which will be proven at trial.


## PRAYER FOR RELIEF

WHEREAS, Counterclaimant prays as follows:

A. Compensatory damages according to proof;

B. Exemplary damages in accordance with Cal. Civ. Code § 3294;

C. A declaration from the Court that paragraph "A.3" of the Placement Agency
   Contract is enforceable;

D. For costs of suit herein;

E. For such other and further relief as the Court may deem just and proper.

9

Dated: June 20, 2011

HERNANDEZ, SCHAEDEL & ASSOCIATES, LLP

Don A. Hernandez
Attorneys for Defendant/Counterclaimant Universal
Placement International, Inc., and Defendant Lourdes
"Lulu" Navarro

COUNTERCLAIM OF DEFENDANT/COUNTERCLAIMANT
UNIVERSAL PLACEMENT INTERNATIONAL, INC.

**PROOF OF SERVICE**

STATE OF CALIFORNIA           )
                              ) ss.
COUNTY OF LOS ANGELES         )

     I reside in the County of Los Angeles, State of California.  I am over the age of eighteen and not a party to the within action.  My business address is 2 North Lake Avenue, Suite 930, Pasadena, CA 91101.

     On June 20, 2011, I served the foregoing document(s) described as: **UNIVERSAL PLACEMENT INTERNATIONAL, INC.'s COUNTERCLAIMS** on the parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

<u>XX</u>   (BY U. S. MAIL)  I enclosed the documents in a sealed envelope addressed to the person(s) at the address(es) above.  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Pasadena, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing affidavit.

_____(BY PERSONAL SERVICE)  I caused such document(s) to be hand-delivered to the above person(s).

_____(BY OVERNIGHT MAIL)  I caused said envelope(s) to be delivered overnight via an overnight delivery service in lieu of delivery by mail to the above persons(s).

_____ (BY FACSIMILE TRANSMISSION) I caused such document(s) to be faxed to the above person(s) at the fax number(s) listed above.  No error was reported by the fax machine that I used.  A copy of the record of the fax transmission, which I printed out, is attached.

_____(BY ELECTRONIC SERVICE)  I caused such document(s) to be sent to the above person(s) at the electronic notification address(es) above

I declare that I work for a member of the bar of this Court.

Executed on June 20, 2011, at Pasadena, California

AMANDA SMITH

**PROOF OF SERVICE**

1

*In re:Nunag-Tanedo, et al v. East Baton Rouge Parish School Board, et al*
United States District Court – Central District – Southern Division

2

Case No. SACV 10-01172-AG(MLGx)

3

**SERVICE LIST**

4

Jennifer L. Tse, Esq.                                        ***Attorneys for Plaintiffs***

5

Jennifer.Tse@splcenter.org

6

Daniel Werner, Esq.
Daniel.Werner@splcenter.org

7

James M. Knoepp, Esq.
Jim.Knoepp@splcenter.org

8

IMMIGRANT JUSTICE PROJECT
SOUTHERN POVERTY LAW CENTER

9

233 Peachtree Street, NE, Suite 2150
Atlanta, Georgia 30303

10

Tel: (404) 521-6700

11

Fax: (404) 221-5857

12

Mary C. Bauer, Esq.                                        ***Attorneys for Plaintiffs***
Mary.Bauer@splcenter.org

13

Samuel J. Brooke, Esq.
Sam.Brooke@splcenter.org

14

Morris S. Dees, Esq.

15

Judy.Bruno@splcenter.org
IMMIGRANT JUSTICE PROJECT

16

SOUTHERN POVERTY LAW CENTER
400 Washington Avenue

17

Montgomery, Alabama 36104

18

Tel: (334) 956-8200
Fax: (334) 956-8481

19

Dennis B. Auerbach, Esq.                                  ***Attorneys for Plaintiffs***

20

dauerbach@cov.com
Candice N. Plotkin, Esq.

21

cplotkin@cov.com

22

Jillian Willis, Esq.
jwillis@cov.com

23

COVINGTON & BURLING LLP
1201 Pennsylvania Avenue, N.W.

24

Washington D.C. 20004
Tel: (202) 662-6000

25

Fax: (202) 662-6291

26

27

28

2

| # | | |
|---|---|---|
| 1 | Pamela A. Carter, Esq. | *Attorneys for Plaintiffs* |
| | pcarter@cov.com | |
| 2 | Susan P. Johnston, Esq. | |
| | sjohnston@cov.com | |
| 3 | COVINGTON & BURLING LLP | |
| 4 | The New York Times Building | |
| | 620 Eighth Avenue | |
| 5 | New York, New York 10018 | |
| | Tel: (212) 841-1000 | |
| 6 | Fax: (212) 841-1010 | |
| 7 | | |
| | Daniel J. McNeil, Esq. | *Attorneys for Plaintiffs* |
| 8 | dmcneil@aft.org | |
| | AMERICAN FEDERATION OF TEACHERS LEGAL | |
| 9 | DEPARTMENT | |
| | 555 New Jersey Avenue., N.W. | |
| 10 | Washington D.C. 20001 | |
| 11 | Tel: (202) 393-6305 | |
| | Fax: (202) 393-6385 | |
| 12 | | |
| | Lawrence R. Rosenzweig, Esq. | *Attorneys for Plaintiffs* |
| 13 | LRPCorp@aol.com | |
| | Brent Rosenzweig, Esq. | |
| 14 | Brent.Rosenzweig@gmail.com | |
| 15 | LAW OFFICES OF LAWRENCE ROSENZWEIG | |
| | 2730 Wilshire Boulevard, Suite 425 | |
| 16 | Santa Monica, CA 90403 | |
| | Tel: (310) 453-0348 | |
| 17 | Fax: (310) 453-3358 | |
| 18 | | |
| | Brandi B. Cole, Esq. | *Attorneys for:* |
| 19 | coleb@phelps.com | *East Baton Rouge Parish School Board,* |
| | PHELPS DUNBAR LLP | *Charlotte D. Placide,* |
| 20 | II City Plaza | *Elizabeth Duran Swinford,* |
| | 400 Convention Street, Suite 1100 | *Millie Williams* |
| 21 | P.O. Box 4412 | |
| 22 | Baton Rouge, LA 70821-4412 | |
| | Tel: (225) 376-0246 | |
| 23 | Fax: (225) 381-9197 | |
| 24 | | |
| | Robert B. Silverman | *Attorneys for Defendants Robert B.* |
| 25 | silveratty@gmail.com | *Silverman, and Silverman and Associates* |
| | SILVERMAN & ASSOCIATES | |
| 26 | 25 S. Oak Knoll Ave., Apt 504 | |
| | Pasadena, CA 91101 | |
| 27 | | |
| 28 | | |

3