**SILVERMAN & ASSOCIATES**
**ROBERT B. SILVERMAN SBN 170517**
**25 S. OAK KNOLL AVE., SUITE 504**
**PASADENA, CA 92683**
**TEL: 714-936-7499**
**FAX: 626-298-6630**
**EMAIL: SILVERATTY@GMAIL.COM**

**BRIAN OXMAN SBN 72172**
**LAW OFFICES OF BRIAN OXMAN**
**14126 E. ROSECRANS**
**SANTA FE SPRINGS, CA**
**TEL: (562) 921-5058**
**EMAIL: OXMAN2008@AOL.COM**

**ATTORNEYS FOR DEFENDANTS:**
    **ROBERT B. SILVERMAN: SILVERMAN & ASSOCIATES**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAIRI NUNAG TANEDO, etc., et al., | Case: SA CV10-01172-JAK(MLGx) |
| Plaintiffs, | **OPPOSITION TO MOTION FOR CLASS CERTIFICATION BY DEFENDANTS' ROBERT B. SILVERMAN AND SILVERMAN & ASSOCIATES; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF ROBERT B. SILVERMAN** |
| vs. | |
| EAST BATON ROUGE PARISH SCHOOL BOARD, etc., et al., | |
| Defendants. | |
| | *[Filed Concurrent with Notice of Joinder with other Defendants Opposition to Class Certification]* |
| | HEARING DATE: SEPT. 2, 2011 TIME: 9:00AM COURTROOM: 750 |
| | HON. JOHN A. KRONSTADT |

# TABLE OF CONTENTS

I.   INTRODUCTION ........................................................................ 1

    A. Statement of the Case ......................................................... 2

        1. Plaintiffs' Complaint ...................................................... 2

        2. Plaintiffs' claims against Mr. Silverman ...................... 3

    B. Mr. Silverman did not represent Plaintiffs ............................ 5

        1. The School Board was Mr. Silverman's only client .... 5

        2. The G-28 Form did not create an Attorney-Client

           relationship .................................................................. 7

        3. The Petition did not create an Attorney-Client

           relationship .................................................................. 8

        4. No other evidence to Support Attorney Client

           relationship .................................................................. 9

    C. Mr. Silverman's Anti-Slapp Motion ....................................... 10

    D. Basis for Opposition to Motion to Certify Class .................... 11

II.  PLAINTIFFS FAIL TO SATISFY RULE 23 BECAUSE THEY

    LACK STANDING, A COMMUNITY OF INTEREST, AND

    COMMON FACTS RELATING TO MR. SILVERMAN WHO

    WAS NEVER THEIR ATTORNEY ......................................... 11

    A. Plaintiffs Cannot Meet Their Burden for Class Certification .. 11

        1. Plaintiffs present no evidence regarding Mr. Silverman . 11

        2. Plaintiffs cannot sue Mr. Silverman on a conspiracy

           claim ............................................................................ 13

    B. The Court Should Deny Certification of Any Class Against

    Mr. Silverman Because Plaintiffs Lack Standing to Sue Mr.

    Silverman ............................................................................... 14

      1. Plaintiffs had no relationship to Mr. Silverman ............. 14

      2. Plaintiffs have no Article III claim against Mr.

         Silverman .................................................................... 15

      3. Plaintiffs make no showing of standing .......................... 16

      4. Plaintiffs show no injury-in-fact, traceability, or

         redressibility .................................................................. 17

         a. Plaintiffs make no showing of injury-in-fact ....... 17

         b. Plaintiffs show no traceability .............................. 19

         c. Plaintiffs show no redressibility ........................... 20

C. Plaintiffs' Claims Against Mr. Silverman Are Not Typical and

   Plaintiffs Are Not Adequate Class Representatives ................... 21

D. None of the Plaintiffs are Adequate Class Representatives ....... 22

E. A Rule 23(b)(2) Class Is not Appropriate As Against Mr.

   Silverman .................................................................................. 24

III.    CONCLUSION ................................................................................. 25

# TABLE OF CASES

Aiden v. Hindin, 110 Cal. App. 4th 1502 (2003) .................................... 13

Alfas v. Pyramid Tech. Corp., 745 F. Supp. 1511 (N.D. Cal. 1990) ..... 18

Boyle v. Madigan, 492 F.2d 1180 (9th Cir. 1974) .................................... 11

Chavez v. Mendoza, 94 Cal. App. 4th 1983 (2001) ................................. 21

Cole v. General Motors Corp., 484 F.3d 717 (5th Cir. 2007) ................. 12

College Hosp., Inc. v. Superior Court, 8 Cal. 4th 704 (1994) ................. 13

Coopers & Lybrand v. Livesay, 437 U.S. 463 (1978) ............................. 12

Crow v. Henry, 43 F.3d 198 (5th Cir. 1995) ............................................ 18

Deitz v. Comcast Corp., No. C 06-06352, 2007 WL 2015440

    (N.D. Cal. Jul. 11, 2007) ................................................................. 25

Dukes v. Wal-Mart, Inc., 503 F.3d 1168 (9th Cir. 2007) ....................... 24

Easter v. American West Fin., 381 F.3d 948 (9th Cir. 2004) ................. 15

Eastern RR Presidents Conf. v. Noerr Motor Freight, Inc.,

    365 U.S. 127 (1961) ........................................................................ 10

Efos v. Nationwide Corp., 98 F.R.D. 703 (S.D. Oh. 1983) ................... 24

Epstein v. MCA, Inc., 179 F.3d 641 (9th Cir. 1999) .............................. 16

Evans v. Pillsbury, Madison & Sutro, 65 Cal. App. 4th 599 (1998) .... 10, 13, 14

Floyd v. Bowen, 833 F.2d 529 (5th Cir. 1987) ........................................ 11

General Tel. Co. Of the Southwest v. Falcon, 457 U.S. 156 (1982) ... 12, 20, 21

Ghaly v. I.N.S., 48 F.3d1426 (7th Cir. 1995) .......................................... 6, 10

Hanlon v. Chrysler Corp., 150 F3d 1011 (9th Cir. 1998) ...................... 22

Hanon v. Dataproducts corp., 976 F.2d 497 (9th Cir. 1992) ................. 12, 23

Hansberry v. Lee, 311 U.S. 32 (1940) ..................................................... 22

Henry v. Circus Circus Casinos, Inc., 223 F.R.D. 541 (D.Nev. 2004) .. 16

Hoffman v. Halden, 268 F.2d 280 (9th Cir. 1959), overruled on other

    grounds, Cohen v. Norris, 300 F.2d 24 (9th Cir. 1962) ................ 18

Hohider v. United Parcel Service, Inc., 574 f.3d 269 (3d Cir. 2009) .... 12

Howard v. Superior Court, 2 Cal. App. 4th 745 (1992) .......................... 14

Hung v. Wang, 8 Cal. App. 4th 908 (1992) ............................................. 13

Hyderi v. Washington Mut. Bank, FA, 235 F.R.D. 390 (N.D. Ill 2006) 25

In re American Med. Sys., Inc., 75 F.3d 1069 (6th Cir. 1996) ............... 19

In re Hydrogen Peroxide Antitrust Litg., 522 F.3d 305 (3d Cir.

