SILVERMAN & ASSOCIATES
ROBERT B. SILVERMAN SBN 170517
25 S. OAK KNOLL AVE., SUITE 504
PASADENA, CA 92683
TEL: 714-936-7499
FAX: 626-298-6630
EMAIL: SILVERATTY@GMAIL.COM

BRIAN OXMAN SBN 72172
LAW OFFICES OF BRIAN OXMAN
14126 E. ROSECRANS
SANTA FE SPRINGS, CA
TEL: (562) 921-5058
EMAIL: OXMAN2008@AOL.COM

ATTORNEYS FOR DEFENDANTS:
ROBERT B. SILVERMAN: SILVERMAN & ASSOCIATES

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAIRI NUNAG TANEDO, etc., et al., <br><br> Plaintiffs, <br><br> vs. <br><br> EAST BATON ROUGE PARISH SCHOOL BOARD, etc., et al., <br><br> Defendants. | Case: SA CV10-01172-JAK(MLGx) <br><br> **DECLARATION OF ROBERT B. SILVERMAN - OPPOSITION TO CLASS CERTIFICATION** <br><br> *[Filed Concurrent with Memorandum of Points and Authorities and Notice of Joinder with other Defendants Opposition to Class Certification]* <br><br> HEARING DATE: SEPT. 2, 2011 <br> TIME: 9:00AM <br> COURTROOM: 750 <br><br> HON. JOHN A. KRONSTADT |

Case No.: SACV-01172-JAK-MLGx            -1-            Declaration of Robert B. Silverman

## DECLARATION OF ROBERT SILVERMAN

I, Robert Silverman, hereby declare that I have personal first hand knowledge of the following facts and if called upon to testify, that I would competently testify as follows:

1. I am an attorney at law admitted to practice before all the Courts of the State of California. I submit this Declaration in support of the Opposition to Plaintiffs' Motion for Class Certification.

2. In 2007, I was hired to file Immigration Petitions on behalf of the East Baton Rouge Louisiana Parish School Board. The Petition was to obtain H-1B Visa's for non-immigrant employees, who have a specialty occupation which is designated as an occupation that requires a bachelor's degree. The scope of my employment was to prepare and file the completed Petition on behalf of the School Board. This would require filing of various Government approved forms and when necessary the responding to any requests by the Government for additional information.

3. At no time did I ever have an agreement with any individual teacher. I never met with any teacher in the process preparing or submitting these Petitions. I never traveled to the Philippines to interview any teachers nor did I offer or provide any services associated with the selection of any teacher. All information needed to prepare a Petition was provided by the School Board. I never personally had any phone conversations or email with any of the Plaintiffs.

4. My client was the School Board, they were the Petitioner and signed all Forms on all Visa applications. The foreign teacher was

Case No.: SACV-01172-JAK-MLGx    -2-    Declaration of Robert B. Silverman

identified as the "Beneficiary," and at no time did the Beneficiary ever sign any part of the Petition.

5. I prepared each H-1B Visa Petition by having the School Board representative, Charolette Placide sign the Visa Application. On Form I-129, Petition for a Nonimmigrant Worker, I declared under penalty of perjury that I was only the attorney for the Petitioner School Board. I signed the form statement which said: "I declare that I prepared the petition at the request of the above person and it is based on all information of which I have any knowledge." The above person who signed the document was Charlotte Placide who represented the "School Board," and nowhere in the document did the "beneficiary" worker sign the document. A example of the Form I-129 I filed for the School district is attached as Exhibit "J" to Attorney James Knoepp's Declaration dated February 14, 2011. (Knoepp Dec. 2-14-11, p. 3 ¶ 11, Exhibit "J" Docket 70-1).

6. In some instances, the School Board was willing to bring in a teacher on an expedited basis. In those situations, Form I-907 Request for Premium Processing Service was used and it stated: "I declare that I prepared this application at the request of the above person and it is based on all information of which I have knowledge." The only above person on the document was "Charlotte Placide" who represented the School Board. I did not state on this form or any other form that the "beneficiary" was my client, and the documents I submitted did not constitute an appearance for a "beneficiary" because the documents I filled out unambiguously stated my client was the School Board and no one else. A example of the Form I-907 filed for the School district is attached as Exhibit "J" to Attorney James

Knoepp's Declaration dated February 14, 2011. (Knoepp Dec. 2-14-11, p. 3 ¶ 11, Exhibit "J" Docket 70-1).

