1  SILVERMAN & ASSOCIATES
   ROBERT B. SILVERMAN SBN 170517
2  25 S. OAK KNOLL AVE., SUITE 504
   PASADENA, CA 92683
3  TEL: 714-936-7499
   FAX: 626-298-6630
4  EMAIL: SILVERATTY@GMAIL.COM

5  BRIAN OXMAN SBN 72172
   LAW OFFICES OF BRIAN OXMAN
6  14126 E. ROSECRANS
   SANTA FE SPRINGS, CA
7  TEL: (562) 921-5058
   EMAIL: OXMAN2008@AOL.COM
8
9  ATTORNEYS FOR DEFENDANTS:
       ROBERT B. SILVERMAN: SILVERMAN & ASSOCIATES
10

11            UNITED STATES DISTRICT COURT

12            CENTRAL DISTRICT OF CALIFORNIA

13

14 | MAIRI NUNAG TANEDO, etc., et | ) Case: SA CV10-01172-JAK(MLGx)
   | al.,                         | )
15 |                              | )
   |                              | ) **COPIES OF IMMIGRATION LAW**
16 |         Plaintiffs,          | ) **CASES CITED IN OPPOSITION**
   |                              | ) **TO MOTION FOR CLASS**
17 |      vs.                     | ) **CERTIFICATION BY**
   |                              | ) **DEFENDANTS' ROBERT B.**
18 | EAST BATON ROUGE PARISH      | ) **SILVERMAN AND SILVERMAN &**
19 | SCHOOL BOARD, etc., et al.,  | ) **ASSOCIATES**
   |                              | )
20 |         Defendants.          | )
21 |                              | ) *[Filed Concurrent with Notice of*
22 |                              | ) *Joinder with other Defendants*
23 |                              | ) *Opposition to Class Certification]*
24 |                              | )
   |                              | ) HEARING DATE: SEPT. 2, 2011
25 |                              | ) TIME: 9:00AM
   |                              | ) COURTROOM: 750
26 |                              | )
27 |                              | ) HON. JOHN A. KRONSTADT
28 |                              | )
29

Attached to this document are copies of the Immigration and Naturalization Law Decisions cited in the Memorandum in Opposition to Plaintiffs' Motion for Class Certification:

Matter of C--, 9 I. & N. Dec., 1962 WL 12852 (BIA 1962) ................. 1

Matter of Sano, 19 I. & N. Dec., 1985 WL 56053 (BIA 1985) .............. 2

Matter of Zaidan, 19 I. & N. Dec., 1985 WL 56050 (BIA 1985) ............ 5

DATED: July 25, 2011

BRIAN OXMAN

By: _____
Brian Oxman
Attorney for Defendants,
Robert Silverman dba
Silverman & Associates

9 I. & N. Dec. 547, Interim Decision 1189, 1962 WL 12852 (BIA)

United States Department of Justice
Board of Immigration Appeals

MATTER OF C--

In VISA PETITION Proceedings

A-12042411

Decided by Board January 23, 1962
*547* Visa petition—Revocation—8 CFR 206—Appeal must be made by petitioner.

Right to appeal from revocation of previously approved visa petition lies solely with petitioner. Attorney who once represented petitioner and cannot now locate her and who continues to represent beneficiary has no standing under 8 CFR 206.3 to assert an appeal.

BEFORE THE BOARD

DISCUSSION: An order entered in this case on September 20, 1961, revoked a visa petition approved for classification of the beneficiary as a nonquota immigrant under the provisions of 8 U.S.C. 1101(a)(27)(A). Notice of the revocation was served on the petitioner and the attorney of record on September 27, 1961, by certified mail. A notice of appeal executed by the attorney of record was received by the Immigration and Naturalization Service on October 12, 1961.

The attorney of record appeared before this Board in oral argument on November 8, 1961. He stated, in substance, that he once represented the petitioner; that he has been unable to locate her in connection with the revocation of her petition; and that he intends to continue to represent the beneficiary.

8 CFR 206.3 provides, in part: "If upon reconsideration the approval previously granted is revoked, the petitioner shall be informed of the decision with the reasons therefor and shall have 15 days after the mailing of the notification of decision within which to appeal as provided in Part 3 of this chapter ..." (Emphasis supplied.)

