James M. Knoepp (admitted *pro hac vice*)
Jim.Knoepp@splcenter.org
Daniel Werner (admitted *pro hac vice*)
Daniel.Werner@splcenter.org
Jennifer L. Tse (SBN 260764)
Jennifer.Tse@splcenter.org
IMMIGRANT JUSTICE PROJECT
SOUTHERN POVERTY LAW CENTER
233 Peachtree Street NE, Suite 2150
Atlanta, GA 30303
Telephone: (404) 521-6700
Facsimile: (404) 221-5857

*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| MAIRI NUNAG-TAÑEDO, et al., <br><br> Plaintiffs, <br><br> v. <br><br> EAST BATON ROUGE PARISH SCHOOL BOARD, et al., <br><br> Defendants | Civil Case No.: 10-01172-JAK-MLG <br><br> **DECLARATION OF ROSALINDA GROSS-SMITH IN SUPPORT OF REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION** <br><br> HEARING DATE: Sept. 2, 2011 <br> TIME: 9:00 a.m. <br> COURTROOM: 750 <br><br> HON. JOHN A. KRONSTADT |

1. My name is Rosalinda Gross-Smith. I am a Paralegal with the Southern Poverty Law Center in Montgomery, Alabama and am assisting Plaintiffs' attorneys in this matter. I have personal knowledge of the facts in this declaration.

2. The Southern Poverty Law Center received 126 signed retainer agreements from Filipino H-1B teachers to be represented by the Plaintiffs' attorneys in this case.

1. 3. In addition to the 126 individuals who signed retainer agreements, our office has been contacted by a number of additional Filipino H-1B teachers wanting to be represented by the Plaintiffs' attorneys in this case. However, I was instructed by attorneys working on the case that because a decision had been made to pursue the case as a class action, that we were no longer collecting retainer agreements from additional teachers.

4. I am aware that attorney Eddie Knoll with the Knoll Law Firm in Marksville, Louisiana represents an additional 20 to 25 teachers employed in the Avoyelles School District, and that his clients are also interested in pursuing this case.

5. Based on my role as a paralegal working on this case, I am familiar with the documents that have been produced in response to the Plaintiffs' discovery requests directed to Universal Placement International, Inc. and Lourdes Navarro.

6. Attached as Exhibit A to this declaration is a true and correct copy of a document that was produced to the Plaintiffs by Universal Placement International, Inc. and Lourdes Navarro in response to Plaintiffs' discovery requests. The document was labeled prior to being produced to Plaintiffs and bears the Bates stamps UPI0001146 - UPI0001151.

7. Attached to this declaration is a true and correct copy of a document labeled Deposition Exhibit 505, which is a document that was produced to the Plaintiffs by Universal Placement International, Inc. and Lourdes Navarro in response to Plaintiffs' discovery requests. I understand that the document was used as an exhibit to the deposition of Mairi Nunag-Tanedo. The document was also labeled prior to being produced to Plaintiffs and bears the Bates stamps UPI0000232 - UPI0000237.

8. Under penalty of perjury under the laws of the United States, I declare that the foregoing facts are true and correct to the best of my knowledge.

DECLARATION OF ROSALINDA GROSS-SMITH IN SUPPORT OF REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATIONDECLARATION OF ROSALINDA GROSS-SMITH IN SUPPORT OF REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION
Civil Case No.: 10-01172-JAK-MLG

2

1

2  Executed on August 18, 2011

3  *Rosalinda Gross-Smith* (signature)

4  Rosalinda Gross-Smith

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28  DECLARATION OF ROSALINDA GROSS-SMITH IN SUPPORT OF REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATIONDECLARATION OF ROSALINDA GROSS-SMITH IN SUPPORT OF REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION
Civil Case No.: 10-01172-JAK-MLG

3



# PARS INTERNATIONAL PLACEMENT AGENCY
Lic. No. POEA-110-LB-101306-PL

## MEMORANDUM OF AGREEMENT

This Agreement is entered between:

PARS INTERNATIONAL PLACEMENT AGENCY, registered under the laws of Republic of the Philippines with the office address at J & F Divino Arcade #961 Aurora Blvd., Quezon City hereinafter referred to as the AGENCY;

and

MAIRI MAHAL N. TAÑEDO, of legal age and a resident of
(name of applicant)

