**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| Case No. | SA CV10-01172 JAK (MLGx) | Date | September 6, 2011 |
|---|---|---|---|
| Title | Mairi Nunag Tanedo, et al. v. East Baton Rouge Parish School Board, et al. | | |

| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE |
|---|---|
| Andrea Keifer | Alex Joko |
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Lawrence R. Rosenzweig<br>James M. Knoepp<br>Susan P. Johnston | Don A. Hernandez<br>Brian Oxman |

**Proceedings:**   **PLAINTIFF'S MOTION FOR CLASS CERTIFICATION [97] [133]**

**PLAINTIFF'S MOTION TO DISMISS UPI'S COUNTERCLAIMS AGAINST MAIRI NUNAG-TANEDO, DONNABEL ESCUADRA, ROLANDO PASCUAL, INGRID CRUZ AND TOMASA MARI [145]**

**DEFENDANTS ROBERT B. SILVERMAN AND SILVERMAN & ASSOCIATES' JOINDER IN EAST BATTON ROUGE PARISH SCHOOL BOARD'S OPPOSITION TO CLASS CERTIFICATION [159]**

**DEFENDANT'S ROBERT B. SILVERMAN, DBA SILVERMAN & ASSOCIATES SPECIAL MOTION TO STRIKE [163]**

The motion hearing is held. Plaintiff states that it has been unable to serve Defendants, Pars International Placement Agency and its president, Emilio Villarba, because those parties are located in the Philippines.

The Court expresses its tentative views on the record regarding Defendant's Special Motion to Strike. Counsel for Plaintiff and Defendant address the Court regarding the issues it raises concerning: (i) whether there is a procedure in Louisiana pursuant to which the government entity can authenticate its own documents and the parties' position as to whether the letters attached to the Declaration of James M. Knoepp (Dkt. #174-1), filed in connection with Plaintiffs' Opposition to Defendant Silverman's Special Motion to Strike, have been properly authenticated under Federal Rules 901 and 902; (ii) the relevance of those letters, which were written by Mr. Silverman and state that he represented both the beneficiary and the applicant in the H-1B Visa process, given that the letters referred to putative class members rather than named plaintiffs and the class has not yet been certified; and (iii) whether or not attorney fees were paid to Mr. Silverman and whether an attorney/client relationship existed between Mr. Silverman and the Plaintiffs. The Court is inclined to deny the motion as it finds that there is sufficient evidence to create a factual dispute as to whether or not an attorney/client relationship existed. During the hearing, the parties expressed differing interpretations of the Code of Federal Regulations sections that deal with the payment of fees related to filing an H-1B Visa application. The Court, before making its final ruling, orders the parties to file a supplemental brief, not to exceed five

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| Case No. | SA CV10-01172 JAK (MLGx) | Date | September 6, 2011 |
|---|---|---|---|
| Title | Mairi Nunag Tanedo, et al. v. East Baton Rouge Parish School Board, et al. | | |

pages, no later than September 13, 2011, regarding the relevant sections of the Code of Federal Regulations and their application in this case.

The Court confers with counsel regarding the status of the appeal now pending in the Louisiana Court of Appeal and why this Court should rule on Plaintiff's motion to dismiss the counterclaims filed by Defendant Universal Placement International, Inc. prior to the decision on that appeal. Counsel for Plaintiff and Defendant address the Court. The Court defers ruling on the motion and sets a Status Conference for December 5, 2011 at 10:30 a.m. A joint status report shall be filed by November 30, 2011 regarding the status of the appeal. Counsel shall be prepared to discuss Louisiana's appeal process, including what the alternative is to a "devolutive appeal" like the one currently pending, the differences between those types of appeals, and how the type of appeal affects the preclusive effect of the Louisiana trial court's decision. Counsel shall also be prepared to discuss whether California or Louisiana choice of law rules should apply in determining which law governs the preclusion issues. Counsel shall contact the clerk if any new developments occur in the appeal process.

The Court expresses its tentative views regarding Plaintiff's Motion for Class Certification. Counsel for Plaintiff and Defendant address the Court on the issues of numerosity and commonality. The Court's tentative view is that more evidence is required to establish that the class is sufficiently numerous to meet the requirements of Rule 23(a). For example, the Plaintiffs may submit copies of the 126 signed retainer letters referred to in the Declaration of Rosalinda Gross Smith (Dkt. #180) as having been received by the Southern Poverty Law Center. The Court also expressed its tentative view that the commonality requirement has been met as to the TVPA claims, and its uncertainty as to whether that applies to the alleged mail and wire fraud claims, which are also alleged predicate acts under the RICO claim. Plaintiff shall file a supplemental brief by September 20, 2011 regarding the numerosity, along with any additional evidence Plaintiffs wish to submit, and the commonality issue, particularly how the specific allegations of misconduct may be considered in a class action context. Defendant shall respond no later than September 27, 2011. Plaintiff's Motion for Class Certification is continued to October 6, 2011 at 9:00 a.m.

The parties shall submit a proposed order as to the Court's analysis and orders set forth today.

**IT IS SO ORDERED.**

|  | 2 | : | 06 |
|---|---|---|---|
| Initials of Preparer | ak | | |