James M. Knoepp (admitted *pro hac vice*)
Jim.Knoepp@splcenter.org
Daniel Werner (admitted *pro hac vice*)
Daniel.Werner@splcenter.org
IMMIGRANT JUSTICE PROJECT
SOUTHERN POVERTY LAW CENTER
233 Peachtree Street NE, Suite 2150
Atlanta, GA  30303
Telephone:  (404) 521-6700
Facsimile:  (404) 221-5857

*Attorneys for Plaintiffs*
*Additional Co-Counsel on Subsequent Pages*

**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | |
|---|---|
| MAIRI NUNAG-TAÑEDO, et al., <br><br> Plaintiffs, <br><br> v. <br><br> EAST BATON ROUGE PARISH SCHOOL BOARD, et al., <br><br> Defendants. | Civ. No.: 10-01172-JAK-MLG <br><br> **PLAINTIFFS' OPPOSITION TO MOTION FOR SUMMARY JUDGMENT OF DEFENDANT THE EAST BATON ROUGE PARISH SCHOOL BOARD** <br><br> Hearing Date: Nov. 7, 2011 <br> Time: 8:30 a.m. <br> Courtroom:  750 <br><br> **HON. JOHN A. KRONSTADT** |

*(Attorney listing continued from first page)*

Mary C. Bauer (admitted *pro hac vice*)
Mary.Bauer@splcenter.org
Sam Brooke (admitted *pro hac vice*)
Sam.Brooke@splcenter.org
Morris S. Dees (admitted *pro hac vice*)
Judy.Bruno@splcenter.org
IMMIGRANT JUSTICE PROJECT
SOUTHERN POVERTY LAW CENTER
400 Washington Avenue
Montgomery, Alabama  36104
Telephone:   (334) 956-8200
Facsimile:    (334) 956-8481

Dennis B. Auerbach (admitted *pro hac vice*)
dauerbach@cov.com
Jillian Willis (admitted *pro hac vice*)
jwillis@cov.com
COVINGTON & BURLING LLP
1201 Pennsylvania Avenue, N.W.
Washington, D.C.  20004
Telephone:   (202) 662-6000
Facsimile:    (202) 662-6291

Candice N. Plotkin (admitted *pro hac vice*)
cplotkin@cov.com
COVINGTON & BURLING LLP
One Front Street
San Francisco, California 94111-5356
Telephone: (415) 591-6000
Facsimile: (415) 591-6091

PLAINTIFFS' OPPOSITION TO MOTION FOR SUMMARY JUDGMENT OF DEFENDANT THE EAST BATON ROUGE PARISH SCHOOL BOARD
Civ. No.: 10-01172-JAK-MLG

2

1  Susan Johnston (admitted *pro hac vice*)
2  sjohnston@cov.com
   COVINGTON & BURLING LLP
3  The New York Times Building
4  620 Eighth Avenue
   New York, New York  10018
5  Telephone:   (212) 841-1000
6  Facsimile:    (212) 841-1010

7  Daniel J. McNeil (admitted *pro hac vice*)
8  dmcneil@aft.org
   AMERICAN FEDERATION OF TEACHERS
9  LEGAL DEPARTMENT
10 555 New Jersey Ave., N.W.
   Washington, DC  20001
11 Telephone:   (202) 393-6305
12 Facsimile:    (202) 393-6385

13
   Lawrence Rosenzweig (SBN 72443)
14 LRPCorp@aol.com
   Brent Rosenzweig (SBN 219071)
15 Brent.Rosenzweig@gmail.com
16 LAWRENCE ROSENZWEIG, PC
   2730 Wilshire Boulevard, Suite 425
17 Santa Monica, California  90403
18 Telephone:   (310) 453-0348
   Facsimile:    (310) 453-3358
19
20 *Attorneys for Plaintiffs*

21
22
23
24
25
26
27
28

PLAINTIFFS' OPPOSITION TO MOTION FOR SUMMARY
JUDGMENT OF DEFENDANT THE EAST BATON ROUGE
PARISH SCHOOL BOARD
Civ. No.: 10-01172-JAK-MLG

3

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION .......... 1

II. BACKGROUND .......... 2

III. ARGUMENT .......... 4

A. Plaintiffs' Negligent Hiring Claim Is Timely Because Plaintiffs Did Not Learn of EBR's Tortious Conduct Until September 2009, and Their Lack of Knowledge Was Reasonable. .......... 4

