1  SILVERMAN & ASSOCIATES
2  ROBERT B. SILVERMAN SBN 170517
   25 S. OAK KNOLL AVE., SUITE 504
3  PASADENA, CA 92683
   TEL: 714-936-7499
4  FAX: 626-298-6630
   EMAIL: SILVERATTY@GMAIL.COM
5
   BRIAN OXMAN SBN 72172
6  LAW OFFICES OF BRIAN OXMAN
   14126 E. ROSECRANS
7  SANTA FE SPRINGS, CA
   TEL: (562) 921-5058
8  EMAIL: OXMAN2008@AOL.COM
9
   ATTORNEYS FOR DEFENDANTS:
10       ROBERT B. SILVERMAN: SILVERMAN & ASSOCIATES

11           UNITED STATES DISTRICT COURT

12           CENTRAL DISTRICT OF CALIFORNIA

13

14  MAIRI NUNAG TANEDO, etc., et )   Case: SA CV10-01172-JAK(MLGx)
    al.,                        )
15                              )
                                )   **DEFENDANTS, ROBERT B.**
16      Plaintiffs,             )   **SILVERMAN DBA SILVERMAN &**
                                )   **ASSOCIATES MEMORANDUM IN**
17      vs.                     )   **SUPPORT OF MOTION TO**
                                )   **ENFORCE STAY AND MOTION**
18  EAST BATON ROUGE PARISH     )   **FOR RECONSIDERATION OF**
19  SCHOOL BOARD, etc., et al., )   **CLASS CERTIFICATION**
                                )
20      Defendants.            )
21                              )
                                )
22                              )
                                )
23                              )   HEARING DATE: March 12, 2012
                                )   TIME:  8:30 a.m.
24                              )   COURTROOM: 750 - Roybal
                                )
25                              )
                                )
26                              )   HON. JOHN A. KRONSTADT
27                              )
28

29  Case No.: SACV-01172-JAK-MLGx        Memorandum in Support of Motion to
                                          Enforce Stay and Motion:
                                          Reconsideration

# TABLE OF CONTENTS

I.   INTRODUCTION ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ....   1

   A.  Statement of the Case ... ... ... ... ... ... ... ... ... ... ... ... ....   1

      1.  Plaintiffs Complaint ... ... ... ... ... ... ... ... ... ... ....   2

      2.  Plaintiff's Motion for Class Certification ... ... ... ... ....   2

      3.  Mr. Silverman's Special Motion to Strike ... ... ... ... ...   4

   B.  Basis for Motion to Enforce Stay and Motion for
      Reconsideration ... ...............................................   5

II.  THE COURT SHOULD ENFORCE THE AUTOMATIC STAY
   AS TO MR. SILVERMAN, GRANT A STAY OF THE HUMAN
   TRAFFICKING ISSUE, AND RECONSIDER ITS CLASS
   CERTIFICATION ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ....   6

   A.  Mr. Silverman's Appeal Created an Automatic Stay ... ... ....   6

   B.  The Court Should Stay the Human Trafficking Claim ... ... ...   7

      1.  The remaining claims are affected by Mr. Silverman's
       appeal ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ...   7

      2.  Plaintiffs' claims against Mr. Silverman are
       interdependent ... ... ... ... ... ... ... ... ... ... ... ... ....   8

      3.  Discretionary stay is proper because of interdependent
       claims ... ... ... ... ... ... ... ... ... ... ... ... ... ... ...   9

      4.  Mr. Silverman has a likelihood of success of his appeal   12

   C.  The Court Should Reconsider Class Certification on Mr.
      Silverman ... ... ... ... ... ... ... ... ... ... ... ... ... ... ...   13

      1.  Mr. Silverman  did not represent Plaintiffs ... ... ... ......   13

      2.  Class Certification on Mr. Silverman was clearly
       erroneous ... ...............................................   15

      3.  The G-28 Form did not create an Attorney Client

relationship ... ... ... ... ... ... ... ... ... ... ... ... ...          16

4.  The Court should reconsider its certification of a class

action ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... .          17

5.  The determination of negligence and breach of duty

requires individualized inquiries which precludes

a class action ... ... ... ... ... ... ... ... ... ... ... ... ... ...          18

III.    CONCLUSION ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ...          19

## **TABLE OF CASES**

Batzel v. Smith, 333 F.3d 1018 (9th Cir. 2003) ... ... ... ... ... ... ... ... ..   13

Cole v. Gen. Motors Corp., 484 F.3d 717 (5th Cir. 2007) ... ... ... ... ... ..   12

Coopers & Lybrand v. Livesay, 437 U.S. 463 (1978) ... ... ... ... ... ... ...   12

Eyre v. McDonough Power Equip., 755 F.2d 416 (5th Cir. 1985) ... ... ..   14

Gartin v. S&M Nutec, LLC, 245 F.R.D. 429 (C.D.Cal. 2007) ... ... ... ..   18

Ghaly v. I.N.S., 48 F.3d 1426 (7th Cir. 1995) ... ... ... ... ... ... ... ... ..   4, 15

Gregurek v. United of Omaha Life Ins. Co., 2009 WL 4723137

    (C.D.Cal. 2009) ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ...   18

Greka Integrated, Inc. v. Lowery, 133 Cal. App. 4th 1572 (2005) ... ... ..   13

Ground v. Sullivan, 785 F.Supp. 1407 (S.D.Cal. 1992) ... ... ... ... ... ...   13

Hanon v. Data Products Corp., 976 F.2d 497 (9th Cir. 1992) ... ... ... ... .   12

