James M. Knoepp (admitted *pro hac vice*)
Jim.Knoepp@splcenter.org
Daniel Werner (admitted *pro hac vice*)
Daniel.Werner@splcenter.org
IMMIGRANT JUSTICE PROJECT
SOUTHERN POVERTY LAW CENTER
233 Peachtree Street NE, Suite 2150
Atlanta, GA  30303
Telephone:  (404) 521-6700
Facsimile:  (404) 221-5857

*Attorneys for Plaintiffs*
*Additional Co-Counsel on Subsequent Pages*

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAIRI NUNAG-TAÑEDO, et al., <br><br> Plaintiffs, <br><br> v. <br><br> EAST BATON ROUGE PARISH SCHOOL BOARD, et al., <br><br> Defendants. | Civil Case No.: 10-01172-JAK-MLG <br><br> **PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT ROBERT B. SILVERMAN DBA SILVERMAN & ASSOCIATES' MOTION TO ENFORCE STAY AND MOTION FOR RECONSIDERATION OF CLASS CERTIFICATION** <br><br> Hearing Date: March 12, 2012 <br> Time: 8:30 a.m. <br> Courtroom:  750 <br><br> **HON. JOHN ARNOLD KRONSTADT** |

*(Attorney listing continued from first page)*

Mary C. Bauer (admitted *pro hac vice*)
Mary.Bauer@splcenter.org
Sam Brooke (admitted *pro hac vice*)
Sam.Brooke@splcenter.org
Morris S. Dees (admitted *pro hac vice*)
Judy.Bruno@splcenter.org
IMMIGRANT JUSTICE PROJECT
SOUTHERN POVERTY LAW CENTER
400 Washington Avenue
Montgomery, Alabama  36104
Telephone:   (334) 956-8200
Facsimile:   (334) 956-8481

Dennis B. Auerbach (admitted *pro hac vice*)
dauerbach@cov.com
Jillian Willis (admitted *pro hac vice*)
jwillis@cov.com
COVINGTON & BURLING LLP
1201 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone:   (202) 662-6000
Facsimile:    (202) 662-6291

Candice N. Plotkin (admitted *pro hac vice*)
cplotkin@cov.com
COVINGTON & BURLING LLP
One Front Street
San Francisco, California 94111-5356
Telephone: (415) 591-6000
Facsimile: (415) 591-6091

*(Attorney listing continued from second page)*

Susan Johnston (admitted *pro hac vice*)
sjohnston@cov.com
Pamela A. Carter (admitted *pro hac vice*)
pcarter@cov.com
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, New York 10018
Telephone: (212) 841-1000
Facsimile: (212) 841-1010

Daniel J. McNeil (admitted *pro hac vice*)
dmcneil@aft.org
AMERICAN FEDERATION OF TEACHERS
LEGAL DEPARTMENT
555 New Jersey Ave., N.W.
Washington, DC 20001
Telephone: (202) 393-6305
Facsimile: (202) 393-6385

Lawrence Rosenzweig (SBN 72443)
LRPCorp@aol.com
Brent Rosenzweig (SBN 219071)
Brent.Rosenzweig@gmail.com
LAWRENCE ROSENZWEIG, PC
2730 Wilshire Boulevard, Suite 425
Santa Monica, California 90403
Telephone: (310) 453-0348
Facsimile: (310) 453-3358

*Attorneys for Plaintiffs*

## I. INTRODUCTION

Plaintiffs submit this memorandum in opposition to the motion filed by Defendant Robert B. Silverman DBA Silverman & Associates ("Mr. Silverman") seeking a stay of the claims against him and reconsideration of the Court's order certifying those claims for class treatment under Federal Rule of Civil Procedure 23. Mr. Silverman's motion is principally based on the fact that he has a pending appeal before the Ninth Circuit of the Court's October 24, 2011 Order denying his special motion to strike pursuant to California's Anti-SLAPP statute, Cal. Code Civ. P. § 425.16. As shown below, the pendency of Mr. Silverman's Anti-SLAPP appeal does not justify the relief he seeks, and his motion otherwise lacks merit.