    2008) ...................................................................................... 13

In re Stac Elec. Sec. Litig., 89 F.3d 1399 (9th Cir. 1996) ....................... 18

Jordan v. Paul Financial, LLC, No. C 07-04496, 2009 WL 192888

    (N.D. Cal. Jan. 27, 2009) ................................................................. 17

Kelley v. Mid-America Racing Stables, Inc., 139 F.R.D. 405

    (W.D. Ok. 1990) .............................................................................. 24

Koo v. Rubio's Restaurants, Inc., 109 Cal. App. 4th 719 (2009) ............ 17

Lee v. State of Oregon, 107 F.3d 1382 (9th Cir. 1997) ........................... 14

Lerwill v. Inflight Motion Pictures, Inc., 582 F.2d 507 (9th Cir. 1978) . 22

Levine v. Berg, 79 F.R.D. 95 (S.D.N.Y. 1978) ....................................... 24

Lubin v. Sybedon Corp., 688 F.Supp. 1425 (S.D Cal. 1988) ................. 23

Lujan v. Defenders of Wildlife, 504 U.S. 555 (1992) ............................ 17

Matter of C–, 9 I&N Dec. 547, 1962 WL 12852 (BIA 1962) .............. 6, 7, 10

Matter of Sano, 19 I&N Dec. 299, 1985 WL 56053 (BIA 1985) ........... 6, 10

Matter of Zaidan, 19 I&N 297, 1985 WL 56050 (BIA 1985) ................ 6, 10

Mantolete v. Bolger, 767 F.2d 1416 (9th Cir. 1985) ............................... 23

Miller v. Mackey Int'l, Inc., 452 F.2d 424 (5th Cir. 1971) ..................... 11

Miller v. Metzinger, 91 Cal. App. 3d 31 (1979) ..................................... 17

Montgomery v. City of Ardmore, 365 F.3d 926 (10th Cir. 2004) ........ 14, 18

Morgan v. County of Yolo, 277 Fed. Appx. 734, No. 06-16487,

    2008 WL 2019579 (9th Cir. May 8, 2008) ..................................... 15

Nichols v. Keller, 15 Cal. App. 4th 1672 (1993) .................................... 16, 17

iv

Oscar Private Equity Investments v. Allegiance Telecom, Inc.,
   487 F.3d 261 (5th Cir. 2007) ....................................................... 15, 20

O'shea v. Littleton, 414 U.S. 488 (1974) ............................................... 15

Pollock v. University of Southern California,
   112 Cal. App. 4th 1416 (2003) ..................................................... 20

Poulos v. Caesars World, Inc., 379 F.3d 654 (9th Cir. 2004) ................. 12

Rolex Employees Retirement Trust v. Mentor Graphics Corp.,
   136 F.R.D. 658 (D. Ore. 1991) ...................................................... 24

Rubin v. Green, 4 Cal. 4th 1187 (1993) ............................................... 21

Rusheen v. Cohen, 37 Cal. 4th 1048 (2006) ....................................... 21

Scieden v. Nicholson, 69 F.R.D. 681 (N.D. Ill. 1976) ........................... 24

Scosche Indus, Inc. v. Visor Gear, Inc., 121 F.3d 675 (9th Cir. 1997) ... 6

Stevens v. Natchitoches Parish School Bd. 96 So.2d 396 (La. App.
   1957) ............................................................................................ 3

United Mine Workers v. Pennington, 381U.S. 657 (1965) .................... 10

Valentino v. Carter-Wallace, Inc., 97 F.3d 1227 (9th Cir. 1996) ........... 22

Wagner v. Taylor, 836 F.2d 578 (D.C. Cir. 1987) ................................. 19

Weiner v. Bank of King of Prussia, 358 F.Supp 684 (D.C. Pa. 1973) .. 15

Weisman v. Darneille, 78 F.R.D. 669 (S.D.N.Y. 1978) ........................ 23

Welling v. Alexy, 155 F.R.D. 654 (N.D. Cal. 1994) ............................. 23

Wright v. Schock, 742 F.2d 541(9th Cir. 1984) ....................................... 11

Zinser v. Accufix Research Inst., Inc., 253 F.3d 1180 (9th Cir. 2001) ... 12, 24

# TABLE OF STATUTES

8 U.S.C. section 1101 ................................................................... 7

15 U.S. C section 1962 ................................................................. 2

18 U.S.C. section 1595 ................................................................. 2

Federal Rules of Civl Procedure, Rule 12 ............................... 5, 11

Federal Rules of Civil Procedure, Rule 23 ............ 1, 11, 12, 15, 22, 23, 24, 25

Federal Rules of Civil Procedure, Rule 56 ............................... 11

8 C.F.R. section 103.2 ........................................ 6, 7, 9, 10, 16, 17

California Business & Profession Code section 17200 ................... 2, 13

California Civil Code section 47(b) .................................... 2, 10, 20

California Civil Code section 425.16 .................................... 10

California Civil Code section 1714.10 .............................. 2, 10, 13

California Civil Code section 1812.508 ............................... 2, 13

California Code of Civil Procedure section 446 ..................... 4

# TABLE OF SECONDARY AUTHORITIES

7 C. Wright, A. Miller & M. Kane, Federal Practice & Procedure

    (1986) ................................................................... 11

# I.

# __INTRODUCTION__

Defendant, Mr. Robert Silverman doing business as Silverman & Associates (referred collectively herein after as "Mr. Silverman"), submits this Memorandum in Opposition to Plaintiffs' Motion for Class Certification.  Mr. Silverman's Opposition is based on the following:

(1) Mr. Silverman and Silverman & Associates are concurrently filing a Notice of Joinder wherein they Join in the Oppositions filed by the other Defendants, which Oppositions will focus on the First and Second Causes of Action in the Second Amended Complaint.

(2)  Plaintiffs fail to satisfy Rule 23 part (a) and (b) because they lack standing, a community of interest, and common facts relating to Mr. Silverman who was never their attorney and did not have an attorney client relationship.

(a)  Pursuant to the CFR and current case law, Mr. Silverman could NOT legally appear on behalf in the Immigration process on behalf of the Plaintiffs.  Therefore, Mr. Silverman was NOT the attorney for any of the plaintiffs or their class members.

(b) Mr. Silverman did not have, nor has any of the Plaintiffs offered evidence of, an attorney client relationship independent of the filing of the Immigration Petition.  At no time did any Plaintiff have any direct contact with Mr. Silverman, share any confidences with Mr. Silverman, or develop any type of relationship which would create an attorney client relationship.  As such, each and every individual would be required to prove and state all of the facts that they rely on to prove the existence of the attorney client relationship.  Class litigation offers no distinct advantage.

(c)  Plaintiffs are not adequate class representatives because they were not Mr. Silverman's clients, and their claims against Mr. Silverman are not typical.

(d)  Even if the Court found that there is an attorney client

relationship, Mr. Silverman's acts were privileged under the First Amendment and Civil Code section 47(b). Defendants failed to obtain a pre-filing Order under Civil Code section 1714.10(a), permitting conspiracy allegations against an attorney, and the Statute of Limitations defense is applicable and would require individual inquiry into each and every individual, thereby showing that Class litigation offers no advantage.

### A. Statement of the Case.

#### 1. Plaintiffs Complaint.

Plaintiffs, Mairi Nugag-Tanedo, Ingrid Cruz, Donnabell Escuada, Rolando Pascual, and Tomasa Mari fled this action on August 5, 2010, alleging violations of Victims of Trafficking and Violence Prevention Act of 2000 ("TVPA"), 18 U.S.C. § 1595, the Racketeering Influence and Corrupt Organizations Act ("RICO"), 15 U.S.C. § 1962(c) & (d); Employment Agency laws under California Civil Code § 1812.508; California Unfair Business Practices under Business & Professions Code § 17200; Fraud; Negligent Misrepresentation; Declaratory Relief; Breach of Fiduciary Duty; Legal Malpractice; and Negligent Hiring against various defendants. Plaintiffs sought declaratory and injunctive relief.

The allegations in the Second Amended Complaint ("SAC") against Mr. Silverman are contained in the First ("TVPA"), Second ("RICO"), Tenth ("Legal Malpractice") and Eleventh ("Breach of Fiduciary Duty") Causes of Actions. All of the other Causes of Actions are not plead against Mr. Silverman. Mr. Silverman will be Joining in the Opposition submitted to the First and Second Causes of Action with the other Defendants and this Opposition will mainly focus on the Tenth and Eleventh Causes of Actions which relate solely to Mr. Silverman.