7. On Form G-28 Notice of Appearance as Attorney or Representative, I stated the Petitioner for whom I appeared was the East Baton Rouge Louisiana School Board. The form was signed by Charolette Placide for the School Board. The form was never signed by the Beneficiary, who was identified as the foreign teacher. The statement contained in the Forms says that I am appearing for the Petitioner and no other person. The beneficiary was added for reference as the Form requires only in order to keep track of the Petitioner, who it related to, and in order to combat any attempts at fraud wherein a blank Petition and G-28 could be used indiscriminately for someone not authorized or agreed to by the School Board. A example of the Form G-28 I filed for the School District is attached as Exhibit "J" to Attorney James Knoepp's February 14, 2011, Declaration. (Knoepp Dec. 2-14-11, p. 3 ¶ 11, Exhibit "J" Docket 70-1).

8. By filing an appearance for the Petitioner, the School Board, I was in no manner the attorney for the "Beneficiary" of the Petition. I did not intend to become an attorney for the "Beneficiary," as I did not have any contact, conversation, or communications with any Beneficiary which would have made any such representation possible. The name of the "beneficiary" was identified to combat possible fraud. It was always my understanding from 8 C.F.R. section 103.2(a)(3) that the Beneficiary was not a party to the proceedings, which was evident by the fact that nowhere in the Immigration Process was the Beneficiary obligated to sign anything.

9. I am unaware of any legal requirement that mandates the Plaintiffs' signatures. I am unaware of any Immigration document signed

by the Plaintiffs. I have reviewed all of the documents presented by the Plaintiffs and am unaware of any reference by any Plaintiff to any document that they signed that was part of the I-129 Petition application. The entire Immigration Process was done on behalf of the School Board, my client. Furthermore, I never requested any signatures from the beneficiary because they were not my client. I was responsible to only the School Board.

10. Plaintiffs claim I engaged in seven (7) overt conspiracy acts with the State and its agency. (SAC ¶¶ 173-83). I did not know of any conspiracy, and I had no contact with any individual who told me of such a conspiracy. I had no knowledge of any of the conduct which plaintiffs allege in the SAC regarding any overt acts of a conspiracy, and I took no action regarding such a conspiracy, the furtherance of a conspiracy, enforcement of forced labor, Human Trafficking, or other conduct designed to harm any Plaintiff.

11. I did not have an attorney-client relationship with any of the Plaintiffs or their class members. I never met or talked with any Plaintiffs. I never worked for any Plaintiff or class member. I never undertook any act as an attorney for any class member. I had no connection to Plaintiffs or their class members except through the documents I filed for the H-1B Visas on behalf of the School Board as the Petitioning Party. I did not know of, participated in, or have any part of what plaintiffs have called Human Trafficking. I did not do anything to affect, harm, advise, counsel, or interact with any plaintiff, and the only activities in which I engaged was representing the School Board as an attorney doing lawful acts of filing immigration Visa petitions for my client School Board and no one else.


12. I did not hire a teacher, nor did I participate in hiring of a teacher. I followed my client's direction in filing a petition with the U.S. government for a one-year Visa for each of the individuals my client, the School Board, sponsored. I did not engage in any conspiracy in filing a one-year petition, and my actions of filing a "petition" with a governmental agency were truthful based on the information I had. My actions were according to the directions of my client, the East Baton Rouge School Board, a agency of the State of Louisiana.

13. In January 2009, I signed a Verification in which I provided my "testimony" for a legal proceeding. The statements in the "Verification" are true and correct. The fact that a court found the statements to be non-actionable does not diminish or otherwise make the statements inaccurate.

14. I did not conspire with the State of Louisiana agency, the School Board, or any individual to "isolate" plaintiffs form other Filipinos, threaten them with lawsuits, or manipulate the State's applications through the Visa renewal process. I had no dealing with the fees the Beneficiary teachers paid, nor did I have any information regarding their payments of fees. I did not file fraudulent documents for the School Board or any other person, and I did not threaten to terminate any foreign teacher's Visa.

15. I request the Court grant the Anti-SLAPP Motion and dismiss all causes of actions as against myself.

I declare under penalty of perjury under the laws of the United States of America the foregoing is true and correct.

Executed this 24th day of July, 2011, at Los Angeles, California.

*[signature]*
Robert Silverman