It is clear from the statements of counsel that the appeal before us was not initiated by the petitioner as provided in 8 CFR 206.3 (supra). Under the circumstances, this Board will not consider it on the merits. Since the appeal is not properly before us, we will dismiss for failure to comply with 8 CFR 206.3.

ORDER: It is directed that the appeal be and the same is hereby dismissed in accordance with the foregoing opinion.
9 I. & N. Dec. 547, Interim Decision 1189, 1962 WL 12852 (BIA)

END OF DOCUMENT

(c) 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

19 I. & N. Dec. 299, Interim Decision 2999, 1985 WL 56053 (BIA)

United States Department of Justice
Board of Immigration Appeals

MATTER OF SANO

In Visa Petition Proceedings

A-23114185

Decided by Board October 29, 1985

**\*299** (1) An appeal from the denial or revocation of a visa petition may be filed only by the petitioner.

(2) Since the Board's appellate jurisdiction is defined by the regulations set forth in 8 C.F.R. § 3.1(b) (1985), the Board has no jurisdiction over a particular matter unless it has been affirmatively granted by the regulations.

(3) Under 8 C.F.R. § 3.1(b)(5) (1985), the Board's authority to review decisions on visa petitions is limited to that accorded by Part 204 of the regulations, which provides only for an appeal by the petitioner.

(4) Since the Board's jurisdiction over decisions on visa petitions is limited to appeals by the petitioner, the Board lacks jurisdiction to address an appeal by the beneficiary from the denial of a visa petition. Matter of Varela, 13 I&N Dec. 453 (BIA 1970), modified.

(5) The regulation at 8 C.F.R. § 3.1(c) (1985), which grants the Board power to certify cases, permits certification only to matters within the Board's appellate jurisdiction as set forth in 8 C.F.R. § 3.1(b) (1985).

(6) Since the Board lacks authority to review an appeal by a beneficiary from the denial of a visa petition, such an appeal also may not be reviewed upon certification. Matter of Arteaga—Godoy, 14 I&N Dec. 226 (BIA 1972), overruled.


ON BEHALF OF BENEFICIARY:

William F. Thompson III, Esquire
Blackfield Hawaii Building
1221 Kapiolani Blvd., Penthouse Suite
Honolulu, Hawaii 96814

ON BEHALF OF SERVICE:

Terry A. Smith
General Attorney

BY: Milhollan, Chairman; Maniatis, Dunne, Morris, and Vacca, Board Members


The United States citizen petitioner, now deceased, filed a visa petition on behalf of the beneficiary to accord her immediate relative status as his spouse on May 24, 1983. The petition was not approved by the time of the petitioner's death on September 14, 1983, and was therefore denied by the district director in a decision dated December 1, 1983. The beneficiary, through counsel, has appealed **\*300**

from that decision. The appeal will be dismissed for lack of jurisdiction.

On appeal the beneficiary argues that she should be accorded immediate relative status because the Service unreasonably delayed adjudication of the visa petition. She claims that such actions constitute affirmative misconduct, which warrants a grant of the petition. The Service contends that the beneficiary has no right to appeal the district director's decision following the death of the petitioner and that, in any case, the beneficiary's estoppel argument is without merit.

We must first address the question of the beneficiary's standing to pursue this appeal. According to the regulation at 8 C.F.R. § 204.1(a)(3) (1985), when the district director renders a decision denying a visa petition, the 'petitioner will be notified of the decision . . . and of the petitioner's right to appeal to the Board. . . .' See also 8 C.F.R. § 204.1(d)(4) (1985). In interpreting this regulation the Board has determined that an appeal from the denial of a visa petition may be filed only by the petitioner. See Matter of DaBaase, 16 I&N Dec. 720 (BIA 1979); Matter of Kurys, 11 I&N Dec. 315 (BIA 1965); see also Matter of Anabo, 18 I&N Dec. 87 (BIA 1981); Matter of Arteaga—Godoy, 14 I&N Dec. 226 (BIA 1972); 1A C. Gordon & H. Rosenfield, Immigration Law and Procedure § 3.5h (rev. ed. 1985). We have likewise held that only the petitioner can appeal from the revocation of a previously approved visa petition. Matter of C—, 9 I&N Dec. 547 (BIA 1962); see also 8 C.F.R. § 205.2(b) (1985). Judicial opinion has been in accord. See Joseph v. Landon, 679 F.2d 113 (7th Cir. 1982); Scalzo v. Hurney, 225 F. Supp. 560 (E.D. Pa. 1963), aff'd per curiam, 338 F.2d 339 (3d Cir. 1964), cert. denied, 382 U.S. 849 (1965); see also Wright v. INS, 379 F.2d 275 (6th Cir.), cert. denied, 389 U.S. 928 (1967); Pacheco Pereira v. INS, 342 F.2d 422 (1st Cir. 1965). But see Hom Sin v. Esperdy, 239 F. Supp. 903 (S.D.N.Y. 1965).