22 B POD. 1, CPG EAST AVE, TAGB CIM, Bcld hereinafter referred to as APPLICANT;

witnesseth

WHEREAS, the AGENCY is a career expert in many lines of professions and has global access to professional including but not limited to all areas of health, engineering, education, management, commerce, computer, hotel and restaurant, business production and management affairs;

WHEREAS, the AGENCY provides the rare advantage of an international communication link between the APPLICANT from the Philippines and willing and able employers whose offices are located in the United States (U.S.A.) for a quick, effective visa processing and selection of unlimited employment sponsors;

WHEREAS, the AGENCY serves as an "Info Bank" for employer-sponsor in all categories including but not limited to hospital, schools, governments, constructions, private/religious institutions, associations, etc.;

WHEREAS, the AGENCY has an exclusive process to assist the APPLICANT in determining and finding an employment for which he/she is qualified provided he/she pass the interview;

WHEREAS, the APPLICANT agrees that the AGENCY shall assist him/her in finding an employer, corporation or partnership who is willing to sponsor and employ the APPLICANT in the USA under a PLACEMENT FEE;





**PLAINTIFF'S EXHIBIT A**

UPI 0001146

NOW THEREFORE for and in consideration of the foregoing premises parties hereby agree under the following terms and conditions:

## ARTICLE I:
## PRINCIPAL DUTIES AND OBLIGATIONS OF THE AGENCY

The AGENCY shall perform the following:

1. Analyze, appraise and evaluate the qualifications of the APPLICANT to establish a program reasonably suited to him/her based on his/her goal, professional license, education, experience and financial commitment with the AGENCY.

2. Submit the application and registration request of the APPLICANT to the USA Employer-Sponsor/Petitioner and Immigration Attorney and perform the various intricate processing of the following documents:

    a. Analysis of qualification and evaluation of transcript
    b. Verifications of School Transcript and Diploma
    c. Verification of Employment
    d. Verification of Professional license/s
    e. Certification of School transcript and credentialing
    f. Verification of NBI/Police Clearance



3. Provide the APPLICANT with guidelines and directions to fulfill the requirements needed by the proper US Government Agencies including but not limited to the Department of Labor, Immigration and Naturalization Service or US Citizenship and Immigration Services for the approval of the APPLICANT'S work authorization, H1-B working visa or green card in the USA;

4. Provide orientation of social, cultural and familiarization in the locale upon arrival in the USA including complying with pertinent immigration laws via referral to an immigration attorney, and acquiring Social Security Number;

5. Acts as liaison in behalf of the APPLICANT in the USA for effective communication with the contact agency, Employer-Sponsor, Immigration Attorney and appropriate US Government agencies;

6. Assist the APPLICANT in finding a initial place to stay, guide him/her to access transportation to his/her place to work; until he/she has settled.

7. Ensure implementation of the guidelines required by the employer-sponsor.



UPI 0001147

## ARTICLE II:
## DISCLOSURE AND WARRANTIES OF THE AGENCY

The AGENCY shall make the following disclosure and warranties:

1. Upon signing of the job offer/employment contract from the employer the APPLICANT agrees to pay an initial down payment of equivalent to one month salary as service fee for the AGENCY. Professional fees of the US Immigration attorney of __$ 2,000__, and US Citizenship and Immigration Services fees of __$ 520__ including Premium Processing fee __$ 1,000__ for the petition of the applicant's H1-B Visa which is to be shouldered by the applicant. The fees are based on the rate provided by the USCIS (www.uscis.gov) and are subject to changes.

2. The approval of the petition is subject to the discretion of the approving agency in the US. Denial of the petition through no fault of the AGENCY shall not hold the AGENCY liable nor shall the AGENCY refund the fees paid to the US Agencies and the lawyer concerned;

3. If the applicant is residing in the Philippines at the execution of this agreement, the AGENCY does not guarantee the departure of the APPLICANT to the USA for employment until the following documents have been issued:

    a. Applicant submits the complete documentation requirements such as the US Transcript Evaluation and Certification of US License within the Agency deadline;

    b. Until a receipt of formal sponsorship letter from the employer petitioner and issuance of the approved VISA (work authorization of green card from USCIS)

4. Should the APPLICANT be approved and subsequently issued a contract by the employer, the term of contract is for one (1) year to be renewed by the employer if it is satisfied with the performance of the applicant. In the event that the applicant shall have been terminated from employment for causes due to the applicant, the Universal Placement, Inc. shall assist the applicant in finding another employment.