B. In Any Event, Whether or Not Plaintiffs Acted Reasonably Is a Jury Issue That May Not Be Resolved on a Motion for Summary Judgment. .......... 9

IV. CONCLUSION .......... 12

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Argonaut Great Cent. Ins. Co. v. Hammett*,
    13 So. 3d 1209 (La. Ct. App. 2009)..................................................................10

*Babineaux v. State ex rel. Dep't of Transp. & Dev.*,
    927 So. 2d 1121 (La. Ct. App. 2005)..................................................................6

*Bennett v. Gen. Motors Corp.*,
    420 So. 2d 531 (La. Ct. App. 1982)................................................................8, 9

*Bibeau v. Pac. Nw. Research Found. Inc.*,
    188 F.3d 1105 (9th Cir. 1999)..........................................................................11

*Borck v. Stockstill*,
    315 So. 2d 868 (La. Ct. App. 1975)...................................................................8

*Carter v. Haygood*,
    892 So. 2d 1261 (La. 2005)...............................................................................5

*Cleveland v. Internet Specialties West, Inc.*,
    171 Cal. App. 4th 24, 88 Cal. Rptr. 3d 892 (2009).........................................11

*Corsey v. State, Through Dep't of Corr.*,
    375 So. 2d 1319 (La. 1979)............................................................................4, 5

*Dean v. United of Omaha Life Ins.*,
    No. 05-6067-GHK, 2007 WL 7079558 (C.D. Cal. Aug. 27, 2007)................11

*Eid v. Alaska Airlines, Inc.*,
    621 F.3d 858 (9th Cir. 2010), *cert. denied,* 131 S. Ct. 2874 (2011)..............10

*Jackson v. Ascension Parish Sch. Bd.*,
    573 So. 2d 501 (La. Ct. App. 1990)...................................................................5

*Jordan v. Employee Transfer Corp.,*
    509 So. 2d 420 (La. 1987).................................................................................9

*Kendall Co. v. S. Med. Supplies, Inc.*,
    913 F. Supp. 483 (E.D. La. 1996).....................................................................5

PLAINTIFFS' OPPOSITION TO MOTION FOR SUMMARY JUDGMENT OF DEFENDANT THE EAST BATON ROUGE PARISH SCHOOL BOARD
Civ. No.: 10-01172-JAK-MLG

ii

*LaCombe v. Bank One Corp.*,
  953 So. 2d 161 (La. Ct. App. 2007) ................................................................. 5

*Nev. Power Co. v. Monsanto Co.*,
  955 F.2d 1304 (9th Cir.1992) ........................................................................ 11

*Oracle Oil, LLC v. EPI Consultants, A Div. of Cudd Pressure Control, Inc.*,
  No. 2011 CA 0151, 2011 La. App. LEXIS 1042 (La. Ct. App. Sept. 14, 2011) ............................................................................................................. 10

*Paragon Dev. Group, Inc. v. Skeins*,
  700 So. 2d 1279 (La. Ct. App. 1997) ............................................................... 7

*Riceacres, Inc. v. Hayes*,
  631 So. 2d 703 (La. Ct. App. 1994) ................................................................. 9

*Rihner v. Chevalier*,
  731 So. 2d 429 (La. Ct. App. 1999) ............................................................. 6, 7

*Rozas v. Dep't of Health and Human Res., La.*,
  522 So. 2d 1195 (La. Ct. App.), *writ denied*, 523 So. 2d 1338 (La. 1988) ............ 6

*Saylor v. Villcar Realty, L.L.C.*,
  999 So. 2d 61 (La. Ct. App. 2008) ............................................................... 7, 8

*State Farm Fire & Cas. Co. v. M.L.T. Constr. Co.*,
  849 So. 2d 762 (La. Ct. App. 2003) ................................................................. 7

*Steinberg v. Sunbelt Transformer Co.*,
  No. CV 07-04226-MMM (AJWx), 2008 U.S. Dist. LEXIS 112083 (C.D. Cal. June 6, 2008) ............................................................................................ 4

*Teague v. St. Paul Fire & Marine Ins. Co.*,
  974 So. 2d 1266 (La. 2008) ......................................................................... 6, 9

*Terrebonne Parish Sch. Bd. v. Columbia Gulf Transmission Co.*,
  290 F.3d 303 (5th Cir. 2002) ........................................................................... 9

*Terrel v. Perkins*,
  704 So. 2d 35 (La. Ct. App. 1997) ................................................................... 8