In re Paxil Litg., 212 F.R.D. 539 (C.D.Cal. 2003) ... ... ... ... ... ... ... ...   18

Kona Enterprises, Inc. v. Estate of Bishop, 229 F.3d 877 (9th Cir. 2000)   14

Mattel, Inc. v. Luce, Forward, Hamilton & Scripps,

    99 Cal.App.4th 1179 (2002) ... ... ... ... ... ... ... ... ... ... ...   6, 15

Matter of C-, 9 I7N Dec 547, 1962 WL 12852 (BIA 1962) ... ... .   15, 16

Matter of Sano, 19 I&N Dec. 299, 1985 WL 56053 (BIA 1985) .   4, 15

Matter of Zaidan, 19 I&N 297, 1985 WL 56050 (BIA 1985) ... ..   4, 15

Makaeff v. Trump Univ., LLC, 2011 U.S.Dist. LEXIS 13603

    (S.D.Cal. Feb. 11, 2011) ... ... ... ... ... ... ... ... ... ... ... ...   5, 7

Moser v. Encore Capital Group, Inc., 2007 U.S. Dist. LEXIS 22970

    (C.D.Cal. Mar. 29, 2007) ... ... ... ... ... ... ... ... ... ...   4, 6, 7, 9, 10

Nken v. Holder, 556 U.S. 418 (2009) ... ... ... ... ... ... ... ... ... ... ... ...   7

Poulos v. Caesars Wporld, Inc., 379 F.3d 654 (9th Cir. 2004) ... ...   12, 18

Quezada v. Loan Centers of California, Inc., 209 W.L. 5112506

    (E.D.Cal. 2009) ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ....   18

Samtamarina v. Sears, Roebuck & Co., 466 F.3d 570 (7th Cir. 2006) ... .   14

MR. SILVERMAN'S MOTION TO ENFORCE STAY AND RECONSIDERATION OF CLASS CERTIFICATION

Smith v. Massachusetts, 543 U.S. 462 (2005) ... ... ... ... ... ... ... ... ....   14

Thompson v. Housing Auth. of Los Angeles, 782 F.2d 829

    (9th Cir. 1986) ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ...   13

Triax Co. v. United States, 20 Cl. Ct. 507 (1990) ... ... ... ... ... ... ... ...   14

Varian Medical Systems, Inc. v. Delfino, 35 Cal. 4th 180 (2005) ...   6, 10

Verizon De., Inc. v. Covad Comm. Co., 377 F.3d 1081 (9th Cir. 2004) ..   11

Yuba Natural Resources, Inc. v. United States, 904 F.2d 1577

    (Fed. Cir. 1990) ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ....   14

## TABLE OF STATUTES AND RULES

15 U.S.C. § 1962c) & (d) ... ... ... ... ... ... ... ... ... ... ... ... ... ...   1

18 U.S.C. § 1595 ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ....   1

8 C.F.R. § 103.2 ... ... ... ... ... ... ... ... ... ... ... ... ... ...   4, 5, 14, 16, 17

Federal Rules of Civil Procedure, Rule 23 ... ... ... ... ... ... ... ... ...   2, 17

Federal Rules of Civil Procedure, Rule 60 ... ... ... ... ... ... ... ... ....   14

California Business & Professions Code § 17200 ... ...…... ... ... ... ....   1

California Civil Code § 1812.508 ... ... ... ... ... ... ... ... ... ... ....   1

California Code of Civil Procedure § 416.25 ... ... ... ... ... ... ... ....   4

# I.

## INTRODUCTION

Defendant, Mr. Robert Silverman and Silverman & Associates ("Mr. Silverman") submit this Memorandum in Support of his Motion for to Enforce Stay and for Reconsideration of the Court's Class Certification ruling of which Notice was given on December 15, 2011.  Mr. Silverman's Motion is based on:

(1)  On November 24, 2011, Mr. Silverman filed an Appeal of the Court's denial of his Special Motion to Strike which created an automatic stay on all of the Negligence and Breach of Fiduciary Duty Claims, and the Court should enforce the automatic stay by vacating the class certification as to Mr. Silverman entered on December 15, 2011;

(2)  The Court should exercise its discretion to stay further proceedings against Mr. Silverman regarding the Human Trafficking issue because it presents identical facts and claims which are interrelated and interdependent with the Negligence and Breach of Fiduciary Duty claims;

(3)  The Court should reconsider its Order certifying the class against Mr. Silverman because the Order violates the automatic stay and there is no evidence from the G-28 Form or any other source for a class action involving attorney negligence or intentional conduct towards hundreds of different supposed clients.

### A.  Statement of the Case.

#### 1. Plaintiffs Complaint.

Plaintiffs, Mairi Nunag-Tanedo, Ingrid Cruz, Donnabell Escuada, Rolando Pascual, and Tomasa Mari fled this action on August 5, 2010, alleging violations of Victims of Trafficking and Violence Prevention Act of 2000 ("Human Trafficking"), 18 U.S.C. § 1595, the Racketeering Influence and Corrupt Organizations Act ("RICO"), 15 U.S.C. § 1962(c) & (d); California Employment Agency laws, Civil Code § 1812.508; Unfair Business Practices under Business & Professions Code § 17200; Fraud; Negligent Misrepresentation; Declaratory

Relief; Breach of Fiduciary Duty; Legal Malpractice; and Negligent Hiring against various defendants. Plaintiffs sought declaratory and injunctive relief.