<u>First</u>, while an appeal of the denial of an Anti-SLAPP motion typically stays proceedings on the claims covered by the motion, such a stay will *not* be imposed where the appeal is frivolous. Mr. Silverman's appeal here is indeed frivolous. Plaintiffs' state law claims against Mr. Silverman are for legal malpractice and breach of fiduciary duty; they are not based on conduct protected by the First Amendment. As the Court correctly recognized in denying Mr. Silverman's Anti-SLAPP motion, California courts have consistently held that garden variety legal malpractice and breach of fiduciary duty claims do not fall within the ambit of the Anti-SLAPP statute. Mr. Silverman's contention on appeal that the Anti-SLAPP statute does cover such claims is frivolous. As for Plaintiffs' federal claims against Mr. Silverman, it is beyond dispute that "the anti-SLAPP statute does not apply to federal law causes of action." *Hilton v. Hallmark Cards*, 599 F.3d 894, 901 (9th Cir. 2010).

<u>Second</u>, Mr. Silverman's request that the Court exercise its discretion to stay Plaintiffs' federal claims against him also is baseless. Even assuming *arguendo* that Mr. Silverman were entitled to a stay with respect to the state law claims, he has not come close to meeting his burden of establishing a basis for

extending such a stay to the federal claims. He has not shown a likelihood of success on the merits of his appeal; he has not demonstrated irreparable injury if the federal claims against him proceed; he has not addressed the harm that Plaintiffs will suffer if their federal claims are stayed; and he has not explained why the public interest would support extending the putative stay to Plaintiffs' federal claims. Moreover, granting Mr. Silverman's request for a stay would be contrary to the interests of justice and would waste party and judicial resources because a stay of Plaintiffs' federal claims would necessitate further delaying the trial date in this case or holding a separate trial on the federal claims against Mr. Silverman.

<u>Third</u>, Mr. Silverman offers no valid basis for the Court to reconsider its order granting class certification. He merely rehashes the same arguments he made against class certification, which have already been carefully considered and rejected by the Court. Indeed, Local Rule 7-18 expressly precludes Mr. Silverman from seeking reconsideration based on these rehashed arguments. Mr. Silverman's contention that the Court should reconsider its order on class certification because it was issued after Mr. Silverman filed his Anti-SLAPP appeal also is without merit because, as indicated, no automatic stay exists where, as here, the appeal is frivolous.[1]

---

[1] Mr. Silverman's motion should be denied for the additional reason that he failed to comply with Local Rule 7-3. The motion recites that Mr. Silverman's counsel sought to confer with Plaintiffs' counsel James Knoepp by leaving voicemail messages on December 20, 2011, and December 22, 2011. But Mr. Knoepp was in his office on both dates and received no such voicemail messages. (*See* Declaration of James Knoepp ¶ 5 (Exhibit 1).) This is not the first time that Mr. Silverman's counsel has misled a court. *See* Exhibit 2 (State Bar of California Review Department, Opinion and Order, Jan. 13, 2012). Mr. Silverman's December 27 motion is also procedurally improper because Local Rule 7-3 mandates that a motion be filed no sooner than 10 days after the required conference of counsel. Mr. Silverman has not complied with that requirement.

## II. FACTUAL BACKGROUND

Plaintiffs refer the Court to the Second Amended Complaint ("SAC"), filed on June 2, 2011 (ECF No. 126), for a complete recitation of the background facts. The relevant factual background is further set forth in the Court's Minute Order denying Mr. Silverman's Anti-SLAPP motion (ECF No. 221, the "Anti-SLAPP Order") and its Order granting Plaintiffs' motion for class certification (ECF No. 232, the "Class Certification Order").

## III. ARGUMENT

### A. THE COURT SHOULD NOT STAY PROCEEDINGS AGAINST MR. SILVERMAN ON PLAINTIFFS' STATE LAW CLAIMS BECAUSE HIS ANTI-SLAPP APPEAL IS FRIVOLOUS.

The Court should not stay proceedings against Mr. Silverman with respect to Plaintiffs' state law claims for legal malpractice and breach of fiduciary duty. While an appeal of the denial of an Anti-SLAPP motion normally "automatically stays all further trial court proceedings on the merits upon the causes of action affected by the motion[,] . . . *the Court may decline to grant a stay where it finds an appeal is frivolous*." *Moser v. Encore Capital Grp., Inc.*, No. 04CV2085-LAB (WMc), 2007 U.S. Dist. LEXIS 22970, at *7-8 (S.D. Cal. Mar. 29, 2007) (citation and internal quotation marks omitted) (emphasis added). An appeal is frivolous where it is "'wholly without merit.'" *Id.* at *8 (quoting *United States v. Kitsap Physicians Serv.*, 314 F.3d 995, 1003 n.3 (9th Cir. 2002)).