Plaintiffs allege that they are part of a class of Filipino nationals who were induced to work in the United States as part of a human trafficking conspiracy by East Baton Rouge Parish School Board ("EBR") in Louisiana, which is an agency of the State of Louisiana. [Stephens v. Natchitoches Parish School Bd., 96 So. 2d

396, 398 (La. App. 1957)(school board is state agency)]  EBRPSB has been found by Judge Guilford to be incapable of committing a violation of TVPA and the SAC has dropped them from the First Cause of Action.

Plaintiffs allege EBR hired a recruiter, defendant Universal, to go to the Philippines, where its President, Lourdes Navarro and PARS a Philippine recruiter arranged loans for prospective teachers who used the loans to pay recruiting fees, which were required in order to travel to the United States on the H-1B Visa sponsored by EBR and work as a teacher for the School District.  Plaintiffs allege that they were fraudulently duped into the payment of recruitment fees.  Plaintiffs allege that they were not initially told by PARS about the recruitment fee to Universal and were only told about the Universal fee after they had already paid a fee to PARS.  As such the Plaintiffs alleged that if they backed out, they would have lost their payment to PARS and would not have a job to pay off any loans taken.  Plaintiffs further claim their complaints about working conditions, living conditions and Universal were met with threats of termination and deportation. The workers therefore remained silent, continued to work for the School District teaching Louisiana's children, and made their loan repayments.

## 2. **Plaintiffs' claims against Mr. Silverman**.

Plaintiffs claimed the "forced labor" scheme of teaching Louisiana's young children resulted in the state agency hiring attorney Robert Silverman, a Los Angeles immigration lawyer, to make "conspiratorial" and false petitions to the United States Department of Homeland Security to obtain H-1B visas on behalf of the School District for the specialty skilled Filipino workers.  (SAC ¶ 183) Plaintiffs allege Mr. Silverman was "fully aware" of the forced labor scheme concocted by the State and its agency.  (SAC, p. 69; ¶¶ 178, 181, 183, lines 27-28). However, throughout all of the discovery proceedings and in Plaintiffs declarations in support of their motion for Class Certification, plaintiffs have no evidence to support such facts, and the undeniable fact is no such evidence exits.  There is no

testimony or documents which show Mr. Silverman had any knowledge of or participation in the so call "forced labor" scheme.

Plaintiffs claimed Mr. Silverman engaged in seven (7) overt conspiracy acts with the State and its agency. (SAC ¶¶ 173-183). They claimed:

(1) Mr. Silverman knew that EBR forced plaintiffs to pay certain fees while it refused to make the payments through the School Board;   (SAC, p. 69, ¶ 181, lines 21-25;);

(2) Mr. Silverman conspired with the EBR, Universal and its president Navarro to "isolate" plaintiffs from other Filipinos, threaten them with lawsuits and deportation, and manipulate the State's applications through the visa renewal process (SAC p. 59, ¶¶ 181-83; line 24, to p. 60, line 9);

(3) Mr. Silverman helped the State of Louisiana's agency, the School Board, to obtain from the Filipino teachers various costs which the School Board, and not the teacher, was supposed to pay (SAC, p. 69, ¶ 183, lines 21-25);

(4) Mr. Silverman conspired with the School Board to file with the US Government fraudulent documents which the School Board signed whereby the School Board falsely certified the State of Louisiana was in compliance with the H-1B visa process, (SAC, p. 71; ¶ 183 (d), (e), (g), (h); lines 2-6);

(5) Mr. Silverman applied for a one-year visa which was signed and authorized by the State and its agency, the School Board, rather than a three-year Visa, which while available, the School Board did not want, so that the State of Louisiana would have greater control over the forced labor of the plaintiffs (SAC, p. 71, ¶ 183(f) , lines 7-18);

(6) Mr. Silverman "drafted" a fraudulent statement signed by the State of Louisiana's agency, the School Board, to terminate the Visa of a teacher who refused to repay fees (SAC, p. 71, ¶183(i), lines 28, to p. 72, line 3); and

(7) Mr. Silverman "verified" (testified) under California Code of Civil Procedure ("CCP") § 446 as an attorney for an out of county client a baseless

lawsuit filed by a different attorney where Universal was the plaintiff against one of the current plaintiffs, Ingrid Cruz, designed to retaliate against the teacher who complained about Universal.  (SAC, p. 72, ¶¶ 171, 183(j), (k); lines 5-15).

Plaintiff claims these acts are overt acts in a conspiracy where Louisiana engaged in human trafficking. [EBR's Rule 12(b)(6) Motion to Dismiss was granted on this claim and EBR has been dropped from the First Cause of Action but remain a Defendant in the Second Cause of Action for RICO]  However, while there can be no liability for the violation of TVPA in the First Cause of Action, Plaintiffs have alleged that these were "predicate" criminal acts for the purposes of a RICO violation against Mr. Silverman, EBR and others.  Finally, plaintiffs claim these activities constituted a breach of Fiduciary Duty and Legal Malpractice because Mr. Silverman made an appearance as an attorney, pursuant to a G-28 (this is a Government Form for purposes of stating an official appearance) on behalf of the plaintiffs.  As noted herein, the plaintiffs hold the role of a beneficiary and have no standing in the Immigration process and therefore, no appearance could legally be made on their behalf.

## B. Mr. Silverman did not represent Plaintiffs.

### 1. The School Board was Mr. Silverman's only client.

Plaintiffs SAC is predicated on Plaintiffs' claim that Mr. Silverman represented the entire class of 350 workers who were part of the forced labor scheme as their attorney because he filed the H-1B Visa application which plaintiffs claim made them his client and Mr. Silverman their attorney. (SAC, p. 70, lines 2-9; p. 71, lines 20-24).  Plaintiffs through their Complaint, FAC, SAC and Declarations submitted in support of this Class Certification and their Declarations offer NO EVIDENCE of any attorney client relationship other than the filing of the G-28 as part of the Immigration Process.  The entire claim of attorney client relationship is solely based on the G-28.  No other facts have been presented and none will be presented to establish this relationship.

However, Mr. Silverman was not the attorney for any of the plaintiffs, and he had no attorney client relationship with any plaintiff or class member.  Mr. Silverman filed visa petitions for the School board, not plaintiffs. [8 *CFR* § 103.2 (A beneficiary of a petition is not a recognized party in such a proceeding); Matter of Sano, 19 I&N Dec. 299, 1985 WL 56053 *302 (BIA 1985)(only petitioner, not the beneficiary, is party to application with standing to appeal); Matter of Zaidan, 19 I&N 297, 1985 WL 56050 * 298 (BIA 1985)(only petitioner has standing to appeal, not beneficiary who is not a party)]

Mr. Silverman's client, in the Immigration Process was the School Board, who was the "Petitioner."  As a matter of law, Mr. Silverman was never the attorney for the "Beneficiary" foreign worker who was not a party to the proceeding.  The only Visa application he filed was on behalf of the School Board, where the foreign worker teacher was never a party to the proceeding.  [8 *CFR.* § 103.2; Matter of C-, 9 I&N Dec 547, 1962 WL 12852 (BIA 1962).

Plaintiffs' allegation is based on the hearsay declaration of Attorney James Knoepp, filed on February 13, 2011, in response to Motions to Dismiss.  He attached to his declaration a G-28 Form which he says Mr. Silverman filed in each Visa proceeding.  (Knoepp Dec. 2-14-11, p. 3 ¶ 11, Exhibit "J" Docket 70-1). [Scosche Industries, Inc. v. Visor Gear, Inc., 121 F.3d 675, 681 (9th Cir. 1997)(hearsay evidence in an affidavit is entitled to no weight.)]  However, Mr. Silverman's filing a G-28 Form did not constituted an appearance or representation of plaintiff "beneficiaries." [ 8 *CFR* § 103.2 ("beneficiary" employee is not a party to Visa petition proceeding); Ghaly v. I.N.S., 48 F.3d 1426, 1434 & n. 6 (7th Cir. 1995)("beneficiary" not a party to Visa application proceeding)]

The filing of the G-28 did not make the Plaintiffs Mr. Silverman's clients.  As a matter of law, Plaintiffs were never Mr. Silverman's clients simply because Mr. Silverman filed an Immigration Petition on behalf of EBR which contained a G-28 with the Beneficiary's name but no signature by the Beneficiary.  The

Plaintiffs offer NO evidence to support the finding of an attorney client relationship other than the alleged filing of a G-28.  As such, Mr. Silverman did not have an attorney client relationship with any of these named Plaintiffs and therefore, they are not proper class representatives.