The beneficiary asserts that the Board can assume jurisdiction upon certification pursuant to 8 C.F.R. § 3.1(c) (1985) to avoid the question of the beneficiary's standing to appeal and requests that we do so in this case. She cites our decision in Matter of Varela, 13 I&N Dec. 453 (BIA 1970), where the Board considered a similar appeal by a beneficiary following the petitioner's death. In that case we noted the question of standing but proceeded to decide the issue presented on its merits. We have also previously accepted jurisdiction upon certification to circumvent the issue of the beneficiary's lack of standing. Matter of Arteaga—Godoy, supra. We now find our review in those cases to have been inappropriate.

As we recently stated in Matter of Zaidan, Interim Decision 2998 (BIA 1985), the Board's appellate jurisdiction is defined by the regulations *301 set forth in 8 C.F.R. § 3.1(b) (1985). Unless the regulations affirmatively grant us power to act in a particular matter, we have no appellate jurisdiction over it. Matter of Sum, 13 I&N Dec. 65 (BIA 1968). Under 8 C.F.R. § 3.1(b)(5) (1985), an appeal will lie to the Board from '[d]ecisions on petitions filed in accordance with section 204 of the act . . . as provided in Parts 204 and 205, respectively, of this chapter.' (Emphasis added.) As we have noted, the regulations in Part 204 provide solely for an appeal to the Board by the petitioner. See 8 C.F.R. § 204.1(a)(3) (1985). Inasmuch as the only authority accorded to the Board by the regulations under Part 204 relates to appeals by the petitioner, we find that our jurisdiction is limited to such appeals. We therefore conclude that we lack jurisdiction to address an appeal by the beneficiary from the denial of a visa petition. Cf. Matter of Zaidan, supra. To the extent that our decision in Matter of Varela, supra, conflicts with this conclusion, it is hereby modified.

Since we have not been granted authority by the regulations to review the beneficiary's appeal, we are also unable to assume jurisdiction over the matter by certification. The regulation that gives us the power to certify cases permits certification only to matters within our appellate jurisdiction as set forth in 8 C.F.R. § 3.1(b) (1985). See 8 C.F.R. § 3.1(c) (1985); Matter of Vrettakos, 14 I&N Dec. 593 (BIA 1973, 1974). Inasmuch as the Board lacks authority to review an appeal by a beneficiary from the district director's denial of a visa petition, we conclude that we are likewise precluded from certifying such a case. To the extent that Matter of Arteaga—Godoy, supra, is contrary, it is overruled.

Accordingly, the beneficiary's appeal will be dismissed for lack of jurisdiction.

As the Board lacks jurisdiction over the appeal,

3

IT IS ORDERED that the record of proceedings be returned to the local office of the Immigration and Naturalization Service without further action.
19 I. & N. Dec. 299, Interim Decision 2999, 1985 WL 56053 (BIA)

END OF DOCUMENT

(c) 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

4

19 I. & N. Dec. 297, Interim Decision 2998, 1985 WL 56050 (BIA)

United States Department of Justice
Board of Immigration Appeals

MATTER OF ZAIDAN

In Visa Petition Revocation Proceedings

A-24410789

Decided by Board October 16, 1985

***297** (1) The parameters of the Board's appellate jurisdiction are circumscribed by the regulations which are set forth in 8 C.F.R. § 3.1(b) (1985).