## ARTICLE III:
## DUTIES AND RESPONSIBILITIES OF THE APPLICANT

The APPLICANT shall perform the following:

1. Submit two (2) sets of professional resume, two (2) original or certified true copies of transcript of records in a sealed envelope from school registrar's



UPI 0001148

office and diploma from the educational institution where the applicant graduated, 2x2 photo and NBI Clearance and fingerprinting.

2. Submit an additional qualified documents which includes but not limited to Income Tax Returns, Certificate of Employment, Professional licenses, Birth Certificate, Passport and Marriage Certificate if married. The APPLICANT shall certify in writing under the penalty of perjury that the documents submitted to the agency are true and correct. Failure of the applicant to submit the required documents to the AGENCY within the deadline prescribed will warrant rescission of this Agreement. Rescission of this Agreement based on this Article is not a waiver of the non-circumvention provision found in Article IV.

3. Undergo medical check-up (POEA accredited) and submit a medical certificate bearing the applicants health status that he/she is fit to work abroad.



4. Provide the Agency with all the necessary information and sign the application/registration/clearance forms provided by the Agency and the US Government.

5. the APPLICANT shall at his/her option authorize the Agency in writing to sign to process the application and registration/clearance forms in behalf of the applicant to meet the above prescribed deadline.

6. the APPLICANT understands that if his/her performance with the employer-sponsor is unsatisfactory the working visa may be subject for cancellation and the applicant may be terminated from work and sent back to the Philippines at his/her own expense. The APPLICANT must submit to the laws of the US Government and pay obedience to it.

7. The APPLICANT releases and holds harmless the AGENCY from all liability it may incur a result of the petition/application being filed on his behalf.

8. The APPLICANT once employed shall not deviate from the terms of his/her contract. He/she shall not find other employment in the United States until after his/her contract is terminated. Any deviation from the terms of contract shall cause the cancellation of his/her visa and the revocation of his/her license.



### ARTICLE IV:
### NON-CIRCUMVENTION CLAUSE

1. The APPLICANT guarantees not to circumvent the fees for which the AGENCY is entitled to under this Agreement for services rendered. Identities

UPI 0001149

of Employer-Sponsor are the assets and goodwill of the AGENCY. Any attempt by the APPLICANT to deprive the AGENCY of its fees upon introduction to the employer-sponsor will subject the applicant to damages in the sum of three (3) times the total fee of the AGENCY as agreed upon in this Agreement.

2. The failure of any party to enforce at any time the terms of this agreement shall not be considered as a waiver hereof. Non-compliance of the terms and conditions of this agreement shall cause the rescission of this agreement with cost to the party at fault.

3. The entire agreement shall constitute the incurred agreement and understanding between both parties and shall supersede all prior contemporaneous agreement representation, both oral and written. All signing parties have equally agreed as evidenced by its signature below.



4. During the effectivity and until termination of this agreement, the APPLICANT agrees not to furnish any person, firm, company or corporation engaged in a competitive business with the intent of circumventing the fees of the AGENCY, any information obtained pursuant to this agreement including but not limited to the name of the employer-sponsor, customer, amount of fees, terms and negotiations or other information concerning the company and its business.

5. That the APPLICANT shall not contract-out with other schools, agencies for the purpose of recruiting or placing teachers with the AGENCY schools/agencies clients during the terms of his/her contract and after two (2) years from termination thereof.

## ARTICLE V:
## GENERAL PROVISION

1. The provisions of this agreement shall be mandatory and the terms and conditions are valid and enforceable. Failure to do so shall render this agreement as null and void and of no effect.

2. This agreement shall remain in full force and in effect. Any clause or section found to be unenforceable shall not invalidate this contract. The remainder of this agreement shall continue to be valid and binding.