*United States v. Arteaga*,
  117 F.3d 388 (9th Cir. 1997) ........................................................................... 4

PLAINTIFFS' OPPOSITION TO MOTION FOR SUMMARY JUDGMENT OF DEFENDANT THE EAST BATON ROUGE PARISH SCHOOL BOARD
Civ. No.: 10-01172-JAK-MLG

iii

**STATUTES**

Cal. Civ. Proc. Code § 343 ....................................................................................... 4


**OTHER AUTHORITIES**

Local Rule 56-2 ....................................................................................................... 11

PLAINTIFFS' OPPOSITION TO MOTION FOR SUMMARY
JUDGMENT OF DEFENDANT THE EAST BATON ROUGE
PARISH SCHOOL BOARD
Civ. No.: 10-01172-JAK-MLG

iv

## I. INTRODUCTION

Defendant East Baton Rouge Parish School Board ("EBR") contends that Plaintiffs' negligent hiring claim is barred by Louisiana's one-year statute of limitations (or "prescriptive" period) applicable to tort claims. In Louisiana, as elsewhere, however, the statute of limitations does not begin to run until a plaintiff has actual or constructive notice of the defendant's tortious act. Here, Plaintiffs Mairi Nunag-Tanedo, Donnabel Escuadra, and Ingrid Cruz did not learn until September 2009 – within a year of the date this action was instituted — that EBR, their employer, had engaged in tortious conduct that contributed to their injuries. The statute of limitations thus does not bar Plaintiffs' claims.

Plaintiffs, of course, knew before September 2009 that they had been forced into crushing debt by the wrongful acts of Defendant Universal Placement International, Inc. ("Universal"). But not until September 2009 did they first learn crucial facts that caused them to realize that *EBR* was a cause of their injuries and crucial facts upon which their negligent hiring claim *against EBR* is based. Those facts include (a) that EBR hired Universal as its exclusive recruiting agent (notwithstanding that Universal's President, Lourdes Navarro, was a convicted felon); (b) that EBR agreed to hire Universal as its exclusive recruiting agent only after Universal promised to deliver services to EBR free of charge; (c) that EBR's costs, including travel expenses to the Philippines, were reimbursed by Universal; (d) that individuals who attempted to circumvent Universal's operation and gain employment directly through EBR were rejected and told they must go through Universal; (e) that EBR officials had colluded with Universal to cancel the visa of an applicant who refused to comply with Universal's exorbitant fee demand; and (f) that almost $4,000 in legal and visa processing fees were illegally charged to each Plaintiff rather than to EBR (yet EBR continued to retain Universal as its recruiting agent year after year). As their declarations make clear, Plaintiffs learned these crucial facts for the first time in September 2009, in conjunction

PLAINTIFFS' OPPOSITION TO MOTION FOR SUMMARY
JUDGMENT OF DEFENDANT THE EAST BATON ROUGE
PARISH SCHOOL BOARD
Civ. No.: 10-01172-JAK-MLG

1

1  with the preparation of a complaint filed with the Louisiana Workforce
2  Commission ("LWC") by the American Federation of Teachers ("AFT") and the
3  Louisiana Federation of Teachers ("LFT"), and subsequent complaint filed with
4  the United States Department of Labor ("USDOL").  Only then did they have
5  reason to know that they had a potential negligent hiring claim against EBR — a
6  claim they timely asserted 11 months later.
7        EBR contends that Plaintiffs should at least have had apprehensions
8  about EBR's role before September 2009.  Louisiana law, however, does not
9  require a putative plaintiff to take legal action based on the mere apprehension that
10  someone may have been partially responsible for his or her injuries.  It is only
11  when the putative plaintiff knew or should have known of concrete facts
12  suggestive of a defendant's liability that the statute of limitations begins to run.
13  EBR similarly contends that Plaintiffs reasonably should have taken steps to learn
14  of EBR's misconduct before September 2009.  But whether Plaintiffs' actions and
15  inquiries were reasonable under the circumstances is a quintessential jury issue; it
16  is not a matter that can be resolved on summary judgment.  Accordingly, EBR's
17  motion for summary judgment should be denied.