The allegations in the Second Amended Complaint against Mr. Silverman are contained in the First Claim for Human Trafficking, Second RICO Claim, Tenth Claim for "Negligence and Legal Malpractice," and Eleventh Claim for "Breach of Fiduciary Duty." The other Claims are not against Mr. Silverman. The Court has previously dismissed the RICO claims of fraud against all parties.

Plaintiffs allege that they are part of a class of Filipino nationals who were induced to work in the United States as part of a human trafficking conspiracy by East Baton Rouge Parish School Board ("School Board") in Louisiana, which is an agency of the State of Louisiana. Plaintiffs claim Mr. Silverman was part of the "conspiracy" because he aided and abetted the other defendants by filing H-1B immigration visas for the teachers, even though he never met, talked to, or had any dealings with the teachers. Judge Guilford found the School Board to be incapable of committing a violation of Human Trafficking and the Second Amended Complaint has dropped them from the First Cause of Action.

## 2. Plaintiff's Motion for Class Certification.

On March 14, 2011, plaintiff filed a Motion for Class Certification. (Docket 97). After various continuances and oppositions filed by the other defendants, on July 25, 2011, Mr. Silverman filed his opposition to the motion. (Docket 156). Mr. Silverman's opposition was based on the grounds:

(1) Mr. Silverman was the School Board's attorney, not the attorney for any of the plaintiffs or their class members, and he did not file a notice of appearance for them or have any contact, confidences, or relationship with any members of plaintiffs' class;

(2) Plaintiffs failed to satisfy Rule 23 because negligence and breach of fiduciary duty claims are not susceptible to class certification, and plaintiffs lack

standing, a community of interest, and common facts relating to Mr. Silverman who was never their attorney;

(3) Plaintiffs were not adequate class representatives because they were not Mr. Silverman's clients, and their claims against Mr. Silverman are not typical.

On December 15, 2011, the Court gave notice of its ruling on the Motion for Class certification. (Docket 232). The Court found that the RICO claims asserted against all parties were not suitable for class certification. However, as to the Human Trafficking, Breach of Fiduciary Duties, and Negligence claims, the Court found that class certification was proper as to Mr. Silverman. The Court stated:

"The legal malpractice and breach of fiduciary duty claims against the Attorney Defendants depend on the following question of fact: Whether an attorney-client relationship existed between the Attorney Defendants and class members. In large part, this will require determining whether Silverman's signature on the G-28 Notice of Entry of Appearance forms accompanying the H-1B visa petitions of Plaintiffs Tanedo, Cruz, and Escuadra, on which Silverman indicated that he represented those Plaintiffs, is sufficient to establish an attorney-client relationship. See Knoepp Decl., Exh. J, Dkt. 70-1. The malpractice and breach of fiduciary duty claims will then turn on the fees Plaintiffs and class members paid and whether conflicts of interest arose from the simultaneous representation of EBR and the class members by the Attorney Defendants. For instance, Silverman claims that he had no contact with any class members. Silverman Decl. ¶ 3, Dkt. 157. If true, this is a fact common to all class members that supports their claim of malpractice, because Silverman would have represented the class members without ever interacting with them. Accordingly, common questions will predominate over individualized inquiries." (12-15-11 Certification Order, p. 11 ¶ 1)(Docket 232).

However, Mr. Silverman's filing a G-28 Form did not constitute an appearance or representation of plaintiff "beneficiaries." 8 C.F.R. § 103.2 ("beneficiary" employee is not a party to Visa petition proceeding); Ghaly v. I.N.S., 48 F.3d 1426, 1434 & n. 6 (7th Cir. 1995)("beneficiary" not a party to Visa application proceeding); Matter of Sano, 19 I&N Dec. 299, 1985 WL 56053 *302 (BIA 1985)(only petitioner, not the beneficiary, is party to application with standing to appeal); Matter of Zaidan, 19 I&N 297, 1985 WL 56050 * 298 (BIA 1985)(only petitioner has standing to appeal, not beneficiary who is not a party). The Court's ruling is incorrect because Mr. Silverman did not represent the beneficiaries, never conveyed the G-28 Form to them, and had no communication, contact, or dealings of any kind with the teacher "beneficiaries." No attorney-client relationship existed, and the Court's holding that an attorney who signs a G-28 Form under the mandatory requirements of filing a Visa Application identifying the beneficiary for his only client, the School Board,  thereby undertakes "conflicting" and "simultaneous" representations of the "beneficiary" is an untenable legal position with no legal or factual support.

### 3. **Mr. Silverman's Special Motion to Strike.**

Before the Court entered any order regarding Class Certification on December 15, 2011, on October 24, 2011, the Court denied Mr. Silverman's Special Motion to Strike under California Code of Civil Procedure section 416.25. (Docket 221).  Mr. Silverman appealed that Order on November 24, 2011. (Docket 224).  The effect of that appeal was to automatically stay all proceedings regarding the class certification with respect to him.  Moser v. Encore Capital Group, Inc., 2007 U.S. Dist. LEXIS 22970 * 6 (C.D. Cal. Mar. 29, 2007).

On July 26, 2011, Mr. Silverman had filed a Special Motion to Strike under California Code of Civil Procedure section 416.25 regarding the state law claims for Breach of Fiduciary Duty and Negligence.  (Docket 153).  Each of the claims against Mr. Silverman arose from his activity of petitioning the federal government

on behalf of the School Board or representing them in litigation and petitioning activity.  In response, defendants presented "nothing" to indicate that Mr. Silverman ever had any relationship to any of the plaintiffs, and yet claimed he engaged in "intentional" conduct toward them, a fact which cannot be reconciled with reality no matter how hard anyone might try.[1]

On October 24, 2011, the Court denied Mr. Silverman's Special Motion to Strike.  (Docket 221).  On November 24, 2011, Mr. Silverman filed a timely Notice of Appeal.  (Docket 224).  Nevertheless, the Court certified the class as to Mr. Silverman on December 15, 2011, in violation of the automatic stay.