Mr. Silverman's appeal here is wholly without merit because it is based on the assertion that Plaintiffs' malpractice and breach of fiduciary duty claims are subject to the Anti-SLAPP statute. They are not. As the Court held in the Anti-SLAPP Order, "Plaintiffs' causes of action do not arise from an act of Defendants in furtherance of the right of petition or free speech, but from the manner in which Defendants performed their duties as Plaintiffs' attorneys." (Anti-SLAPP Order at 4.) This holding reflects well-established California

3

precedent that a claim based on the inadequacy of an attorney's representation or an attorney's conflicts of interest does not implicate the First Amendment interests protected by the Anti-SLAPP statute.[2] Mr. Silverman's motion fails even to address this fundamental point.

Moreover, even if — contrary to fact — legal malpractice and breach of fiduciary duty claims were subject to the Anti-SLAPP statute, Mr. Silverman's appeal still would be frivolous because Plaintiffs have clearly stated facts sufficient to support a judgment in their favor. To meet their burden under the Anti-SLAPP statute, Plaintiffs must demonstrate "only a 'minimum level of legal sufficiency and triability.'" *Grewal v. Jammu*, 191 Cal. App. 4th 977, 989, 119 Cal. Rptr. 3d 835, 845 (Cal. Ct. App. 2011) (quoting *Linder v. Thrifty Oil Co.*, 23 Cal. 4th 429, 438 n.5, 2 P.3d 27, 33 n.5, 97 Cal. Rptr. 2d 179, 186 n.5 (2000)). For the reasons set forth in Plaintiffs' Memorandum of Law in Opposition to Defendant Robert B. Silverman DBA Silverman & Associates' Special Motion to Strike (ECF No. 174) — and particularly those noted by the Court in the Anti-SLAPP Order — Plaintiffs have easily met this minimal burden.

In sum, Plaintiffs' malpractice and breach of fiduciary duty claims are not based on activity protected by the Anti-SLAPP statute, and, even if they were, Plaintiffs' have plainly met their minimal burden of establishing that they

---

[2] *See, e.g.*, *Robles v. Chalilpoyil*, 181 Cal. App. 4th 566, 578-80, 104 Cal. Rpt. 3d 628, 639 (Cal. Ct. App. 2010); *PrediWave v. Simpson Thacher & Bartlett LLP*, 179 Cal. App. 4th 1204, 1227, 102 Cal. Rptr. 3d 245, 262-63 (Cal Ct. App. 2009); *Hylton v. Frank E. Rogozienski, Inc.*, 177 Cal. App. 4th 1264, 1272, 99 Cal. Rptr. 3d 805, 810 (Cal. Ct. App. 2009); *United States Fire Ins. Co. v. Sheppard, Mullin, Richter & Hampton LLP*, 171 Cal. App. 4th 1617, 90 Cal. Rptr. 3d 669 (Cal. Ct. App. 2009); *Freeman v. Schack,* 154 Cal. App. 4th 719, 64 Cal. Rptr. 3d 867 (Cal. Ct. App. 2007); *Kolar v. Donahue, McIntosh & Hammerton,* 145 Cal. App. 4th 1532, 1535, 52 Cal. Rptr. 3d. 712, 714 (Cal. Ct. App. 2006); *Benasra v. Mitchell Silberberg & Knupp LLP*, 123 Cal. App. 4th 1179, 20 Cal. Rptr. 3d 621 (Cal. Ct. App. 2004); *Jespersen v. Zubiate-Beauchamp*, 114 Cal. App. 4th 624, 7 Cal. Rptr. 3d 715 (Cal. Ct. App. 2003).

have *prima facie* claims. Mr. Silverman's Anti-SLAPP appeal is thus frivolous and the automatic stay provision of the Anti-SLAPP statute is not triggered by his appeal. *See Moser*, 2007 U.S. Dist. LEXIS 22970, at *7-8.

### B. MR. SILVERMAN IS NOT ENTITLED TO A STAY OF PLAINTIFFS' FEDERAL CLAIMS.

Mr. Silverman also is not entitled to a stay of Plaintiffs' federal claims. As noted, "the anti-SLAPP statute does not apply to federal law causes of action." *Hilton*, 599 F.3d at 901. Accordingly, there can obviously be no automatic stay of the federal claims based on Mr. Silverman's appeal.