### 2.  The G-28 Form did not create an Attorney Client relationship[1]

Plaintiffs claim that Mr. Silverman by executing the G-28 Form Notice of Entry of Appearance as Attorney or Representative became an attorney for the "beneficiary" foreign worker in each petition.  (SAC, p. 70, line 2-9).  However, the claim is directly contrary to the law, the statement contained in the Forms which Mr. Silverman signed, and common sense.  By filing an appearance for the Petitioner, the School Board, Mr. Silverman in no manner became the attorney for the "beneficiary" of the Petition, and 8 *CFR* § 103.2 which is mentioned on the face of Form G-28, specifically provides "A beneficiary of a petition is not a recognized party in such a proceeding."

8 C.F.R. § 103.2(a)(3) provides:

"Representation. An applicant or petitioner may be represented by an attorney in the United States, as defined in § 1.1(f) of this chapter, by an attorney outside the United States as defined in § 292.1(a)(6) of this chapter, or by an accredited representative as defined in § 292.1(a)(4) of this chapter. **A beneficiary of a petition is not a recognized party in such a proceeding**. ... **Where a notice of representation is submitted that is not properly signed, the application or petition will be processed as if the notice had not been submitted**."  (Emphasis added).

In Matter of C-, 9 I&N Dec 547, 1962 WL 12852 (BIA 1962), an employer "Petitioner" filed an application to have the "Beneficiary" be classified a non-quota immigrant under 8 *USC* 1101(a)(27)(A).  The Board served a Notice of Revocation

---

[1]  In ruling on Mr. Silverman's Rule 12(b)(6) motion, the Court opined the G-28 Form could be evidence of an attorney-client relationship.  (5-12-11 Order, Docket 117).  However, the facts demonstrate to the contrary, and Plaintiffs cannot prove such a relationship through the G-28 Form.  The Court's Rule 12(b)(6) ruling is not binding and is contrary to the law and facts.

1
2
3
4
5
6
7
8

on the petitioner and the attorney of record.  The Attorney executed a Notice of
Appeal for the Petitioner.  The attorney then appeared before the Board in oral
argument and stated "that he once represented the petitioner; that he has been
unable to locate her in connection with the revocation of the Petition; and that he
intends to continue to represent the beneficiary." [Id. * 547]  The Board held that
only the Petitioner was a party to the proceeding, not the Beneficiary, and only the
Petitioner could maintain the appeal.  The Board held the appeal was not properly
before it and dismissed. [Id.]

9
10
11
12
13
14

Mr. Silverman was not and could not be the attorney for the "beneficiary,"
merely by filing a Petition for the School Board, as the "beneficiary" is NOT a
party.  Only the School Board "Petitioner" signed the application and the G-28.
NO where in the Immigration Process did the "beneficiary" sign the G-28, the
Petition or any document between Mr. Silverman and themselves wherein Mr.
Silverman created an attorney client relationship.

15
16
17
18
19
20
21
22
23

Plaintiffs' claim that Mr. Silverman represented Plaintiffs is both untrue,
nonsensical, and fails as a matter of law.  There is not one scrap of evidence in
either plaintiffs' affidavits, the SAC or their Deposition testimony in support of
their Motion that Mr. Silverman ever undertook the representation of the
"beneficiary," independent and outside of the scope of the filing of the
Immigration Petition.  As the "beneficiary" plaintiffs were not parties to the
proceeding, as a matter of law, Mr. Silverman made no appearance on their behalf,
was not their attorney in the process and have no viable claim against Mr.
Silverman for legal malpractice or breach of a fiduciary duty.

24

### 3. The Petition did not create an Attorney Client Relationship

25
26
27
28

On Form I-129, Petition for a Nonimmigrant Worker, Mr. Silverman
declared under penalty of perjury he was only the attorney for Petitioner EBR.  He
signed the form statement which said: "I declare that I prepared the petition at the
request of the above person and it is based on all information of which I have any

knowledge." The person who signed the document was Charlotte Placide who represented the "School Board." NONE of the Plaintiffs signed the I-129 Petition.

On Form I-907 Request for Premium Processing Service, Mr. Silverman stated: "I declare that I prepared this application at the request of the above person and it is based on all information of which I have knowledge." The only above person on the document was "Charlotte Placide" who represented the School Board. It defies explanation of how or why Plaintiffs would claim any of these documents constitute an appearance for a "beneficiary" when the unambiguous language of the law and the forms themselves state otherwise.

8 C.F.R. section 103.2(a)(3) requires all parties to the proceeding to sign the G-28 Representation Form acknowledging the attorney's representation. NOT ONE Plaintiff ever signed a G-28 or any other form submitted to USCIS as part of the Immigration Process. However, the signature of the School Board's representative Charlotte Placide appears on each form as the "Petitioner," and the G-28 Form authorizes by that signature Mr. Silverman to obtain "any record pertaining to me," signed Charlotte Placide for the School Board.

8 C.F.R. section 103.2(b)(6) permits the "applicant" to withdraw a Petition. The applicant is the Petitioner, School Board. A beneficiary may not and has no rights to withdraw the Petition because the beneficiary is not a "party" to the proceeding. To suggest Mr. Silverman represented the "beneficiary" is contrary to the plain language of the governing regulations for such petitions. Nothing in any of the Forms that create a Petition have the Plaintiffs signature.

### 4.    No other Evidence to Support Attorney Client relationship

The Complaint, FAC and SAC all acknowledge Plaintiffs did not interact or have any contact with Mr. Silverman. (SAC ¶ 184). Each of the Plaintiffs submitted a Declaration in support of the Class Certification. Nowhere do any Plaintiff state that they had any contact with Mr. Silverman. In fact, the Declarations do not even mention Mr. Silverman. Finally, Plaintiffs has had their

Depositions taken and nowhere in any of the hours of Deposition testimony do any of them provide any facts to support the finding of an attorney client relationship.

Plaintiffs' claim of an attorney client relationship rests solely on the G-28 for which as a matter of law, such claim fails. 8 *CFR* § 103.2 (A beneficiary of a petition is not a recognized party in such a proceeding); <u>Matter of Sano</u>, 19 I&N Dec. 299, 1985 WL 56053 *302 (BIA 1985)(only petitioner, not the beneficiary, is party to application with standing to appeal); <u>Matter of Zaidan</u>, 19 I&N 297, 1985 WL 56050 * 298 (BIA 1985)(only petitioner has standing to appeal, not beneficiary who is not a party); <u>Matter of C-</u>, 9 I&N Dec 547, 1962 WL 12852 (BIA 1962); <u>Ghaly v. I.N.S.</u>, 48 F.3d 1426, 1434 & n. 6 (7th Cir. 1995) ("beneficiary" not a party to Visa application proceeding)]

### C. <u>Mr. Silverman's Anti-Slapp Motion.</u>

Mr. Silverman concurrent with this Opposition will be filing a Special Motion to Strike under Cal. *Civil Code* § 425.16, referred to as the anti-SLAPP statute, where he points out that Plaintiffs claims against him, including legal malpractice, breach of fiduciary duties, and participation in a conspiracy are barred by the absolute immunity of *Civil Code* § 47(b) and the <u>Noerr-Pennington</u> Doctrine in <u>Eastern RR. Presidents Conf. v. Noerr Motor Freight, Inc.</u>, 365 U.S. 127, 144 (1961) and <u>United Mine Workers v. Pennington</u>, 381 U.S. 657, 671 (1965).