(2) Under 8 C.F.R. § 3.1(b)(5) (1985), the Board's authority to review decisions regarding visa petition revocation is limited to that accorded by 8 C.F.R. §§ 205.1 and 205.2 (1985).

(3) Since there is no provision for appellate review when a visa petition is automatically revoked under 8 C.F.R. § 205.1 (1985), the Board lacks jurisdiction over appeals dealing with the automatic revocation of a petition.

ON BEHALF OF PETITIONER:

Rehim Babaoglu, Esquire
99 North Third Street
Memphis, Tennessee 38103

ON BEHALF OF SERVICE:

Charles Wiegand III
General Attorney

BY: Milhollan, Chairman; Maniatis, Dunne, Morris, and Vacca, Board Members

The United States citizen petitioner, now deceased, applied for preference status for the beneficiary as his sister under section 203(a)(5) of the Immigration and Nationality Act, 8 U.S.C. § 1153(a)(5) (1982). The petition was approved by the district director on September 18, 1980. Following the petitioner's death, the beneficiary was notified by the district director that the petition had been revoked because a favorable exercise of discretion was not warranted under 8 C.F.R. § 205.1(a)(3) (1981). The beneficiary appealed from that decision. During the pendency of the appeal, the beneficiary filed a motion requesting that the district director reconsider his decision. Without addressing the question of jurisdiction, the Board remanded the record on March 18, 1983, in order to permit the district director to consider the beneficiary's motion. In a decision dated May 31, 1983, the district director denied the motion. The beneficiary has appealed from that decision. The appeal will be dismissed for lack of jurisdiction.

**298** The regulations provide for the automatic revocation of an approved relative visa petition under several enumerated circumstances, one of which is the death of the petitioner. See 8 C.F.R. § 205.1 (a) (1985). An exception to automatic revocation following the death of the petitioner is permitted under 8 C.F.R. § 205.1(a)(3) (1985) when 'the Attorney General in his discretion determines that for humanitarian reasons revocation would be inappropriate.' In this case the district director has considered the humanitarian factors presented by the beneficiary and has concluded that revocation

5

of the visa petition is appropriate.

The beneficiary seeks appellate review of the district director's decision, claiming that her case merits a favorable exercise of discretion. The Service argues, however, that the beneficiary has no standing to contest the district director's decision and that the Board lacks jurisdiction to consider the beneficiary's appeal. We agree that the Board has no jurisdiction in this case and shall dismiss the appeal on that basis.

The parameters of the Board's appellate jurisdiction are circumscribed by the regulations which are set forth in 8 C.F.R. § 3.1(b) (1985). According to 8 C.F.R. § 3.1(b)(5) (1985), an appeal will lie to the Board from 'decisions revoking the approval of [relative] visa petitions, in accordance with section 205 of the act, as provided in Parts 204 and 205, respectively, of this chapter.' (Emphasis added.) Our authority to review decisions regarding visa petition revocation is therefore limited to that accorded by 8 C.F.R. §§ 205.1 and 205.2 (1985).

It is specifically stated in 8 C.F.R. § 205.2 (1985) that the petitioner may appeal a decision of the district director revoking approval of a visa petition on any ground other than those listed in 8 C.F.R. § 205.1 (1985) when notice of the revocation has been given to the petitioner. [FN1] There is no such provision for appellate review when a petition is automatically revoked under 8 C.F.R. § 205.1 (1985). Since the Board's authority to review revocation decisions is limited to that specified in the regulations and 8 C.F.R. § 205.1 (1985) does not provide for any appeal, we conclude that the Board lacks jurisdiction over appeals dealing with the automatic revocation of a visa petition.

As the Board lacks jurisdiction over the appeal,

IT IS ORDERED that the record of proceedings be returned to the local office of the Immigration and Naturalization Service without further action.

> FN1. Although the regulation refers to 'any ground other than those specified in § 204.1,' it is clear that the incorrect section reference is a typographical error.

19 I. & N. Dec. 297, Interim Decision 2998, 1985 WL 56050 (BIA)

END OF DOCUMENT

(c) 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

6

# CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served on all counsel of record herein via the Court's electronic notification system on this 25th day of July, 2011.

/s/ Brian Oxman

Case No.: SACV-01172-JK-MLGx                -2-              Opposition to Class Certification