3. This contract shall be governed by the Civil Code of the Philippines on the law obligation, in case of differences in the application or interpretation of the provisions hereof, the parties bind themselves to exert utmost and sincere efforts to reconcile the same, and all notices and comments involving



UPI 0001150

unsettled issues shall be in writing delivered to the parties either personally or by registered mail addressed to the parties at their given addresses herein;

4. Should any of the parties be compelled to seek judicial relief, venue shall be in the courts situated in the Quezon City, Philippines.

IN WITNESS WHEREOF, we the parties hereunto set our hands and affixed our signatures on this _____ day of _____ at Quezon City, Philippines.

PARS INTERNATIONAL PLACEMENT AGENCY

By: _____

EMILIO VILLARBA
CTC. NO.
Issued on:
Issued at:

_____
APPLICANT
CTC. NO. 22250057
Issued on: FEB 26, 2008
Issued at: TAGBILARAN CITY, BOHOL

## WITNESSES

## ACKNOWLEDGEMENT

REPUBLIC OF THE PHILIPPINES )
QUEZON CITY                  ) S.S

BEFORE ME, a Notary Public, personally appeared the following persons exhibiting their community tax certificate above stated, known to me be the same persons who executed the foregoing instrument and acknowledgement to me that the same in their free and voluntary act and deed.

I further certify that this instrument refers to a Memorandum of Agreement consisting of five (6) pages including this page wherein the acknowledgment is written and signed by the herein parties and their instrumental witness on each and every page hereof.

WITNESS MY HAND AND SEAL on the date and place first written above.

Doc. No. 19
Page No. 4
Book No. II
Series of 08

NOTARY PUBLIC

JULLISIMO G. HINANAY, JR.
NOTARY PUBLIC
COMMISSION EXPIRES DEC. 31, 2008
PTR NO. 8465052, 1-4-2007, Q.C.
TIN NO. 125-352-859
COMMISSION NO. NP-045-2007-2008
ATTY. ROLL NO. 27384

Page 6 of 6



**PARS INTERNATIONAL PLACEMENT AGENCY**
Lic. No. POEA-110-LB-101306-PL

## MEMORANDUM OF AGREEMENT

This Agreement is entered between:

PARS INTERNATIONAL PLACEMENT AGENCY, registered under the laws of Republic of the Philippines with the office address at J & F Divino Arcade #961, Aurora Blvd., Quezon City hereinafter referred to as the AGENCY;

and

MARI MAHAL N. TANEDO , of legal age and a resident of
(name of applicant)

22 B Peb 1, CPG EAST AVE, TAGB CIN, hereinafter referred to as APPLICANT,

witnesseth

WHEREAS, the AGENCY is a career expert in many lines of professions and has global access to professional including but not limited to all areas of health, engineering, education, management, commerce, computer, hotel and restaurant, business production and management affairs;

WHEREAS, the AGENCY provides the rare advantage of an international communication link between the APPLICANT from the Philippines and willing and able employers whose offices are located in the United States (U.S.A.) for a quick, effective visa processing and selection of unlimited employment sponsors;

WHEREAS, the AGENCY serves as an "Info Bank" for employer-sponsor in all categories including but not limited to hospital, schools, governments, constructions, private/religious institutions, associations, etc.;

WHEREAS, the AGENCY has an exclusive process to assist the APPLICANT in determining and finding an employment for which he/she is qualified provided he/she pass the interview.

WHEREAS, the APPLICANT agrees that the AGENCY shall assist him/her in finding an employer, corporation or partnership who is willing to sponsor and employ the APPLICANT in the USA under a PLACEMENT FEE;





DEPOSITION EXHIBIT 505

UPI 0000232

NOW THEREFORE for and in consideration of the foregoing premises parties hereby agree under the following terms and conditions:

## ARTICLE I:
## PRINCIPAL DUTIES AND OBLIGATIONS OF THE AGENCY

The AGENCY shall perform the following.

1. Analyze, appraise and evaluate the qualifications of the APPLICANT to establish a program reasonably suited to him/her based on his/her goal, professional license, education, experience and financial commitment with the AGENCY.