18        **II.**    **BACKGROUND**

19        Each Plaintiff was recruited by Universal and obtained a teaching
20  position at an EBR public school.  Ms. Cruz was recruited and began teaching at
21  EBR in 2007; Ms. Nunag-Tanedo and Ms. Escuadra were recruited and placed for
22  positions at EBR public schools the following year.  (*See* Cruz Decl. ¶ 2 (Exhibit
23  1); Nunag-Tanedo Decl. ¶ 2 (Exhibit 2); Escuadra Decl. ¶ 2 (Exhibit 3).)  Each
24  Plaintiff was required to pay approximately $5,500 in visa processing fees,
25  including a legal fee of $2,000, an anti-fraud fee of $500, a premium processing
26  fee of $1,000, and a form I-129 filing fee of $320.  (ECF No. 134-6).  Each was
27  also required to pay an additional placement fee before leaving the Philippines,
28  with the result that Plaintiffs incurred total costs before coming to the United

PLAINTIFFS' OPPOSITION TO MOTION FOR SUMMARY  
JUDGMENT OF DEFENDANT THE EAST BATON ROUGE  
PARISH SCHOOL BOARD  
Civ. No.: 10-01172-JAK-MLG

2

States ranging from just under $13,000 in Ms. Cruz's case to more than $15,000 for Ms. Nunag-Tanedo and Ms. Escuadra. (Cruz Decl. ¶ 3; Nunag-Tanedo Decl. ¶ 3; Escuadra Decl. ¶ 3.)

In September 2009, AFT and LFT filed a Complaint with the LWC, (Exhibit A to McNeil Decl. (Exhibit 4)), and subsequently filed a Complaint in October 2009 with the USDOL (Exhibit B to McNeil Decl.), alleging various labor law violations by Universal, EBR, and other Louisiana school districts. In September 2009, in conjunction with the preparation of these complaints, Plaintiffs learned facts about EBR essential to their claim, including:

- EBR hired Universal as its *exclusive* recruiting agent (Cruz Decl. ¶ 5; Nunag-Tanedo Decl. ¶ 5);
- EBR agreed to hire Universal as its exclusive recruiting agent after Universal advertised that it would deliver services to EBR free of charge (Cruz Decl. ¶ 5; Nunag-Tanedo Decl. ¶ 5) ;
- EBR costs, including travel expenses to the Philippines, were reimbursed by Universal (Cruz Decl. ¶ 5);
- Individuals who attempted to circumvent Universal's operation and gain employment directly through EBR were rejected and told they must go through Universal (Cruz Decl. ¶ 5);
- EBR officials had colluded with Universal to cancel the visa of an applicant who refused to comply with Universal's exorbitant fee demands (Cruz Decl. ¶ 5); and
- Almost $4,000 in legal and visa processing fees were illegally charged to Plaintiffs rather than to EBR (Cruz Decl. ¶ 5; Nunag-Tanedo Decl. ¶ 4; Escuadra Decl. ¶ 5).[1]

---

[1] Plaintiffs' declarations are not offered for the truth of the underlying facts Plaintiffs learned in September 2009. They are rather offered for the limited purpose of establishing Plaintiffs' states of mind in September 2009 in order to (continued…)

PLAINTIFFS' OPPOSITION TO MOTION FOR SUMMARY JUDGMENT OF DEFENDANT THE EAST BATON ROUGE PARISH SCHOOL BOARD
Civ. No.: 10-01172-JAK-MLG

3

On August 5, 2010 — less than a year after Plaintiffs learned of these crucial facts — Plaintiffs filed this action, alleging that EBR negligently hired Universal as its exclusive recruiting agent. (ECF No. 1.) The negligent hiring claim is founded on the facts of which Plaintiffs became aware only in September 2009. (*See* Plaintiffs' Second Amended Complaint ¶¶ 407-415 (ECF No. 126).)

### III.  ARGUMENT

EBR's motion for summary judgment should be denied because Plaintiffs did not discover the facts underlying EBR's tortious conduct until September 2009, 11 months before they filed their negligent hiring claim. While EBR contends that Plaintiff should reasonably have taken action to learn such facts sooner, the reasonableness of Plaintiffs' conduct is a jury issue that cannot be resolved on a motion for summary judgment.

#### A. Plaintiffs' Negligent Hiring Claim Is Timely Because Plaintiffs Did Not Learn of EBR's Tortious Conduct Until September 2009, and Their Lack of Knowledge was Reasonable.