**B.  Basis for Motion to Enforce Stay and Motion for Reconsideration.**

Mr. Silverman files this Motion to Enforce Automatic Stay and Motion for Reconsideration because the Court's Order of December 15, 2011, violates the automatic stay provisions of the California Code of Civil Procedure section 425.16. The Court's Order is contrary to the law and fails to consider the intervening fact of Mr. Silverman's appeal on November 24, 2011, which stays proceedings against him under California law.  The Court's ruling that the G-28 Form constitutes evidence of Mr. Silverman's representation of members of plaintiffs' class is legally incorrect and contrary to all authorities on the matter.

The effect of an appeal of a Special Motion to Strike under California law is to stay all proceedings against a defendant who appeals a denial of the Special Motion to Strike.  Makaeff v. Trump Univ., LLC, 2011 U.S. Dist. LEXIS 13603 * 4 (S.D. Cal. Feb. 11, 2011).  The automatic stay provision "stays all further trial court proceedings 'upon the matters embraced' in or 'affected' by the appeal."

---

[1]  Mr. Silverman recognizes the Court has opined that the G-28 Form Mr. Silverman signed for H-1B Visa application could be construed as Mr. Silverman representing the teacher "beneficiary" as part of the H-B Visa Application.  However, this position would shock thousands of attorneys who have submitted identical forms for hundreds of thousands if not millions of H-1B Visa applications.  The position is contrary to the law.  See pp. 13-16 infra.  It is contrary to the plain meaning of the regulations which set forth and mandate the immigration attorney to submit a G-28 Form without representing the "beneficiary."  8 CFR § 103.2.  The Court's opinion on this matter is incorrect and contrary to the plain meaning of the G-28 Form.

<u>Varian Medical Systems, Inc. v. Delfino</u>, 35 Cal. 4th 180, 189 (2005).  A matter is embraced in or affected by the appeal if proceedings on the matter would affect the effectiveness of the appeal. <u>Id</u>.

All proceedings against Mr. Silverman regarding the claims for Breach of Fiduciary Duty and Negligence are automatically stayed pending the outcome of his appeal.  <u>Moser v. Encore Capital Group, Inc.</u>, 2007 U.S. Dist. LEXIS 22970 * 6 (C.D. Cal. Mar. 29, 2007).  The remaining proceedings "should be stayed" because they "directly or indirectly seek to 'enforce, vacate or modify'" the order from which the appeal was taken, would affect the appellate court's ability to resolve the appeal, or the result of the proceedings might be irreconcilable with the decision on appeal. <u>Varian Medical Systems, Inc. v. Delfino</u>, 35 Cal. 4th 180, 189-90 (2005).  There is no question but that the claims of Trafficking and RICO are integrated and form the basis for the claims of Breach of Fiduciary Duty and Negligence, and because there is no separateness between the claims on a factual or legal basis, those claims should also be stayed.

## II.

## <u>THE COURT SHOULD ENFORCE THE AUTOMATIC STAY AS TO MR. SILVERMAN, GRANT A STAY OF THE HUMAN TRAFFICING ISSUE, AND RECONSIDER ITS CLASS CERTIFICATION</u>

### A. <u>Mr. Silverman's Appeal Created an Automatic Stay.</u>

Mr. Silverman's appeal of the denial of his SLAPP motion "automatically stayed further proceedings on the claims affected by the motion." <u>Moser v. Encore Capital Group, Inc.</u>, 2007 U.S. Dist. LEXIS 22970 * 6 (C.D. Cal. Mar. 29, 2007); <u>Varian Medical Systems, Inc. v. Delfino</u>, 35 Cal.4th 180, 186 (2005).  An appeal of a special motion to strike automatically stays all proceeding in the trial court regarding the issues appealed.   <u>Mattel, Inc. V. Luce, Forward, Hamilton & Scripps</u>, 99 Cal. App. 4th 1179, 1183, 1190 (2002) (automatic stay under anti-Slapp statute divests trial court of jurisdiction over matters appealed).  As a result, any

issue of fact or law involved in the Breach of Fiduciary Duty and Negligence claims was automatically stayed by Mr. Silverman's November 24, 2011, appeal, including class certification as to those claims.

### B. The Court Should Stay the Human Trafficking Claim.

#### 1. The remaining claims are affected by Mr. Silverman's appeal

While an appeal of the denial of an Anti-Slapp Motion automatically stays the issues and claims appealed, it does not stay collateral claims or issues. Makaeff v. Trump Univ., LLC, 2011 U.S. Dist. LEXIS 13603 * 5 (S.D. Cal. Feb. 11, 2011). Such collateral matters may be stayed under the District Court's discretionary powers where they are so interrelated or interdependent with the matters appealed that there is a risk of duplicative or inconsistent decisions with the appellate court's determination. Moser v. Encore Capital Group, Inc., 2007 U.S. Dist. LEXIS 22970 * 6 (C.D. Cal. Mar. 29, 2007). The additional matters in this case involving the First Claim for Human Trafficking should be stayed under the Court's discretionary powers because it is interrelated and interdependent on the same issues, facts, and law contained in the Breach of Fiduciary Duty and Negligence claims against Mr. Silverman.