There likewise is no basis for the Court to enter a discretionary stay of the federal claims. As an initial matter, Mr. Silverman's request for a discretionary stay assumes that an automatic stay of Plaintiffs' state law claims is in place. As previously noted, the frivolity of Mr. Silverman's Anti-SLAPP appeal precludes imposition of an automatic stay.

Moreover, even if Mr. Silverman *were* entitled to a stay of Plaintiffs' state law causes of action, he still would not be entitled to a discretionary stay concerning Plaintiffs' separate federal claims. In deciding whether to exercise its discretion to stay collateral claims during the pendency of an appeal of an Anti-SLAPP motion, the Court should consider: "'(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.'" *Makaeff v. Trump Univ., LLC*, No. 10-CV-940-IEG (WVG), 2011 U.S. Dist. LEXIS 13603, at *8-9 (S.D. Cal. Feb. 11, 2011) (quoting *Nken v. Holder*, 556 U.S. 418, 129 S. Ct. 1749, 1756 (2009)). None of these factors supports granting a stay here.

The first factor — whether Mr. Silverman has a "strong" likelihood of success — weighs decidedly against granting a stay because Mr. Silverman is

highly unlikely to succeed on the merits of his Anti-SLAPP appeal. As discussed above, a claim for legal malpractice does not implicate the Anti-SLAPP statute. *See, e.g., PrediWave*, 179 Cal. App. 4th at 1227, 102 Cal. Rptr. 3d at 262-63. Even if it did, Plaintiffs have easily met their minimal burden of establishing a *prima facie* claim.

The second factor — the need for a stay to avoid irreparable harm — also weighs against granting a stay. To satisfy this factor, it is not sufficient for Mr. Silverman merely to show "some possibility of irreparable injury." *Nken*, 129 S. Ct. at 1761 (citation omitted). Here, Mr. Silverman has failed to show that he will suffer *any* cognizable harm — irreparable or otherwise — if the federal claims against him proceed while his appeal is pending. Contrary to Mr. Silverman's contention, a decision in his favor on appeal would not dispose of the case. While there is overlap between Plaintiffs' state and federal claims against Mr. Silverman, the federal claims are not entirely dependent on the state law causes of action. The SAC, for example, alleges that Mr. Silverman verified a frivolous lawsuit against Plaintiff Ingrid Cruz (which was stricken pursuant to the Anti-SLAPP statute) in order to stifle criticism of Defendants Lourdes Navarro and Universal Placement International and to extract fraudulent and illegal fees, and that Mr. Silverman otherwise assisted the other Defendants in carrying out their trafficking scheme. (SAC ¶¶ 114-115, 166.) These allegations would support Plaintiffs' federal trafficking and RICO claims against Mr. Silverman, even had he not established an attorney-client relationship with Plaintiffs and other class members. As a result, even in the unlikely event the Ninth Circuit were to hold that Mr. Silverman is immune from suit on Plaintiffs' state law claims pursuant to the Anti-SLAPP statute, Plaintiffs' federal claims against Mr. Silverman could and would be tried.

The third factor — the harm to other interested parties — similarly weighs heavily against granting a stay. As a result of the qualified immunity

appeal filed by Defendant Elizabeth Duran Swinford (ECF No. 121), Plaintiffs have already been forced to seek a nearly eight-month continuance of the July 24, 2012, trial date in this case to avoid the need for multiple trials on their federal trafficking and RICO claims. (*See* ECF No. 239.) If the Court grants a discretionary stay of Plaintiffs' federal claims against Mr. Silverman, that will put Plaintiffs in the position of either needing to seek an even lengthier continuance of the trial date until after Mr. Silverman's appeal is resolved or to proceed with multiple trials on their federal claims. In either scenario, Plaintiffs and other class members will suffer significant harm.