Mr. Silverman's Anti-SLAPP will also assert that he had no attorney client relationship with plaintiffs, and his only client in the Immigration Process was the School Board. The Anti-SLAPP will address other issues which defeat Plaintiffs' claims, such as Plaintiffs failure to obtain a mandatory pre-filing Court Order under *Civil Code* § 1714.10(a), permitting a conspiracy claim against an attorney. [<u>Evans v. Pillsbury, Madison & Sutro</u>, 65 Cal. App. 4th 599, 607 (1998) (conspiracy allegation filed without prior court order must be stricken without leave to amend)]. The determination of the Anti-SLAPP Motion should take precedence over the determination of Class Certification.

### D. Basis for Opposition to Motion to Certify Class

Mr. Silverman was not the attorney for any of the plaintiffs or their class members, and he did not file a notice of appearance for them or have any contact, confidences, or relationship with any plaintiff. Plaintiffs fail to satisfy Rule 23 because they lack standing, a community of interest, and common facts relating to Mr. Silverman who was never their attorney. Plaintiffs are not adequate class representatives because they were not Mr. Silverman's clients, and their claims would not be typical, as each individual Plaintiff would be required to establish an attorney client relationship irrespective of the filing of a G-28 (not signed by Plaintiff) and Immigration Petition (not signed by Plaintiff). This would require testimony from each and every individual alleged to be part of a class. [2]

## II.

## PLAINTIFFS FAIL TO SATISFY RULE 23 BECAUSE THEY LACK STANDING, A COMMUNITY OF INTEREST, AND COMMON FACTS RELATING TO MR. SLIVERMAN WHO WAS NEVER THEIR ATTORNEY

### A. Plaintiffs Cannot Meet Their Burden For Class Certification.

#### 1. Plaintiffs present no evidence regarding Mr. Silverman

The party seeking certification "bears the burden of showing that each of the

---

[2]   The Court should rule on Mr. Silverman's dispositive Motion to Strike prior to determining Plaintiffs' request for class certification. The Ninth Circuit held in dismissing claims for declaratory and injunctive relief in a putative class action, "this is the proper course to follow where the named plaintiffs have failed to state a claim in themselves for the relief they seek." [Boyle v. Madigan, 492 F.2d 1180, 1182 (9th Cir. 1974); Wright v. Schock, 742 F.2d 541, 545 - 546 (9th Cir. 1984) ("Neither Fed.R.Civ.P. 23 nor due process necessarily requires that the district court rule on class certification before granting or denying" a dispositive motion); Floyd v. Bowen, 833 F.2d 529, 534 (5th Cir.1987) citing, Miller v. Mackey International, Inc., 452 F.2d 424, 427 (5th Cir.1971) ("'The court always is empowered to make a determination on the merits irrespective of the denomination of the suit as a class action ... the propriety of that inquiry is limited only by concerns of whether the class determination should be postponed until after the merits determination.' C. Wright, A. Miller, and M. Cane, 7 Federal Practice & Procedure, 1785 at 128 (footnote omitted) (1986). Indeed ... the class action litigation may be halted by a Rule 12 motion to dismiss or by a Rule 56 motion for summary judgment.")

four requirements of Rule 23(a) and at least one requirement of Rule 23(b) have been met." [Zinser v. Accufix Research Inst., Inc., 253 F.3d 1180, 1186 (9th Cir. 2001)].  The Court should conduct a "rigorous analysis" to determine if plaintiff have met their Rule 23 burden. [General Tel. Co. of the Southwest v. Falcon, 457 U.S. 147, 161 (1982)] The Court "must understand the claims, defenses, relevant facts, and applicable substantive law in order to make a meaningful determination of the certification issues," [Cole v. Gen. Motors Corp., 484 F.3d 717, 724 (5th Cir. 2007)], and is "at liberty to consider evidence which goes to the requirements of Rule 23 even though the evidence may also relate to the underlying merits of the case." [Hanon v. Dataproducts Corp., 976 F.2d 497, 509 (9th Cir. 1992)]

To determine whether plaintiffs have satisfied their burden, this Court must examine the record evidence, and not be guided by the unsubstantiated allegations in the complaint or plaintiffs' motion for class certification. [Coopers & Lybrand v. Livesay, 437 U.S. 463, 469 (1978)(class certification may require courts to answer questions "enmeshed in the factual and legal issues comprising the plaintiff's cause of action")]  Only by looking to the record evidence, and the elements of the claims and defenses asserted, can the Court determine whether proof of plaintiffs' claims would also prove the class claims. [Poulos v. Caesars World, Inc., 379 F.3d 654 (9th Cir. 2004) (Court analyzed elements of claims and defenses, related evidence, and evidentiary record to affirm denial of class certification)]

While this Opposition is mainly focused on the Tenth and Eleventh Causes of Actions, it should not go unnoticed that Plaintiffs have presented not one scrap of evidence, as to ANY CAUSE of action, regarding Mr. Silverman.  To date, the Plaintiffs have submitted a Complaint, FAC, SAC and Declarations.  The Plaintiffs have also provided Deposition testimony.  NOTHING presented by Plaintiffs substantiates any claim as to Mr. Silverman or more importantly justification of class certification as against Mr. Silverman. [Hohider v. United Parcel Service, Inc., 574 F.3d 269, 175 (3d Cir. 2009)(court may make preliminary inquiry into

merits and consider substantive elements of plaintiffs' case in order to resolve factual and legal disputes relevant to class certification).

Plaintiffs' failure to meet their burden for class certification is overwhelming because their affidavits never mention Mr. Silverman. [In re Hydrogen Peroxide Antitrust Litg., 552 F.3d 305, 321 n. 13 (3d Cir. 2008)(must make showing by preponderance of evidence and mere "threshold showing" insufficient)] Plaintiffs have no standing to sue Mr. Silverman, and class certification is improper.

## 2. **Plaintiffs cannot sue Mr. Silverman on a conspiracy claim.**

Plaintiffs fail to me their burden of proof as to standing regarding Mr. Silverman's violation of Legal Malpractice, Breach of Fiduciary Duties, California's Employment Agency and Job Services Act, Civil Code § 1812.508, Unfair Practices Act, Business & Professions Code § 17200, and negligence under California law (Plaintiffs' Memo, p. 12, lines 25, to p. 6, line 3).  Not only is there no evidence of any attorney-client relationship which would support such claims, but also Plaintiffs failed to obtain the mandatory pre-filing order required by *Civil Code* § 1714.10(a) prior to filing such state law claims. [Evans v. Pillsbury, Madison & Sutro, 65 Cal. App. 4th 599, 607 (1998)(conspiracy allegation filed without prior court order must be stricken without leave to amend)]   The failure to obtain the pre-filing order is fatal to Plaintiffs' request for class certification.