2. Submit the application and registration request of the APPLICANT to the USA Employer-Sponsor/Petitioner and Immigration Attorney and perform the various intricate processing of the following documents:

    a. Analysis of qualification and evaluation of transcript
    b. Verifications of School Transcript and Diploma
    c. Verification of Employment
    d. Verification of Professional license/s
    e. Certification of School transcript and credentialing
    f. Verification of NBI/Police Clearance



3. Provide the APPLICANT with guidelines and directions to fulfill the requirements needed by the proper US Government Agencies including but not limited to the Department of Labor, Immigration and Naturalization Service or US Citizenship and Immigration Services for the approval of the APPLICANT'S work authorization, H1-B working visa or green card in the USA;

4. Provide orientation of social, cultural and familiarization in the locale upon arrival in the USA including complying with pertinent immigration laws via referral to an immigration attorney, and acquiring Social Security Number;

5. Acts as liaison in behalf of the APPLICANT in the USA for effective communication with the contact agency, Employer-Sponsor, Immigration Attorney and appropriate US Government agencies;



6. Assist the APPLICANT in finding a initial place to stay, guide him/her to access transportation to his/her place to work, until he/she has settled.

7. Ensure implementation of the guidelines required by the employer-sponsor.

**UPI 0000233**

## ARTICLE II:
## DISCLOSURE AND WARRANTIES OF THE AGENCY

The AGENCY shall make the following disclosure and warranties:

1. Upon signing of the job offer/employment contract from the employer the APPLICANT agrees to pay an initial down payment of equivalent to one month salary as service fee for the AGENCY. Professional fees of the US Immigration attorney of __$ 2,000__, and US Citizenship and Immigration Services fees of __$ 500__ including Premium Processing fee __$ 1,000__ for the petition of the applicant's H1-B Visa which is to be shouldered by the applicant. The fees are based on the rate provided by the USCIS (www.uscis.gov) and are subject to changes.

2. The approval of the petition is subject to the discretion of the approving agency in the US. Denial of the petition through no fault of the AGENCY shall not hold the AGENCY liable nor shall the AGENCY refund the fees paid to the US Agencies and the lawyer concerned;

3. If the applicant is residing in the Philippines at the execution of this agreement, the AGENCY does not guarantee the departure of the APPLICANT to the USA for employment until the following documents have been issued:

    a. Applicant submits the complete documentation requirements such as the US Transcript Evaluation and Certification of US License within the Agency deadline;

    b. Until a receipt of formal sponsorship letter from the employer petitioner and issuance of the approved VISA (work authorization of green card from USCIS).

4. Should the APPLICANT be approved and subsequently issued a contract by the employer, the term of contract is for one (1) year to be renewed by the employer if it is satisfied with the performance of the applicant. In the event that the applicant shall have been terminated from employment for causes due to the applicant, the Universal Placement, Inc. shall assist the applicant in finding another employment.

## ARTICLE III:
## DUTIES AND RESPONSIBILITIES OF THE APPLICANT

The APPLICANT shall perform the following:

1. Submit two (2) sets of professional resume, two (2) original or certified true copies of transcript of records in a sealed envelope from school registrar's

Page 3 of 5

UPI 0000234

office and diploma from the educational institution where the applicant graduated, 2x2 photo and NBI Clearance and fingerprinting.

2. Submit an additional qualified documents which includes but not limited to Income Tax Returns, Certificate of Employment, Professional licenses, Birth Certificate, Passport and Marriage Certificate if married. The APPLICANT shall certify in writing under the penalty of perjury that the documents submitted to the agency are true and correct. Failure of the applicant to submit the required documents to the AGENCY within the deadline prescribed will warrant rescission of this Agreement. Rescission of this Agreement based on this Article is not a waiver of the non-circumvention provision found in Article IV.

3. Undergo medical check-up (POEA accredited) and submit a medical certificate bearing the applicants health status that he/she is fit to work abroad.

4. Provide the Agency with all the necessary information and sign the application/registration/clearance forms provided by the Agency and the US Government.

5. the APPLICANT shall at his/her option authorize the Agency in writing to sign to process the application and registration/clearance forms in behalf of the applicant to meet the above prescribed deadline.

6. the APPLICANT understands that if his/her performance with the employer-sponsor is unsatisfactory the working visa may be subject for cancellation and the applicant may be terminated from work and sent back to the Philippines at his/her own expense. The APPLICANT must submit to the laws of the US Government and pay obedience to it.