Louisiana courts have long recognized the equitable doctrine of *contra non valentem* — Louisiana's version of the discovery rule — as an exception to the one-year prescriptive period (or statute of limitations) associated with tort actions in Louisiana.[2] *See Corsey v. State, Through Dep't of Corr.*, 375 So. 2d 1319, 1321 (La. 1979). The doctrine furthers the general Louisiana policy that "prescriptive statutes are strictly construed against prescription and in favor of

---

show that not until then did Plaintiffs have reason to believe that they might have a negligent hiring claim against EBR. As such, the declarations are not hearsay. *See, e.g., United States v. Arteaga*, 117 F.3d 388, 397-98 (9th Cir. 1997) (statement offered for the effect on the hearer or as evidence of a party's state of mind is not hearsay); *Steinberg v. Sunbelt Transformer Co.*, No. CV 07-04226-MMM (AJWx), 2008 U.S. Dist. LEXIS 112083, at *9-*10 n.11 (C.D. Cal. June 6, 2008) (statement offered for limited purpose of showing how party learned of information is not hearsay).

[2] We assume without conceding that Louisiana law applies here. EBR's statute of limitations defense would also fail under the applicable four-year statute of limitations in California. *See* Cal. Civ. Proc. Code § 343.

PLAINTIFFS' OPPOSITION TO MOTION FOR SUMMARY JUDGMENT OF DEFENDANT THE EAST BATON ROUGE PARISH SCHOOL BOARD
Civ. No.: 10-01172-JAK-MLG

4

the obligation sought to be extinguished; thus, of two possible constructions, that which favors maintaining, as opposed to barring, an action should be adopted." *Carter v. Haygood*, 892 So. 2d 1261, 1268 (La. 2005). It is intended "[t]o soften the occasional harshness of prescriptive statutes …." *Id.; Corsey*, 375 So. 2d at 1321. The *contra non valentem* doctrine "allow[s] the courts to weigh the equitable nature of the circumstances in each individual case to determine whether prescription will be tolled." *Carter*, 892 So. 2d at 1268 (internal quotation marks and citation omitted); *see also LaCombe v. Bank One Corp.*, 953 So. 2d 161, 163-64 (La. Ct. App. 2007) ("[T]he doctrine of *contra non valentem* is applied on a case-by-case basis based upon circumstances").

There are four circumstances under which the doctrine of *contra non valentem* may apply. The fourth is the relevant one here: "where the cause of action is not known or reasonably knowable by the plaintiff, even though this ignorance is not induced by the defendant." *Carter,* 892 So. 2d at 1268. Under this fourth component of the doctrine, "prescription does not run during the period in which the cause of action was not known or reasonably knowable to the plaintiff[,] . . . prescription does not run until the plaintiff has actual or constructive notice of the tortious act, the resulting damage, and the causal connection between the two." *Jackson v. Ascension Parish Sch. Bd.*, 573 So. 2d 501, 503 (La. Ct. App. 1990). Constructive knowledge is "more than mere apprehension that something might be wrong, but less than actual knowledge that something was wrong." *Kendall Co. v. S. Med. Supplies, Inc*., 913 F. Supp. 483, 488 (E.D. La. 1996). "Prescription begins to run when it can be objectively determined that the exercise of reasonable diligence would have alerted a reasonably minded plaintiff of the reasonable possibility that it was the victim of tortious conduct." *Id.* The doctrine applies unless a plaintiff's ignorance of the facts underlying his or her cause of action was "willful, negligent or unreasonable." *Id.* (citation omitted).

PLAINTIFFS' OPPOSITION TO MOTION FOR SUMMARY JUDGMENT OF DEFENDANT THE EAST BATON ROUGE PARISH SCHOOL BOARD
Civ. No.: 10-01172-JAK-MLG

5

Here, Plaintiffs knew before September 2009 that they had paid substantial fees, and had suffered injuries due to Universal's misconduct. But this does not mean they knew or had reason to know that *EBR* had engaged in misconduct concerning its hiring of Universal that could give rise to a cause of action against the school district. As explained above and as set forth in Plaintiffs' declarations, Plaintiffs lacked critical facts concerning EBR's misconduct until September 2009, and thus had no reason to believe they had a cause of action against EBR until that time.

This action is not like the car accident case, where an injured party immediately knows the cause of his or her injury. *See, e.g,. Babineaux v. State ex rel. Dep't of Transp. and Dev.*, 927 So. 2d 1121 (La. Ct. App. 2005). Nor is it a case where the injured party knows who injured her at the time of injury, but merely lacks full details surrounding her injury. *See, e.g., Rozas v. Dep't of Health and Human Res,, La.*, 522 So. 2d 1195 (La. Ct. App.), *writ denied*, 523 So. 2d 1338 (La. 1988). Rather, this is a case where Plaintiffs simply had no reason to know that EBR engaged in wrongful conduct that caused their injuries until September 2009, significantly after those injuries first occurred.