In Nken v. Holder, 556 U.S. 418, 422 (2009), the Court set forth the factors to decide whether a discretionary stay on appeal is appropriate: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." The first two factors—likelihood of success on the merits and irreparable injury—are the "most critical" in evaluating a request for a stay. Makaeff v. Trump University, LLC, 2011 U.S. Dist LEXIS 13603 * 9 (S.D. Cal. Feb. 11, 2011). A party seeking a stay must show more than "some possibility" of each of the first two factors. Nken v. Holder, 556 U.S. 418, 423 (2009). The Court only considers the final two

factors—harm to the opposing party and the weight of the public interest—if the movant satisfies the first two. Id. at 424-25.

An examination of the interdependence and interrelated nature of the claims demonstrates that all of the criteria for a "discretionary" stay are met regarding the First Claim for Human Trafficking as it relates to Mr. Silverman. As demonstrated below there can be no Breach of Fiduciary Duty or Negligence for Mr. Silverman unless there was Human Trafficking, and there can be no Human Trafficking for Mr. Silverman unless there was a Breach of Fiduciary Duty and Negligence.

## 2. **Plaintiffs' claims against Mr. Silverman are interdependent**.

The allegations in Plaintiffs' Second Amended Complaint ("SAC") demonstrate the claims are both interrelated and interdependent. The Breach of Fiduciary Duty and Negligence claims are based on the existence of Human Trafficking violations. Plaintiffs claimed Mr. Silverman engaged in seven (7) overt "conspiracy acts" of Human Trafficking with the State and its agency (SAC ¶¶ 173-183) as follows:

(1) Mr. Silverman knew that EBR forced plaintiffs to pay certain fees while it refused to make the payments through the School Board;   (SAC, p. 69, ¶ 181, lines 21-25);

(2) Mr. Silverman conspired with the EBR, Universal and its president Navarro to "isolate" plaintiffs from other Filipinos, threaten them with lawsuits and deportation, and manipulate the State's applications through the visa renewal process (SAC p. 59, ¶¶ 181-83; line 24, to p. 60, line 9);

(3) Mr. Silverman helped the State of Louisiana's agency, the School Board, to obtain from the Filipino teachers various costs which the School Board, and not the teacher, was supposed to pay (SAC, p. 69, ¶ 183, lines 21-25);

(4) Mr. Silverman conspired with the School Board to file with the US Government fraudulent documents which the School Board signed whereby the

School Board falsely certified the State of Louisiana was in compliance with the H-1B visa process, (SAC, p. 71; ¶ 183 (d), (e), (g), (h); lines 2-6);

(5) Mr. Silverman applied for a one-year visa which was signed and authorized by the State and its agency, the School Board, rather than a three-year Visa, which while available, the School Board did not want, so that the State of Louisiana would have greater control over the forced labor of the plaintiffs (SAC, p. 71, ¶ 183(f) , lines 7-18);

(6) Mr. Silverman "drafted" a fraudulent statement signed by the State of Louisiana's agency, the School Board, to terminate the Visa of a teacher who refused to repay fees (SAC, p. 71, ¶183(i), lines 28, to p. 72, line 3); and

(7) Mr. Silverman "verified" (testified) under California Code of Civil Procedure ("CCP") § 446 as an attorney for an out of county client a baseless lawsuit filed by a different attorney where Universal was the plaintiff against one of the current plaintiffs, Ingrid Cruz, designed to retaliate against the teacher who complained about Universal.  (SAC, p. 72, ¶¶ 171, 183(j), (k); lines 5-15).

None of these claims can be decided or ruled upon without affecting the Negligence and Breach of Fiduciary duty claims.  The state law claims are dependent and intermingled with the identical facts which make up the Human Trafficking claims, and only if those claims are sustained would there be a Breach of Fiduciary Duty or Negligence, and visa versa.  Because the claims are intermingled and interdependent, the Court should stay all claims against Mr. Silverman pending the determination of his appeal.  Moser v. Encore Capital Group, Inc., 2007 U.S. Dist. LEXIS 22970 (C.D. Cal. Mar. 29, 2007).

### 3. Discretionary stay is proper because of interdependent claims

Because all of the issues, facts, and law of this case are interrelated and interdependent, a stay of the class certification relating to the First Claim for Human Trafficking is warranted.  Any decision which might be made in the District Court will affect every issue presented to the Ninth Circuit, and there is an

9

undeniable prospect of duplicate and inconsistent decisions in this case. All of the issues of law and fact involved in the Human Trafficking claim are also now before the Ninth Circuit because the claims or interdependent and interrelated to the Breach of Fiduciary Duty and Negligence claims.

In <u>Moser v. Encore Capital Group, Inc.</u>, 2007 U.S. Dist. LEXIS 22970 (C.D. Cal. Mar. 29, 2007), plaintiffs brought an action against defendants for defamation, breach of contract, interference with business, and infliction of emotional distress. Defendants moved to strike the defamation claim under California's anti-Slapp statute, and the trial court denied the motion. Defendants then appealed the denial, and moved the court for a stay of all matters pending against them, including claims not covered by the anti-Slapp motion. The District Court found that all claims brought against the appealing defendants should be stayed pending appeal, not just the claims subject to the anti-Slapp Motion. The Court found:

> "'In determining whether a proceeding is embraced in or affected by the appeal, [the Court] must consider the appeal and its possible outcomes in relation to the proceeding and its possible results.' <u>Varian</u>, 35 Cal.4th at 189 (citation omitted). Should the Ninth Circuit grant the Anti-SLAPP Defendants' appeal and strike the claims against them, much of Plaintiff's case against them would effectively be gone. Plaintiff agrees the Anti-SLAPP Motion is based on whether material submitted to the SEC can serve as a basis for his claims. (Opp'n at 7:11--14.) In his request for judicial notice filed October 17, 2006, Plaintiff argued the Anti-SLAPP Defendants had not appealed the Court's denial of their Anti-SLAPP motion with regard to their second, third, and fourth claims. (Req. for Judicial Notice filed Oct. 17, 2006, at 2:7-9.) However, the basis for the claims is heavily dependent on the SEC filings. (SAC, PP 78, 81, 88 (describing interference with contractual relations, breach of contract, and breach of the covenant of good faith and fair dealing as related to defamation.).) Should the Ninth Circuit

grant the appeal, all Plaintiff's claims at the very least would be substantially affected, and, Plaintiff would likely need to amend his complaint. <u>See</u> <u>Verizon</u>, 377 F.3d at 1091 (holding that a plaintiff should be given leave to amend to pursue meritorious claims following the grant of an anti-SLAPP motion).

"On the other hand, permitting the proceedings to continue against the Anti-SLAPP Defendants runs the risk of rendering the appeal moot by eliminating the need for immunity from suit. <u>See Varian</u>, 35 Cal.4th at 190 (holding that 'a proceeding affects the effectiveness of the appeal if the very purpose of the appeal is to avoid the need for that proceeding'). Thus, virtually all Plaintiff's claims against the Anti-SLAPP Defendants are affected by the matters appealed. While the Court might attempt to identify particular issues it believes would be unaffected by the appeal, such identification is necessarily speculative in view of the Defendants' allegedly unified conspiracy. The Court, moreover, finds it uneconomical to proceed piecemeal with claims against the Anti-SLAPP Defendants. To the extent the Court has discretion to move forward with proceedings against these Defendants while the appeal is pending, the Court declines to do so." <u>Id</u>. at *9-10.

There can be no liability for the violation of Human Trafficking in the First Cause of Action, without a violation of Breach of Fiduciary Duty and Negligence, which are the very issues now before the Ninth Circuit. Mr. Silverman's appeal divested the District Court of jurisdiction to adjudicate those issues. Whether or not the G-28 Form created an attorney-client relationship and gave rise to Negligence or Breach of Fiduciary Duty is now before the Ninth Circuit, and the District Court should stay further proceedings on the First Claim for Human Trafficking because it presents identical issues and facts.

### 4. <u>Mr. Silverman has a likelihood of success of his appeal</u>.

The Court's ruling that the G-28 Form shows a possibility that Mr. Silverman represented the teacher "beneficiaries" is contrary to the law. There are no facts which have been presented to support this or any other claim that Mr. Silverman ever represented any potential class plaintiff. The Court "must understand the claims, defenses, relevant facts, and applicable substantive law in order to make a meaningful determination of the certification issues," <u>Cole v. Gen. Motors Corp.</u>, 484 F.3d 717, 724 (5th Cir. 2007), and is "at liberty to consider evidence which goes to the requirements of Rule 23 even though the evidence may also relate to the underlying merits of the case." <u>Hanon v. Data Products Corp.</u>, 976 F.2d 497, 509 (9th Cir. 1992).

To determine whether plaintiffs have satisfied their burden, this Court must examine the record evidence, and not be guided by the unsubstantiated allegations in the complaint or plaintiffs' motion for class certification. <u>Coopers & Lybrand v. Livesay</u>, 437 U.S. 463, 469 (1978)(class certification may require courts to answer questions "enmeshed in the factual and legal issues comprising the plaintiff's cause of action"). Only by looking to the record evidence, and the elements of the claims and defenses asserted, can the Court determine whether proof of plaintiffs' claims would also prove the class claims. <u>Poulos v. Caesars World, Inc.</u>, 379 F.3d 654 (9th Cir. 2004) (Court analyzed elements of claims and defenses, related evidence, and evidentiary record to affirm denial of class certification). The undeniable fact in this case is that there is not a scintilla of evidence that Mr. Silverman ever represented any of the plaintiffs because he had no contact with them and nothing he did ever affected them. The G-28 Form is not evidence of his representation, and in fact, it is evidence to the contrary.

The fact the Court denied Mr. Silverman's Anti-Slapp Motion does not determine the likelihood of success on appeal. The denial of an anti-SLAPP motion finds only that a claim is not frivolous; it does not evaluate whether the

claim will ultimately succeed on the merits.  <u>Batzel v. Smith</u>, 333 F.3d 1018, 1025 (9th Cir. 2003)("Denial of an anti-SLAPP motion resolves a question separate from the merits in that it merely finds that such merits may exist"); <u>Greka Integrated, Inc. v. Lowrey</u>, 133 Cal. App. 4th 1572, 1580 (2005) (a party opposing an anti-SLAPP motion to strike need only "state ... and substantiate ... a legally sufficient claim" by making a "prima facie showing of facts which would, if credited, support a judgment in his favor").

There is a high degree of likelihood that the Court of Appeal will agree with Mr. Silverman that the G-28 Form did not create an attorney-client relationship with the potential class plaintiffs.  A holding to the contrary would so disrupt the Visa immigration system created by the Congress as to cause chaos for immigration attorneys who have signed hundreds of thousands if not millions of such G-28 Forms while never representing the "beneficiaries."  Mr. Silverman has shown a likelihood of success on appeal.