Finally, the fourth factor — the public interest — weighs against granting a stay because the public has an interest in the efficient use of the Court's time and resources and the speedy administration of justice. *See Bradberry v. T-Mobile USA, Inc.*, No. C 06-6567 CW, 2007 U.S. Dist. LEXIS 58801, at *13 (N.D. Cal. Aug. 2, 2007) ("[T]he public interest lies in conservation of judicial resources.") If a discretionary stay is granted, the public would either have to bear the expense of duplicative litigation on the federal claims or the delay in the administration of justice that would accompany a suspension of the case against Mr. Silverman during the pendency of his appeal. Moreover, conservation of the Court's resources weighs against granting a stay because Mr. Silverman is highly unlikely to succeed on appeal. *See id.* at *15.

Because all four factors weigh against staying Plaintiffs' federal claims against Mr. Silverman, his request for a discretionary stay should be denied.

**C. THE COURT SHOULD NOT RECONSIDER ITS CLASS CERTIFICATION ORDER.**

Mr. Silverman likewise offers no legitimate basis for reconsideration of the Class Certification Order.

1  First, Mr. Silverman's reconsideration request violates this Court's
2  Local Rules. Local Rule 7-18 provides that "[n]o motion for reconsideration shall
3  in any manner repeat any oral or written argument made in support of or in
4  opposition to the original motion." C.D. Cal. L.R. 7-18. Mr. Silverman's motion
5  does nothing but rehash the same arguments he already made in opposing class
6  certification — principally that no class should have been certified because Mr.
7  Silverman purportedly had no attorney-client relationship with Plaintiffs and other
8  class members. (*Compare* Opposition to Motion for Class Certification by
9  Defendants' [sic] Robert B. Silverman and Silverman & Associates;
10 Memorandum of Points and Authorities; Declaration of Robert B. Silverman,
11 dated July 25, 2011 (ECF No. 156), at 11-25 *with* Defendants, Robert B.
12 Silverman DBA Silverman & Associates Memorandum in Support of Motion to
13 Enforce Stay and Motion for Reconsideration of Class Certification, dated
14 December 27, 2011 (ECF No. 235), at 15-18.) Mr. Silverman fully briefed that
15 issue in opposition to the class certification motion, and the Court duly considered
16 and rejected his argument.
17  Second, Mr. Silverman's reconsideration request also fails on the
18 merits. As explained in Plaintiffs' Memorandum in Support of Motion for Class
19 Certification (ECF No. 134), Plaintiffs' Reply Memorandum in Support of Motion
20 for Class Certification (ECF No. 180), and the Court's Class Certification Order,
21 Plaintiffs have presented clear evidence that there are common issues of law and
22 fact as to Mr. Silverman that warrant class treatment of their claims against him.
23 Plaintiffs have also met their burden of showing that the other Rule 23
24 requirements are satisfied. Contrary to Mr. Silverman's suggestion, the Court did
25 not rule in its Class Certification Order that there was an attorney-client
26 relationship between Mr. Silverman and members of the Plaintiff class. It ruled
27 only that the existence or non-existence of such a relationship based, *inter alia*, on
28 Mr. Silverman's form G-28 filings is a common question that should be addressed

and resolved on a class-wide basis. Mr. Silverman offers nothing — and certainly nothing new — to cast doubt on that conclusion.

Third, Mr. Silverman's contention that the Court lacked authority to certify a class on Plaintiffs' state law claims because of his Anti-SLAPP appeal similarly fails. As explained above, an appeal of an order denying an Anti-SLAPP motion does not stay a plaintiff's claims where the appeal is frivolous. Because Mr. Silverman's appeal here is indeed frivolous for the reasons stated, the Court properly adjudicated Plaintiffs' class certification motion as to the state law claims against Mr. Silverman, notwithstanding his appeal. There also can be no dispute that the Court had the authority to certify a class as to Plaintiffs' *federal* claims against Mr. Silverman because "the anti-SLAPP statute does not apply to federal law causes of action." *Hilton*, 599 F.3d at 901.

## CONCLUSION

For the foregoing reasons, the Court should deny Mr. Silverman's Motion to Enforce Stay and Motion for Reconsideration, and grant such other and further relief as justice may require.

Respectfully submitted,

  /s/ James M. Knoepp
James M. Knoepp
IMMIGRANT JUSTICE PROJECT
SOUTHERN POVERTY LAW CENTER
233 Peachtree Street NE, Suite 2150
Atlanta, Georgia  30303

*On behalf of Attorneys for Plaintiffs*

Dated:  February 17, 2012

9

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on February 17, 2012, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification to all counsel of record.

                                          /s/ James M. Knoepp_____