A prior court order under *Civil Code* § 1714.10(a) is mandatory before charging an attorney with civil conspiracy with a client. [Hung v. Wang, 8 Cal. App. 4th 908, 924-25 (1992)] The requirement is designed to discourage claims that an attorney conspired with his client as a tactical ploy where no evidence of the conspiracy exists. [College Hosp., Inc. v. Superior Court, 8 Cal. 4th 704, 718 (1994)]  A plaintiff is required to make a prima facie showing before he can file any claim against an attorney for civil conspiracy, and any claim so asserted is subject to dismissal for failure to obtain a prior court order. [Aiden v. Hindin, 110 Cal. App. 4th 1502, 1507 (2003)]

Where a cause of action is combines allegations of conspiracy against an attorney with similar allegations against a party not subject to the pre-filing requirement, the entire cause of action is subject to the statute and must be dismissed in the absence of a pre-filing approval. [Evans v. Pillsbury, Madison & Sutro, 65 Cal. App. 4th 599, 605 (1998)]   Claims that an attorney aided and abetted their client in drafting false documents are subject to the pre-filing order requirement of section 1714.10(a). [Howard v. Superior Court, 2 Cal. App. 4th 745, 749 (1992)]  Had plaintiffs sought such an order, it would have failed because there is not one scrap of evidence Mr. Silverman conspired with any party to this proceeding to do anything unlawful. [Montgomery v. City of Ardmore, 365 F.3d 926, 940 (10th Cir. 2004)(to show existence of conspiracy, plaintiff must show specific facts of the existence of an agreement, its terms, and defendants concerted action in furtherance of the conspiracy)]

**B.  The Court Should Deny Certification of Any Class Against Mr. Silverman Because Plaintiffs Lack Standing to Sue Mr. Silverman.**

**1.  Plaintiffs had no relationship to Mr. Silverman.**

Not one of plaintiffs' declarations mention Mr. Silverman, and not one of the plaintiffs suggest they had an attorney-client relationship with Mr. Silverman. Mr. Silverman never met or talked with any plaintiffs, he never worked for any plaintiff or class member, he never undertook any act as an attorney for any class member, and he had no connection of any kind to plaintiffs or their class members. As discussed above, plaintiffs' reliance on the G-28 Form to suggest an attorney-client relationship is nonsensical, fails as a matter of law, and plaintiffs have failed to present one scrap of evidence to establish that Mr. Silverman was ever an attorney for any class member, or that Mr. Silverman ever knew of, participated in, or had any part of what plaintiffs have called Human Trafficking.

The threshold of standing must be established prior to class certification. [Lee v. State of Oregon, 107 F.3d 1382, 1390 (9th Cir. 1997)]  If the proposed

class representatives lack standing to assert the alleged claims in their own right, they cannot do so on behalf of a putative class. [Easter v. American West Fin., 381 F.3d 948, 962 (9th Cir. 2004) ("The district court correctly addressed the issue of standing before it addressed the issue of class certification."); Morgan v. County of Yolo, 277 Fed. Appx. 734, 735, No. 06-16487, 2008 WL 2019579, at *1 (9th Cir. May 8, 2008) (where named plaintiff did not have individual standing, he lacked "standing to represent a class")]  In other words, "a plaintiff may not use the procedural device of a class action to bootstrap himself into standing he lacks under the express terms of the substantive law." [Weiner v. Bank of King of Prussia, 358 F.Supp. 684, 705 (D.C. Pa.1973); O'Shea v. Littleton, 414 U.S. 488, 494 (1974) ("If none of the named plaintiffs purporting to represent a class establishes the requisite of a case or controversy with the defendants, none may seek relief on behalf of himself or any other member of the class.")]

Plaintiffs have no standing to sue Mr. Silverman because they had no relationship with him.  Mr. Silverman did nothing to affect, harm, advise, counsel, or interact with any plaintiff, and the only activities in which Mr. Silverman engaged was representing the School Board as an attorney doing lawful acts of filing immigration Visa petitions for his client School Board and no one else. Plaintiffs have failed to assume their burden of proof of showing standing by a preponderance of the evidence, and Plaintiffs failure to mention Mr. Silverman in their declarations or identifying any act in which he engaged is fatal to plaintiffs' motion for class certification. [Oscar Private Equity Investments v. Allegiance Telcom, Inc., 467 F.23f 261, 269 (5trh Cir. 2007(class plaintiffs must establish Rule 23's requirements by more than a preponderance of admissible evidence)]

### 2. **Plaintiffs have no Article III claim against Mr. Silverman**

To fulfill their standing requirements, Plaintiffs need to show that Mr. Silverman undertook an attorney client relationship with plaintiff, and that plaintiffs in some manner relied on Mr. Silverman, or that plaintiffs were impacted

by some overt act that Mr. Silverman took in furtherance of the conspiracy they allege. Mr. Silverman took no action to enter into an attorney-client relationship with any member of plaintiffs' class, and he had no contact or relationship that would give rise to an attorney client relationship. [Nichols v. Keller, 15Cal. App. 4th 1672, 1684 (1993)(attorney client relationship requires affirmative undertaking by parties to form attorney's duties)] Plaintiffs do not mention Mr. Silverman once in any of their Declarations.

In order "to establish Article III standing in a class action, at least one named plaintiff must have standing in his own right to assert a claim against each named defendant before he may purport to represent a class claim against that defendant." [Henry v. Circus Circus Casinos, Inc., 223 F.R.D. 541, 544 (D. Nev. 2004); Epstein v. MCA, Inc.,179 F.3d 641, 652 (9th Cir. 1999)("The class representative must possess the same interest and suffer the same injury shared by all members of the class he represents.") (internal citations and quotations omitted)] Thus, "what is required is that for every named defendant there be at least one named plaintiff who can assert a claim directly against that defendant." [Id.]

There is not one Plaintiff who can assert claims against Mr. Silverman for Human Trafficking, RICO, Breach of Fiduciary Duty, or Legal Malpractice. Mr. Silverman had no connection to any plaintiff, and did not represent them as an attorney, advisor, or in any other capacity. He did not speak to them, give them legal advice, have an attorney-client relationship with them, or do anything which caused them harm. He did not participate in a conspiracy. When he filed the G-28 Form, under the express terms of 8 *CFR* § 103.2(a)(3), as a matter of law, he did NOT make an appearance for any Plaintiff in the Immigration Process.

### 3. Plaintiffs make no showing of standing.

Plaintiffs' only claim is based upon a Hearsay Declaration wherein it is alleged that Mr. Silverman filed a G-28 and as a result of the G-28 he formed an attorney-client relationship with the Beneficiary (Knoepp Dec., p. 3 ¶ 11, Exhibit

"J" Docket 70-1).  However, 8 *CFR* § 103.2 states the Beneficiary is not a party to the proceeding, and Mr. Silverman COULD not represent or appear for the Beneficiary who is a non-party to the proceeding.

An attorney-client relationship can only be formed by an express or implied agreement between an attorney and the client. [Koo v. Rubio's Restaurants, Inc., 109 Cal. App. 4th 719, 729 (2009)]  An implied relationship arises were the conduct of the parties indicate they have formed a relationship of trust, confidence, and fiduciary duties. [Nichols v. Keller, 15Cal. App. 4th 1672, 1684 (1993).]  An implied in fact attorney-client relationship is based on the facts and circumstances of each case showing the attorney's undertaking and the client's consent. [Miller v. Metzinger, 91 Cal. App. 3d 31, 39 (1979)]

The facts are undisputed.  Not one of the Plaintiffs or their class members ever talked to Mr. Silverman or dealt with him.  There is not one scrap of evidence from Plaintiffs to establish an attorney-client relationship with Mr. Silverman, or that Mr. Silverman participated in any conspiracy.   To imply an attorney-client relationship between Mr. Silverman and 350 people he never met, never talked to, and never dealt with, is contrary to the law and facts.

### 4.  Plaintiffs show no injury-in-fact, traceability, or redressibility.

#### a.  Plaintiffs make no showing of injury-in-fact.

An examination of Plaintiffs' own pleading (Claims 1, 2, 10 and 11which relate to Mr. Silverman), there are no allegations sufficient to establish Plaintiff has met Article III standing requirements with respect to Mr. Silverman. Article III standing requires three elements: (1) injury-in-fact; (2) traceability; and (3) redressability. [Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992)] Traceability "requires that there be 'a causal connection between the injury and the conduct complained of – the injury has to be fairly traceable to the challenged action of the defendant." [Jordan v. Paul Financial, LLC, No. C 07-04496, 2009 WL 192888, at *4 (N.D. Cal. Jan. 27, 2009), citing Lujan v. Defenders of Wildlife,

504 U.S. 555, 560 (1992)]   Redressability requires the possibility the Court could enter a ruling that would redress some conduct by Mr. Silverman, who was never an attorney for any plaintiff. [Hoffman v. Halden, 268 F.2d 280, 295 (9th Cir. 1959), overruled in part on other grounds, Cohen v. Norris, 300 F.2d 24 (9th cir. 1962)(civil conspiracy is combination of two or more persons acting in concert to commit unlawful act, or lawful act by unlawful means, with showing of and agreement and an overt act that results in damages)]

Plaintiffs cannot establish the traceability requirement of Article III because there is no injury alleged in the claims in Plaintiffs' motion for class certification that is traceable to Mr. Silverman's actions.   Plaintiffs do not identify in their affidavits any act which Mr. Silverman did to facilitate, aid, or abet Human Trafficking.   The fact he filed a standard Visa Petition with immigration authorities does not establish such a conspiratorial act, nor do plaintiffs prove any special knowledge by Mr. Silverman that would give rise to knowledge or a duty to do anything different in his Visa Application.