7. The APPLICANT releases and holds harmless the AGENCY from all liability it may incur a result of the petition/application being filed on his behalf.

8. The APPLICANT once employed shall not deviate from the terms of his/her contract. He/she shall not find other employment in the United States until after his/her contract is terminated. Any deviation from the terms of contract shall cause the cancellation of his/her visa and the revocation of his/her license.

### ARTICLE IV.
### NON-CIRCUMVENTION CLAUSE

1. The APPLICANT guarantees not to circumvent the fees for which the AGENCY is entitled to under this Agreement for services rendered. Identities

UPI 0000235

of Employer-Sponsor are the assets and goodwill of the AGENCY. Any attempt by the APPLICANT to deprive the AGENCY of its fees upon introduction to the employer-sponsor will subject the applicant to damages in the sum of three (3) times the total fee of the AGENCY as agreed upon in this Agreement.

2. The failure of any party to enforce at any time the terms of this agreement shall not be considered as a waiver hereof. Non-compliance of the terms and conditions of this agreement shall cause the rescission of this agreement with cost to the party at fault.

3. The entire agreement shall constitute the incurred agreement and understanding between both parties and shall supersede all prior contemporaneous agreement representation, both oral and written. All signing parties have equally agreed as evidenced by its signature below.

4. During the effectivity and until termination of this agreement, the APPLICANT agrees not to furnish any person, firm, company or corporation engaged in a competitive business with the intent of circumventing the fees of the AGENCY, any information obtained pursuant to this agreement including but not limited to the name of the employer-sponsor, customer, amount of fees, terms and negotiations or other information concerning the company and its business.

5. That the APPLICANT shall not contract-out with other schools, agencies for the purpose of recruiting or placing teachers with the AGENCY schools/agencies clients during the terms of his/her contract and after two (2) years from termination thereof.

## ARTICLE V:
## GENERAL PROVISION

1. The provisions of this agreement shall be mandatory and the terms and conditions are valid and enforceable. Failure to do so shall render this agreement as null and void and of no effect.

2. This agreement shall remain in full force and in effect. Any clause or section found to be unenforceable shall not invalidate this contract. The remainder of this agreement shall continue to be valid and binding.

3. This contract shall be governed by the Civil Code of the Philippines on the law obligation, in case of differences in the application or interpretation of the provisions hereof, the parties bind themselves to exert utmost and sincere efforts to reconcile the same, and all notices and comments involving

UPI 0000236

unsettled issues shall be in writing delivered to the parties either personally or by registered mail addressed to the parties at their given addresses herein;

4. Should any of the parties be compelled to seek judicial relief, venue shall be in the courts situated in the Quezon City, Philippines.

IN WITNESS WHEREOF, we the parties hereunto set our hands and affixed our signatures on this _2_ day of _Feb. 2008_ at Quezon City, Philippines.

PARS INTERNATIONAL PLACEMENT AGENCY

By: _____

EMILIO VILLARBA
CTC. NO.
Issued on:
Issued at:

_____
APPLICANT
CTC. NO. 23250057
Issued on: FEB 21, 2008
Issued at: TAGBILARAN CITY, BOHOL

WITNESSES

_____        _____

## ACKNOWLEDGEMENT

REPUBLIC OF THE PHILIPPINES )
QUEZON CITY                ) S.S

BEFORE ME, a Notary Public, personally appeared the following persons exhibiting their community tax certificate above stated, known to me be the same persons who executed the foregoing instrument and acknowledgement to me that the same in their free and voluntary act and deed.

I further certify that this instrument refers to a Memorandum of Agreement consisting of five (6) pages including this page wherein the acknowledgment is written and signed by the herein parties and their instrumental witness on each and every page hereof.

WITNESS MY HAND AND SEAL on the date and place first written above.

Doc No. 19
Page No. 4
Book No. II
Series of 08

NOTARY PUBLIC

JULCISIMU G. HINANAY, JR.
NOTARY PUBLIC
COMMISSION EXPIRES DEC. 31, 2008
PTR NO. 8440052, 1-4-2007, Q.C.
TIN NO. 125-852-859
COMMISSION NO. NP-045-2007-2008
ATTY ROLL NO. 27394

Page 6 of 6

UPI 0000237