Courts have held that the *contra non valentem* doctrine tolls the statute of limitations where, as here, the plaintiff did not know or have reason to know of defendant's fault at the time he or she was injured. In such circumstances, "it is the knowledge of the cause or reason for the undesirable result that commences the running of peremption when such knowledge is not [self-evident] from the bad result." *See Teague v. St. Paul Fire & Marine Ins. Co.*, 974 So. 2d 1266, 1277 (La. 2008) (applying analogous peremption doctrine). For example, in *Rihner v. Chevalier*, 731 So. 2d 429 (La. Ct. App. 1999), the court held that the statute of limitations did not begin to run on a plaintiff homeowner's claim against a city based on cracks in the homeowner's foundation until plaintiff learned from an engineer's report that the cracks resulted from a contractor's

failure to comply with city code provisions. *Id.* at 431-32. The statute did not begin to run from the date the homeowner knew of the damage, or from the date when a mason had advised the homeowner that the damage could indicate a structural problem. *Id.*

Similarly, in *State Farm Fire and Casualty Co. v. M.L.T. Construction Co.,* 849 So. 2d 762 (La. Ct. App. 2003), plaintiff consulted many times with her physician, but neither she nor the physician ever concluded that her injuries were related to her work environment. *Id.* at 772. Only when plaintiff gained such knowledge did the statute of limitations begin to run. *Id.*

Along the same lines, in *Paragon Development Group, Inc. v. Skeins*, 700 So. 2d 1279 (La. Ct. App. 1997), the court determined that *contra non valentem* applied to a company's action for damages against a subcontractor, whose son committed a number of thefts at the company's construction site. The plaintiff company suspected the son's involvement, and there was evidence that one of the company's operators gave the son's name to police after the first theft, but the company lacked actual proof to support its suspicions. *Id.* at 1282. The court held that *contra non valentem* tolled the statute of limitations in these circumstances. The court framed the relevant issue to be "whether the mere suspicion that a party *may* be responsible for a crime is sufficient to support bringing a cause of action for damages." *Id.* "We conclude that it is not." *Id.* The court held that the statute of limitations began to run only when plaintiff became aware of sufficient facts indicating that a particular individual — the subcontractor's son — was responsible for the thefts. *Id.*

Likewise here, the statute of limitations did not begin to run on Plaintiffs' negligent hiring claim until September 2009, when Plaintiffs learned of specific facts indicating that EBR engaged in wrongful conduct that contributed to the injuries they had suffered and were continuing to suffer.

PLAINTIFFS' OPPOSITION TO MOTION FOR SUMMARY JUDGMENT OF DEFENDANT THE EAST BATON ROUGE PARISH SCHOOL BOARD
Civ. No.: 10-01172-JAK-MLG

7

The cases cited by EBR do not warrant a different result. In *Saylor v. Villcar Realty, L.L.C.*, 999 So. 2d 61 (La. Ct. App. 2008), for example, a tenant brought suit against his landlord for negligence in connection with a building fire. The court rejected plaintiff's claim that the statute of limitations was tolled by the discovery rule because plaintiff knew immediately when he suffered his injuries that the party that owned the building — his landlord — was liable. The fact that he did not learn the landlord company's identity until sometime later was irrelevant. *Id.* at 65. That is completely different from the situation here: Plaintiffs did not know and had no reason to suspect before September 2009 that their employer had engaged in wrongful conduct that contributed to their prior injuries.

Similarly, in *Borck v. Stockstill*, 315 So. 2d 868 (La. Ct. App. 1975), the court held that the discovery rule did not toll the statute of limitations on plaintiff's trespass claim against a neighboring landowner. The court held that the statute of limitations began to run on the date plaintiff wrote a letter to defendant complaining of the trespass. *Id.* at 872. That letter indicated that plaintiff had good reason to suspect defendant's role. The fact that defendant's attorney responded to the letter by denying knowledge of the trespass was not sufficient to toll the statute. *Id.* at 873. Here, by contrast, Plaintiffs did not have good reason to suspect EBR's role in causing their injuries until September 2009.