**C.   The Court Should Reconsider Class Certification on Mr. Silverman**

**1.   Mr. Silverman  did not represent Plaintiffs.**

The Court's Order granting class certification against Mr. Silverman is premised on Plaintiffs' claim that Mr. Silverman represented the entire class of 350 workers who were part of the forced labor scheme as their attorney because he filed the H-1B Visa application which plaintiffs claim made them his client and Mr. Silverman their attorney. (12-15-11 Order, p. 11 ¶ 1).  However, the Order is a violation of the automatic stay which came into existence on November 24, 2011, when Mr. Silverman filed his Notice of Appeal of the Order denying his Slapp Motion.  Further, the ruling is a clear error in the legal implications of a G-28 Form, and a manifest failure to consider that by filing a G-28 Form Mr. Silverman did not become the attorney for the teacher "beneficiary."  <u>Thompson v. Housing Auth. of Los Angeles</u>, 782 F.2d 829, 832 (9th Cir. 1986)(relief from Order under Rule 60 is matter within court's discretion); <u>Ground v. Sullivan</u>, 785 F.Supp. 1407,

MR. SILVERMAN'S MEMO IN SUPPPORT OF MOTION TO ENFORCE STAY AND FOR RECONSIDERATION

1411 n.3 (S.D. Cal. 1992)(court may reconsider order and grant relief under local rules or Rule 60).

Local Rule 7-18 provides:

> Motion for Reconsideration. A motion for reconsideration of the decision on any motion may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision. No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion."

It is well recognized that "[a] motion for reconsideration is addressed to the discretion of the trial court." Triax Co. v. United States, 20 Cl. Ct. 507, 509 (1990) (citing Eyre v. McDonough Power Equip., 755 F.2d 416, 420 (5th Cir. 1985) (construing FRCP 59); Yuba Natural Resources, Inc. v. United States, 904 F.2d 1577, 1583 (Fed. Cir. 1990). Although the Federal Rules do not expressly authorize a motion for reconsideration "a district court has the inherent power to reconsider and modify its interlocutory orders prior to the entry of judgment ..." Smith v. Massachusetts, 543 U.S. 462, 475 (2005). A motion for reconsideration is appropriate where the Court is presented with newly discovered evidence, committed clear error, or there was an intervening change in the controlling law. Kona Enterprises, Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000); Samtamarina v. Sears, Roebuck & Co., 466 F.3d 570, 572 (7th Cir. 2006).

Mr. Silverman was not the attorney for any of the plaintiffs, and he had no attorney client relationship with any plaintiff or class member. Mr. Silverman filed Visa petitions for the School Board, not plaintiffs. 8 C.F.R. § 103.2 (a beneficiary

of a petition is not a recognized party in such a proceeding); <u>Matter of Sano</u>, 19 I&N Dec. 299, 1985 WL 56053 *302 (BIA 1985)(only petitioner, not the beneficiary, is party to application with standing to appeal); <u>Matter of Zaidan</u>, 19 I&N 297, 1985 WL 56050 * 298 (BIA 1985)(only petitioner has standing to appeal, not beneficiary who is not a party).  The Court's December 15, 2011, Order violates the automatic stay which went into effect on November 24, 2011, as to Mr. Silverman's state law claims because an appeal of the denial of a special motion to strike automatically stays all proceeding in the trial court regarding the issues appealed.  <u>Mattel, Inc. V. Luce, forward, Hamilton & Scripps</u>, 99 Cal. App. 4th 1179, 1183, 1190 (2002)(automatic stay under anti-Slapp statute divests trial court of jurisdiction over matters appealed).

## 2. <u>Class Certification on Mr. Silverman was clearly erroneous</u>.

There is no basis for the Court to conclude class certification is proper because Mr. Silverman submitted a G-28 Form regarding the H-1B Visa petitions for his client, the School Board.  There is no evidence or legal grounds to conclude an attorney client relationship existed between Mr. Silverman and the teacher "beneficiary" from the filing of the G-28 Form as part of the Immigration Process.  The entire claim of attorney client relationship is solely based on the G-28 Form, and no other facts or law exist to establish this relationship.

Mr. Silverman's only client in the Visa process was the School Board, who was the "Petitioner."  As a matter of law, Mr. Silverman was never the attorney for the "Beneficiary" foreign workers who were not a party to the proceeding.  <u>Ghaly v. I.N.S.</u>, 48 F.3d 1426, 1434 & n. 6 (7th Cir.  1995) ("beneficiary" not a party to Visa application proceeding).  The only Visa application he filed was on behalf of the School Board, where the foreign worker teacher was never a party to the proceeding.  8 C.F.R. § 103.2; <u>Matter of C-</u>, 9 I&N Dec 547, 1962 WL 12852 (BIA 1962).  The suggestion that Mr. Silverman undertook such blatant conflicting and simultaneous representation is without support.

Mr. Silverman was not the attorney for the "beneficiary," and not only is there no other allegation to support that conclusion, but also there is no evidence to support that conclusion. Only the School Board "Petitioner" signed the application and the G-28 Form. Nowhere in the Immigration Process did the "beneficiary" sign the G-28 Form, the Petition, or any document whereby an attorney-client relationship was created between Mr. Silverman and the teacher "beneficiary."