To show the existence of a conspiracy, plaintiff must show the existence of an agreement and its terms. [Montgomery v. City of Ardmore, 365 F.3d 926, 940 (10th Cir. 2004)(requiring specific facts showing an agreement and concerted action for a conspiracy claim); Crowe v. Henry, 43 F.3d 198, 206 (5th Cir. 1995); Alfas v. Pyramid Tech. Corp., 745 F. Supp. 1511, 1521 (N.D. Cal. 1990)("In civil conspiracy actions, courts insist upon a higher level of specificity than is usually demanded of other pleadings.... [P]laintiff's allegations that defendants conspired to commit fraud are insufficient both for failure to plead conspiracy with the requisite particularity and failure to plead an agreement to participate in an unlawful act.")]   To establish a conspiracy, plaintiffs must plead and prove the time, date, manner, acts, and people involved in the conspiracy. [In re Stac Elec. Sec. Litig, 89 F.3d 1399, 1405 (9th Cir. 1996)]

Plaintiffs do not provide evidence that Mr. Silverman had knowledge of any

Human Trafficking activity. Mr. Silverman had no knowledge of any conspiracy, and plaintiffs have provided this Court with nothing indicating Mr. Silverman did anything to participate in a conspiracy.  Plaintiffs can no longer rely on the boilerplate unsubstantiated claims in the Complaint, but must show actual admissible evidence to support the claims.  Wagner v Taylor, 836 F.2d 578, 587 (D.C. Cir. 1987).  Plaintiffs' have failed to establish their standing and their claims by a preponderance of the evidence.  In re American Med. Sys., Inc., 75 F.3d 1069, 1079 (6th Cir. 1996). [2]

### b. **Plaintiffs show no traceability.**

Plaintiffs' claim:

> "The Legal Facilitator Defendants and the school districts that hired
> the teachers colluded with Recruiter Defendants to file fraudulent documents
> with the U.S. Department of Labor and the U.S. Customs and Immigration
> Service, falsely representing that the school districts would comply with
> federal regulations regarding the H-1B visa program." (Plaintiffs' Memo, p.
> 3, lines 14-18).

There is not one word of testimony to support this claim regarding Mr. Silverman.  He never hired a teacher, nor did he participate in hiring of a teacher. In fact, the Declarations submitted by the Plaintiffs all support that fact that Mr. Silverman was NOT involved in any of the pre-screening process, collection of funds, interview process or hiring of the Plaintiffs.

Mr. Silverman prepared and filed an H-1B Visa application for his client, the School Board, and there is no evidence which shows Mr. Silverman's knowledge of, participation in, or benefit from any alleged conspiracy.

Defendants argue:

> "Here, however, the school districts, at the behest of the Recruiter

---

[2]   The other defendants in this proceeding have filed Oppositions to Plaintiffs' Motion for Class Certification. Those Opposition papers include evidence of the depositions of the Plaintiffs which state they have no evidence of human trafficking or a conspiracy. Mr. Silverman joins in each of their Oppositions to Plaintiffs' motion.

Defendants with the assistance of the Legal Facilitator Defendants, procured only one-year visas for the teachers.  This allowed Defendants to assert even greater control over the teachers because they could threaten non-renewal of the visas and subsequent deportation if the teachers did not comply with their demands" (Plaintiffs' Memo, p. 6, lines 10-15).

However, plaintiffs provide no evidence for the baseless allegation, and they fail to meet the threshold requirement of providing a "rigorous analysis" of plaintiffs' claims. [General Tel. Co. of Southwest v. Falcon, 457 U.S. 147, 161 (1982)]  Mr. Silverman followed his client's direction in filing a petition with the U.S. Government for a one-year Visa for each of the individuals his client, the School Board, sponsored, and there is not one ounce of evidence that in following his client's directions Mr. Silverman engaged in a conspiracy or did anything other than follow the instructions of his client, the School Board, as there is no duty owed to any of the Plaintiffs.  Plaintiffs' claim of conspiracy fails to meet the most basic requirements of "burden of proof" in establishing the elements of a Rule 23 motion. [Oscar Private Equity Investments v. Allegiance telecom, Inc., 487 F.3d 261, 269 (5th Cir. 2007)]

### c. **Plaintiffs show no redressability.**

Defendants argue:

"The Legal Facilitator Defendants verified the SAC against Plaintiff Cruz, thereby aiding and abetting a frivolous and abusive law suit against their own client." (Plaintiffs' Memo, p. 6. lines 24-25).

However, Mr. Silverman testified truthfully in a court of law, and not only is there no evidence that his testimony was improper, but also his testimony in a California Court was absolutely privileged from liability in any court as a matter of law. [*Civil Code* § 47(b); Pollock v. University of Southern California,112 Cal. App. 4th 1416, 1431(2003)(declaration "functions as written testimony," is a "communication, not conduct," and "is exactly the sort of communication the

privilege is designed to protect"); <u>Chavez v. Mendoza</u>, 94 Cal. App. 4th 1083, 1087 (2001) ("[F]iling a lawsuit is an exercise of a party's constitutional right of petition."). "'[C]ommunicatons with "some relation" to judicial proceedings' are "absolutely immune from tort liability" by the litigation privilege (<u>Rubin v. Green</u> (1993) 4 Cal.4th 1187, 1193 (Rubin)]  It is not limited to statements made during a trial or other proceedings, but may extend to steps taken prior thereto, or afterwards. [5 Witkin, Summary of Cal. Law. supra, Torts, §§ 470, 505, pp. 554, 591.]'"  [<u>Rusheen v. Cohen</u>, 37 Cal. 4th 1048, 1054 (2006)]

Plaintiffs further allege that the "Legal Facilitators' actions to facilitate the trafficking scheme constitute legal malpractice and breach of fiduciary duty; and the EBR Plaintiffs allege that EBR's retention of Universal as its agent to recruit teachers from the Philippines constitutes negligent hiring. " (Plaintiffs' Memo, p. 9, lines 10-13).  The mere assertion that Mr. Silverman was Plaintiffs' attorney and owed them a fiduciary duty does NOT confer standing on Plaintiffs who admittedly have not had any contact with Mr. Silverman.  In addition, such commentary, lacks evidence and is contrary to the CFR and the cases on this issue.

Accordingly, the Court should deny class certification of claims against Mr. Silverman because plaintiffs lack standing to bring such claims.

## C.   <u>Plaintiffs Claims Against Mr. Silverman Are Not Typical and Plaintiffs are Not Adequate Class Representatives</u>.