In *Terrel v. Perkins*, 704 So. 2d 35 (La. Ct. App. 1997), the court held that the discovery rule did not apply because plaintiff knew specific facts more than one year before filing suit against an insurance company that should have enabled him to learn that the insurer had issued a homeowner's insurance policy providing coverage for his damages. *Id.* at 39-40. Here, however, Plaintiffs did not learn of facts supporting EBR's potential liability for negligent hiring until September 2009, less than a year before they filed suit.

PLAINTIFFS' OPPOSITION TO MOTION FOR SUMMARY JUDGMENT OF DEFENDANT THE EAST BATON ROUGE PARISH SCHOOL BOARD
Civ. No.: 10-01172-JAK-MLG

8

Finally, in *Bennett v. General Motors Corp.*, 420 So. 2d 531 (La. Ct. App. 1982), the court held that the discovery rule did not toll the statute of limitations in a car accident case because plaintiff knew shortly after the accident that his car's brake system was the subject of a recall campaign by the manufacturer and had not been corrected pursuant to that campaign. Plaintiff thus had good reason to know at the time that *someone* other than the manufacturer was likely responsible for his injuries, *i.e.*, the party that had failed to correct the problem. *Id.* at 534-35. This put plaintiff under a duty to investigate and ascertain the identity of this additional responsible party. *Id.* Here, by contrast, Plaintiffs had *no* reason to know before September 2009 that parties other than Universal and the other Recruiter Defendants engaged in wrongful acts that contributed to their injuries. The *contra non valentem* doctrine tolls the statute of limitations in these circumstances.

### B. In Any Event, Whether or Not Plaintiffs Acted Reasonably Is a Jury Issue That May Not Be Resolved on a Motion for Summary Judgment.

Contrary to EBR's contention, Plaintiffs' lack of knowledge regarding EBR's role in causing their injuries was reasonable under the circumstances. Louisiana law does not require that a plaintiff immediately take action against anyone who could possibly have been involved in causing his or her injuries. "[P]rescription should not be used to force a person who believes he may have been damaged in some way to rush to file suit against all parties who might have caused the damages." *Riceacres, Inc. v. Hayes*, 631 So. 2d 703, 706 (La. Ct. App. 1994); *see also Jordan v. Employee Transfer Corp.*, 509 So. 2d 420, 423 (La. 1987) (same). "To hold that peremption commences from the date of knowledge of a bad result would precipitate lawsuits unnecessarily to preserve rights." *Teague*, 974 So. 2d at 1277. "When the alleged fault is not obvious, delay may not be unreasonable." *Terrebonne Parish Sch. Bd. v. Columbia Gulf Transmission Co.*, 290 F.3d 303, 322 (5th Cir. 2002) (citation omitted).

PLAINTIFFS' OPPOSITION TO MOTION FOR SUMMARY JUDGMENT OF DEFENDANT THE EAST BATON ROUGE PARISH SCHOOL BOARD
Civ. No.: 10-01172-JAK-MLG

9

Here, Plaintiffs knew before September 2009 that EBR had engaged Universal, but it certainly was not obvious that EBR had acted negligently in doing so. EBR's hiring of Universal alone obviously does not constitute a sufficient basis for a *negligent* hiring claim. Plaintiffs did not learn of crucial facts suggesting EBR's *negligence* (*e.g.*, that EBR apparently put its interest in receiving free recruiting services above its duty to diligently investigate the background of its exclusive contractor) until September 2009. (*See* Cruz Decl. ¶ 5; Nunag-Tanedo Decl. ¶ 5; Escuadra Decl. ¶ 5.) There is simply no evidence that Plaintiffs — Philippine nationals who had been in the United States for only a short period — were somehow unreasonable in failing, before September 2009, to sue EBR or to investigate whether EBR had taken steps to facilitate and/or turn a blind eye to Universal's fraudulent scheme.

More significantly for present purposes, whether Plaintiffs were or were not reasonable in their actions is a jury issue, and thus may not be resolved on summary judgment. "[S]ummary judgment is generally an inappropriate way to decide questions of reasonableness because the jury's unique competence in applying the reasonable man standard is thought ordinarily to preclude summary judgment." *Eid v. Alaska Airlines, Inc.*, 621 F.3d 858, 868 (9th Cir. 2010) (citation omitted), *cert. denied,* 131 S. Ct. 2874 (2011).