### 3.  The G-28 Form did not create an Attorney Client relationship

The filing of the G-28 Form did not make the Plaintiffs Mr. Silverman's clients. As a matter of law, Plaintiffs were never Mr. Silverman's clients simply because Mr. Silverman filed an Immigration Petition on behalf of the School Board which contained a G-28 Form with the Beneficiary's name but no signature by the Beneficiary. Matter of C-, 9 I&N Dec 547, 1962 WL 12852, at *547 (BIA 1962). The Plaintiffs offered no evidence to support the finding of an attorney-client relationship other than the alleged filing of a G-28 Form. Mr. Silverman did not have an attorney-client relationship with any of these named Plaintiffs, and the Court's ruling was clearly erroneous.

8 C.F.R. section 103.2(a)(3) requires all parties to the proceeding to sign the G-28 Representation Form acknowledging the attorney's representation. **NOT ONE** Plaintiff ever signed a G-28 Form or any other form submitted to U.S. Customs and Immigration Service as part of the Immigration Process. However, the signature of the School Board's representative Charlotte Placide appears on each form as the "Petitioner," and that signature authorized Mr. Silverman to obtain "any record pertaining to me," which means only the School Board.

For this Court to "bootstrap" that Form into an incomprehensible "double representation" by Mr. Silverman is a patent injustice. By filing an appearance for the Petitioner, the School Board, Mr. Silverman in no manner became the attorney for the "beneficiary" of the Petition. Section 103.2(b)(6) of Title 8 of the Code of Federal Regulations permits the "applicant" to withdraw a Petition. The applicant

was the Petitioner, School Board. To suggest the School Board needed the beneficiary's permission to withdraw the Petition is nonsensical because a beneficiary may not and has no rights to withdraw the Petition because the beneficiary is not a "party" to the proceeding. 8 C.F.R. 103.2 ("A beneficiary of a petition is not a recognized party in such a proceeding."). To suggest Mr. Silverman represented the "beneficiary" is contrary to the plain language of the governing regulations for such petitions, and the Court should reconsider its ruling because no allegation of the Complaint nor the G-28 Form present any basis to hold a common issue of law or fact exists regarding Mr. Silverman's representation of the "beneficiary."

### 4.  The Court should reconsider its certification of a class action.

The Court's ruling in this case found Mr. Silverman's claim there was an "absence" of contact and dealing with class members to create a common issue of law or fact showing his negligence. (12-15-11 Certification Order, p. 11 ¶ 1). However, the argument presupposes there is other evidence of an attorney-client relationship when no such evidence exists. The fact Mr. Silverman did not contact plaintiffs was not because he was negligent. It was because he was never their attorney.

The "non-liability" of a defendant is always a potential issue in any lawsuit, whether class action or otherwise, and the absence of liability constituting a common issue of law or fact for class certification would render every case without exception suitable for class determination. The "absence" of conduct creating liability is not the type of common issue of law or fact which is contemplated under Rule 23. The Court should reconsider its ruling because it "erases" and dispenses with all of the other standards regarding class certification.

Not one of the plaintiffs ever had any contact with Mr. Silverman. There is no evidence of negligence. Rather, Mr. Silverman presented undeniable evidence of no attorney-client relationship.

MR. SILVERMAN'S MEMO IN SUPPOPRT OF MOTION TO ENFORCE STAY AND FOR RECONSIDERATION

5. __The determination of negligence and breach of duty requires__
__individualized inquiries which preclude a class action__

There were no discussions, no communications, and no knowledge on the part of any class member that Mr. Silverman ever existed. Not one of the potential class member plaintiffs can identify a single act which Mr. Silverman did or which affected them because they never met him, never talked to him, and had no attorney-client relationship with him. To show anything to the contrary requires an individualize showing of "negligence" and "breach of duty" which cannot form the basis of a class action. This undeniable reality is unsuited for a class action.

"Because the proximate causation analysis involves individualized factual issues, courts generally consider negligence claims ill-suited for class actions." Gartin v. S&M Nutec, LLC., 245 F.R.D. 429, 439 C.D. Cal. 2007). Class certification should be denied for negligence claims because causation analysis requires a myriad of individualized histories unsuited for class actions. In re Paxil Litg., 212 F.R.D. 539, 551 (C.D. Cal. 2003). Individualized determination of negligence, conspiracy, and intentional conduct resulting in a tort are inappropriate for a class action. Poulos v. Caesar's World, 379 F.3d 654, 664-67 (9th Cir. 2004).

The certification of a class action for an attorney's negligence is unknown in the legal literature, and no case exists where a court has made such a certification other than this Court. The undeniable fact is that individualized examination of each potential plaintiff would be necessary to make a determination of liability relating to Mr. Silverman. Quezada v. Loan Centers of California, Inc., 209 WL 5112506 * 7 (E.D. Cal. 2009). Given the fact this Court granted summary judgment for the School Board regarding claims against it by plaintiffs on the grounds the statute of limitations ran, there is no way to examine the statute of limitations regarding Mr. Silverman without individualized findings and specifics as to each class member. Gregurek v. United of Omaha Life Ins. Co., 2009 WL 4723137 (C.D. Cal. 2009). This case is not suited for a class action.

1

## III.

## <u>CONCLUSION</u>

For the foregoing reasons, defendant Mr. Robert Silverman, requests his Motion to Enforce Stay and for Reconsideration of Class Certification be granted.

DATED:  December 27, 2011

BRIAN OXMAN

By:  _____

Brian Oxman
Attorney for Defendants,
Robert Silverman dba
Silverman and Associates

# CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served on all counsel of record herein via the Court's electronic notification system on this 27th day of December, 2011.


/s/ Brian Oxman

MR. SILVERMAN'S MEMO IN SUPPOPRT OF MOTION TO ENFORCE STAY AND FOR RECONSIDERATION