Plaintiffs cannot satisfy the requirements of Rule 23(a) prior to class certification.  To establish typicality, plaintiffs must show that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." [*Fed. R. Civ. P.* 23(a)(3)]. The named plaintiffs "must be part of the class and possess the same interest and suffer the same injury as the class members." [<u>General Tel. Co. of the Southwest v. Falcon</u>, 457 U.S. 147, 156 (1982)]

To establish adequacy, plaintiffs must show that "the representative parties will fairly and adequately protect the interests of the class." [*Fed. R. Civ. Pro.*

23(a)(4)] "To satisfy constitutional due process concerns, absent class members must be afforded adequate representation before entry of a judgment which binds them." [Hansberry v. Lee, 311 U.S. 32, 42-43 (1940)] "Resolution of two questions determines legal adequacy: (1) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" [Lerwill v. Inflight Motion Pictures, Inc., 582 F.2d 507, 512 (9th Cir.1978); Hanlon v. Chrysler Corp.,150 F.3d 1011, 1020 (9th Cir.1998)]

Plaintiffs' fail to meet their burden of showing the typicality and adequacy requirements concerning Mr. Silverman.  Plaintiffs do not have claims typical of those of any persons who might have claims against Mr. Silverman because they cannot assert claims for injunctive or declaratory relief against Mr. Silverman. Likewise, Plaintiffs are not adequate representatives because they cannot be said to have any interest in vigorously pursuing claims against Mr. Silverman because they have never met or dealt with him.  When a named plaintiff has no basis to recover from a named defendant for the claims at issue at class certification, those plaintiffs fail to meet their burden for the requirements of typicality and adequacy under Rule 23. [Valentino v. Carter-Wallace, Inc., 97 F.3d 1227, 1234 (9th Cir. 1996) (plaintiffs failed to establish typicality and adequacy of representation in seeking class certification against manufacturer of epilepsy drug where no named plaintiff had experienced a specific injury as result of taking the drug)]

## D. None of the Plaintiffs are Adequate Class Representatives.

This record fails to satisfy Plaintiffs' burden of establishing they are an "adequate" class representative, capable of and willing to exercise the important fiduciary responsibilities of serving as an independent supervisory check on counsel for the class.  Instead, Plaintiffs' candidly acknowledge their lack of involvement in or knowledge of Human Trafficking or having any relationship to Mr. Silverman.  This lawsuit constitutes just the sort of "striking unfamiliarity"

that courts have found when disqualifying plaintiffs as class representatives.  In

Welling v. Alexy, 155 F.R.D. 654, 656-57 (N.D.Cal. 1994), the Court summarized

the requirement that plaintiffs establish they can be an "adequate," i.e.,

knowledgeable and involved, class representative:

> "The moving party has the burden of establishing that its claim are
> appropriate for class certification under Rule 23. Mantolete v. Bolger, 767
> F.2d 1416, 1424 (9th Cir. 1985). . . .
>
> "The circuit court . . . has advised district courts to conduct a 'rigorous
> analysis' of the proposed class representative. Hanon v. Dataproducts Corp.,
> 976 F.2d 497, 509 (9th Cir. 1992). . . . In determining adequacy, the court
> must scrutinize the ability of the named representative to represent the
> interests of the class fairly and adequately."

The Court went on to explain in Welling that this mandated scrutiny of

plaintiff's adequacy was essential because a class representative must serve "the

necessary role of 'checking the otherwise unfettered discretion of counsel in

prosecuting the suit.'" [Welling v. Alexy, 155 F.R.D. 654, 659 (N.D. Cal. 1994),

quoting Weisman v. Darneille, 78 F.R.D. 669, 671 (S.D.N.Y. 1978)]

Applying these factors, courts "have developed a standard of 'striking

unfamiliarity' to assess a representative's adequacy in policing the prosecution of

his or her lawsuit." [Id. at 659]  District Courts have in case after case denied

certification of proposed class representatives who in deposition (1) reveal an

"apparent unfamiliarity with the allegations in the [complaint]," [Id. at 659]; who

"testified that he had never read or seen the original complaint or even recognizes

the names of many of the defendants, that he had never seen or read the

prospectus," [Lubin v. Sybedon Corp., 688 F.Supp. 1425, 1461 (S.D.Cal. 1988)];

who "is unfamiliar with the basic allegations of the complaint . . . did not become

involved in the case until after the basic groundwork had been laid. ... [and who]

contributed nothing to the drafting of the complaint", [Rolex Employees

Retirement Trust v. Mentor Graphics Corp., 136 F.R.D. 658, 666 (D. Ore. 1991)]; who appear to "know little, if anything, about their case other than that told them by their counsel," [Kelley v. Mid-America Racing Stables, Inc., 139 F.R.D. 405, 411 (W.D. Ok. 1990)]; who "did not see his original complaint before it was filed . . . [and] lacked personal knowledge of any of the factual basis for many of plaintiff's allegations," [Seiden v. Nicholson, 69 F.R.D. 681, 688 (N.D.Ill. 1976)]; who "although she glanced briefly through the complaint before it was filed, she did not consider it thoroughly until the day prior to the deposition," [Levine v. Berg, 79 F.R.D. 95, 97 (S.D.N.Y. 1978)]; who testified she "had never seen" the written merger document that formed the basis for her securities complaint." [Efros v. Nationwide Corp., 98 F.R.D. 703, 708 (S.D. Oh. 1983)].

This is the situation confronting this Court regarding Mr. Silverman because not one of the Plaintiffs ever met, dealt with, had any contact with, or had any attorney-client or other relationship with Mr. Silverman.

### E. A Rule 23(b)(2) Class Is Not Appropriate As Against Mr. Silverman.

Plaintiffs seek certification of a Rule 23(a) or a 23(b)(2) class claiming it is the most appropriate vehicle for class certification to address the Human Trafficking, Breach of Fiduciary Duty, and Legal Malpractice issues.  (Plaintiffs' Motion, p. 21,lines 3-9).  However, Rule "23(b)(2) certification is only available when common facts, damages, and requests for relief 'predominate.'" [Dukes v. Wal-Mart, Inc., 509 F.3d 1168, 1196 (9th Cir. 2007) (where plaintiffs cannot benefit from common relief from defendant, such relief cannot possibly predominate and Rule 23(b)(2) certification was not appropriate)]

To obtain certification under Rule 23(b)(2), plaintiffs must show: (1) "the party opposing the class has acted or refused to act on grounds generally applicable to the class," and (2) "the primary relief sought is declaratory or injunctive." [Zinser v. Accufix Research Inst., Inc., 253 F.3d 1180, 1195 (9th Cir. 2001).]

However, Plaintiffs cannot represent a Rule 23(b)(2) class seeking injunctive

or declaratory relief from Mr. Silverman.  First, Plaintiffs still lack standing, however, Plaintiffs claim for injunctive relief do not dominate.  By way of this lawsuit, Plaintiffs primarily seek financial retribution from Mr. Silverman.  Mr. Silverman had nothing to do with plaintiffs' being the subject of Human Trafficked, and he did not represent any plaintiff as an attorney, provide them with advice, or ever meet or talk to any Plaintiff.  There is no conduct to enjoin with respect to Mr. Silverman. [Deitz v. Comcast Corp., No. C 06-06352, 2007 WL 2015440, at *7 (N.D. Cal. Jul. 11, 2007) (plaintiff lacked standing to seek injunctive relief against cable provider after he cancelled his subscription)]

If there is no basis for Plaintiffs to obtain injunctive and declaratory relief from Mr. Silverman, such relief certainly cannot predominate in the manner required for a Rule 23(b)(2) class.  Accordingly, the Rule 23(b)(2) requirement is not met as to Mr. Silverman. [Hyderi v. Washington Mut. Bank, FA, 235 F.R.D. 390, 398 (N.D. Ill. 2006) (denying certification under Rule 23(b)(2) when injunctive relief did not predominate)]

## III.

## CONCLUSION

For the foregoing reasons, defendant Mr. Robert Silverman, requests Plaintiffs' Motion for Class Certification be denied.

DATED:  July 25, 2011                    BRIAN OXMAN

By:  _____

Brian Oxman
Attorney for Defendants,
Robert Silverman dba
Silverman and Associates

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served on all counsel of record herein via the Court's electronic notification system on this 25th day of July, 2011.


/s/ Brian Oxman

MR. SILVERMAN'S OPPOSITON TO MOTION FOR CLASS CERTIFICATION