Based on this principle, courts in Louisiana and elsewhere have repeatedly held that a determination of whether a plaintiff's delay in bringing suit was reasonable or unreasonable for purposes of applying the discovery rule is an issue for the trier of fact. Indeed, just last month, a Louisiana appellate court held in the discovery rule context that "[t]he date on which prescription begins to run is a factual issue to be determined by the trier of fact." *Oracle Oil, LLC v. EPI Consultants, A Div. of Cudd Pressure Control, Inc.*, Case No. 2011 CA 0151, 2011 La. App. LEXIS 1042, at \*13 (La. Ct. App. Sept. 14, 2011). *Accord Argonaut Great Cent. Ins. Co. v. Hammett*, 13 So. 3d 1209, 1214 (La. Ct. App.

PLAINTIFFS' OPPOSITION TO MOTION FOR SUMMARY JUDGMENT OF DEFENDANT THE EAST BATON ROUGE PARISH SCHOOL BOARD
Civ. No.: 10-01172-JAK-MLG

10

2009) (reversing grant of summary judgment where issues remained upon which "reasonable persons could disagree or the weighing of conflicting evidence is required" related to what Plaintiff should have discovered ); *Eid v. Alaska Airlines*, 621 F.3d at 875 (reasonableness of plaintiff's diligence in investigating claim for discovery rule purposes was jury issue); *Bibeau v. Pac. Nw. Research Found. Inc.*, 188 F.3d 1105, 1108 (9th Cir. 1999) (reversing district court's grant of summary judgment on statute of limitations because, pursuant to discovery rule "the statute only begins to run once a plaintiff has knowledge of the 'critical facts' of his injury, which are 'that he has been hurt and who has inflicted the injury[,]' . . . what [a plaintiff] knew and when [he] knew it are questions of fact") (citations omitted); *Nev. Power Co. v. Monsanto Co.*, 955 F.2d 1304, 1307 (9th Cir.1992) (issue of diligence for purposes of discovery rule "may be decided as a matter of law only when uncontroverted evidence irrefutably demonstrates plaintiff discovered or should have discovered the fraudulent conduct") (internal quotation marks and citations omitted); *Dean v. United of Omaha Life Ins.*, No. CV 05-6067-GHK (FMOX), 2007 WL 7079558, at *11 (C.D. Cal. Aug. 27, 2007) ("[a]pplication of the discovery rule is typically a question of fact for the jury"); *Cleveland v. Internet Specialties West, Inc.*, 171 Cal. App. 4th 24, 31, 88 Cal. Rptr. 3d 892, 897-98 (2009) (whether plaintiff exercised reasonable diligence for purposes of applying discovery rule "is a question of fact for the court or jury to decide") (internal quotation marks and citations omitted).

These numerous authorities make clear that whether Plaintiffs exercised reasonable diligence in investigating potential claims against EBR is a quintessential jury issue. It may not be resolved on a motion for summary judgment.³

---

³ As indicated in Plaintiffs' Local Rule 56-2 Statement, the jury must evaluate Plaintiffs' evidence as to the following facts:

(continued…)

PLAINTIFFS' OPPOSITION TO MOTION FOR SUMMARY JUDGMENT OF DEFENDANT THE EAST BATON ROUGE PARISH SCHOOL BOARD
Civ. No.: 10-01172-JAK-MLG

11

## IV. CONCLUSION

For the foregoing reasons, EBR's motion for summary judgment should be denied.

Respectfully submitted this 17th day of October, 2011.

\_\_/s/ James M. Knoepp_____
James M. Knoepp
IMMIGRANT JUSTICE PROJECT
SOUTHERN POVERTY LAW CENTER
233 Peachtree Street NE, Suite 2150
Atlanta, Georgia 30303

On behalf of Attorneys for Plaintiffs

---

1. Not until September 2009, 11 months before this lawsuit was filed, did Plaintiffs become aware of information suggestive of EBR's potential liability for negligent hiring.

2. EBR's liability for negligent hiring of defendant Universal Placement International, Inc. was not obvious prior to September 2009.

3. Plaintiffs did not act unreasonably by virtue of not suing or investigating their employer, EBR, prior to September 2009.

PLAINTIFFS' OPPOSITION TO MOTION FOR SUMMARY JUDGMENT OF DEFENDANT THE EAST BATON ROUGE PARISH SCHOOL BOARD
Civ. No.: 10-01172-JAK-MLG

12

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that I have this date electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification to all counsel of record.

      __/s/ James M. Knoepp___

PLAINTIFFS' OPPOSITION TO MOTION FOR SUMMARY JUDGMENT OF DEFENDANT THE EAST BATON ROUGE PARISH SCHOOL BOARD
Civ. No.: 10-01172-JAK-MLG

13