**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV10-01172 JAK (MLGx) | Date | March 30, 2011 |
|---|---|---|---|
| Title | Mairi Nunag Tanedo, et al. v. East Baton Rouge Parish School Board, et al. | | |

| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE |
|---|---|

| Andrea Keifer | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS) ORDER RE DEFENDANTS' MOTION TO ENFORCE STAY AND FOR RECONSIDERATION OF CLASS CERTIFICATION (Dkt. 234)**

## I. Introduction

On December 27, 2011, Defendants Robert Silverman and Silverman & Associates (collectively the "Attorney Defendants") moved to enforce a stay of all state and federal claims against them and to reconsider this Court's December 12, 2011 Order granting in part and denying in part Plaintiffs' motion for class certification. The Court heard oral argument in this matter on March 12, 2012. Dkt. 251. At that hearing, the Court denied the Attorney Defendants' motion in part, as to their request for reconsideration. The Court granted the motion in part and stayed the state law claims against the Attorney Defendants, because the Attorney Defendants had appealed this Court's denial of their special motion to strike the state law claims against them. The Court took under submission the question whether to stay the federal law claims against the Attorney Defendants. The Court requested supplemental briefing from the parties regarding the Attorney Defendants' participation in discovery, which the parties timely submitted. Dkt. 253, 254. This Order follows.

For the following reasons, the Court GRANTS the Attorney Defendants' motion for a stay of the federal claims against them, but denies their request for a stay of discovery directed to them in connection with the claims against other defendants in this action that have not been stayed.

## II. Background

The factual background of this matter has been detailed extensively in this Court's previous Orders. *See* Orders Re Motions to Dismiss, Dkt. 114, 115, 116, 117; Order Denying Defendants' Motion to Strike, Dkt. 221; Order Re Plaintiffs' Motion for Class Certification, Dkt. 232.

In their Second Amended Complaint, Dkt. 126, Plaintiffs bring four causes of action against the Attorney Defendants. Two are federal causes of action: violations of the Trafficking Victims Protection Act ("TVPA"), 18 U.S.C. § 1595; and violations of the Racketeer Influenced and Corrupt Organizations

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | LA CV10-01172 JAK (MLGx) | Date | March 30, 2011 |
|---|---|---|---|
| Title | Mairi Nunag Tanedo, et al. v. East Baton Rouge Parish School Board, et al. | | |

Act ("RICO"), 18 U.S.C § 1972, with mail fraud, wire fraud, and the TVPA violations as predicate acts. The two other claims against the Attorney Defendants are state law claims: breach of fiduciary duty and legal malpractice. Plaintiffs predicate the state law claims on the argument that the Attorney Defendants represented them as counsel.

The Attorney Defendants moved to strike the state law claims against them, under California's anti-SLAPP statute, Cal. Code Civ. Proc. § 425.16. Dkt. 221. On October 24, 2011, the Court denied the Attorney Defendants' motion to strike. Dkt. 221. The Court held that Defendants failed both prongs of the anti-SLAPP analysis: Plaintiffs' causes of action did not arise from "an act in furtherance of the right of petition or free speech," *City of Cotati v. Cashman*, 29 Cal. 4th 69, 78 (2002), and Plaintiffs made "a prima facie showing of facts that would, if proved, support a judgment in" their favor, *Kashian v. Harriman*, 98 Cal. App. 4th 892, 906 (2002). On November 24, 2011, the Attorney Defendants appealed the Order denying their motion to strike. Dkt. 224.

Plaintiffs moved for class certification. Dkt. 97, 133. On December 12, 2011, the Court granted the motion for class certification as to all causes of action against the Attorney Defendants, except the RICO claims with wire fraud and mail fraud as predicate acts. Dkt. 232. Thus, the Court granted the motion for class certification as to the TVPA claims, the RICO claim with the TVPA violations as predicate acts, the breach of fiduciary duty claim, and the legal malpractice claim, as against the Attorney Defendants.

The Attorney Defendants moved to stay the proceedings as to them of all claims in which they are named as defendants, and to reconsider the grant of class certification. Dkt. 234. The Court heard oral argument in this matter on March 12, 2012. Dkt. 251. The Court stayed the state law claims – breach of fiduciary duty and legal malpractice – against the Attorney Defendants, because "denials of special motions to strike under California's anti-SLAPP statute" are immediately appealable, *Hilton v. Hallmark Cards*, 599 F.3d 894, 900 (9th Cir. 2010), and the Attorney Defendants' filing of a notice of appeal conferred jurisdiction over the state law claims involved in the appeal with the Ninth Circuit Court of Appeals, divesting this Court of jurisdiction over those claims, *see Small v. Operative Plasterers' and Cement Masons' Int'l Ass'n Local 200*, 611 F.3d 483, 495 (9th Cir. 2010). The Court also held that the Attorney Defendants' appeal was not frivolous.

At that hearing, the Court took under submission the question whether to stay the federal law claims against the Attorney Defendants. The Court also denied the Attorney Defendants' motion for reconsideration, because they presented no new basis in opposition to certification that could not have been raised in connection with the prior hearings on that issue.

## III. Analysis

### A. Stay of the Federal Claims

The Attorney Defendants' appeal divested this Court of jurisdiction over the state law claims. However, the appeal did not divest this Court of jurisdiction over the federal TVPA and RICO claims

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV10-01172 JAK (MLGx) | Date | March 30, 2011 |
|---|---|---|---|
| Title | Mairi Nunag Tanedo, et al. v. East Baton Rouge Parish School Board, et al. | | |

that have been brought against the Attorney Defendants, and did not stay proceedings as to those federal claims, because the "anti-SLAPP statute does not apply to federal law causes of action." *Hilton*, 599 F.3d at 901.

The Attorney Defendants argue that the Court should exercise its discretion to stay proceedings as to the federal claims as well. They argue that the appeal of the state law claims may determine certain issues, most notably, whether the Attorney Defendants may be considered Plaintiffs' attorneys, and they argue that such determinations will have an impact on the consideration of the federal claims that have been brought against them.

Both parties argue that the applicable standard for determining whether to issue a stay pending appeal is laid out in *Nken v. Holder*:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

129 S. Ct. 1749, 1756 (2009). The *Nken* standard applies when determining whether to issue a stay in order to preserve the status quo pending appeal. In *Nken*, for example, the question before the Court was whether to stay a deportation order while the immigration petitioner appealed that deportation order. Similarly, the issue presented in *Hilton v. Braunskill*, on which the *Nken* Court relied in determining the aforementioned four-part test, was whether to stay the release of a prisoner, while the government appealed a grant of habeas corpus that had ordered the prisoner's release. 481 U.S. 770, 776 (1987). This standard is also applied when determining whether to grant a stay of an order granting or denying an injunction under Federal Rule of Civil Procedure 62(c). *Hilton*, 481 U.S. at 776. These cases are not analogous to the instant matter because the Attorney Defendants do not seek a stay to preserve the status quo pending appeal; instead they claim that the outcome of the anti-SLAPP appeal may have a bearing on the federal as well as the state law claims in which they have been named.

In this matter, the proper standard for determining whether to issue a stay pending appeal derives from this Court's inherent power to "control the disposition of the cases on its docket in a manner which will promote economy of time and effort for itself, for counsel, and for litigants." *Filtrol Corp. v. Kelleher*, 467 F.2d 242, 244 (9th Cir. 1972).

> The exertion of this power calls for the exercise of a sound discretion. Where it is proposed that a pending proceeding be stayed, the competing interests which will be affected by the granting or refusal to grant a stay must be weighed. Among these competing interests are the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.

*Id.* Thus, a district court may stay an action "pending resolution of independent proceedings which bear

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV10-01172 JAK (MLGx) | Date | March 30, 2011 |
|---|---|---|---|
| Title | Mairi Nunag Tanedo, et al. v. East Baton Rouge Parish School Board, et al. | | |

upon the case. This rule applies whether the separate proceedings are judicial, administrative, or arbitral in character, and does not require that the issues in such proceedings are necessarily controlling of the action before the court." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863-64 (9th Cir. 1979).

Applying the *Leyva* standard, the Court has determined, in the exercise of its discretion, to stay the proceedings of the federal claims against the Attorney Defendants, pending their appeal of the denial of the anti-SLAPP motion. The appeal before the Ninth Circuit may affect the federal law claims against the Attorney Defendants. Thus, the appeal may determine whether an attorney-client relationship existed between Plaintiffs and the Attorney Defendants. Even if that is not the outcome, it will simplify issues, proof, and questions of law to hear both the state and federal claims together in this Court in a single trial. It will not impose an undue burden on Plaintiffs to delay resolution of the federal claims against the Attorney Defendants, as their appeal of the anti-SLAPP ruling has already delayed resolution of the state law claims. It will serve the interests of fairness and judicial efficiency to have the state and federal claims proceed simultaneously in this Court.

### B. The Attorney Defendants' Participation in Discovery

Despite this Court's stay of proceedings as to all claims against the Attorney Defendants, the Attorney Defendants must nonetheless participate in discovery. The Court reaches this conclusion in the exercise of its discretion with respect to efficient and fair case management. Plaintiffs have alleged that the Attorney Defendants worked with other defendants to traffic Plaintiffs to the United States and to coerce them into forced labor. Thus, even if Plaintiffs had not brought any claims against the Attorney Defendants, the Attorney Defendants would be required to participate in discovery as nonparties. The Court is not persuaded that all such discovery against the Attorney Defendants should be stayed, because such a stay has the potential to impose a substantial impediment to the efficient adjudication of the claims against some or all of the remaining defendants.

In a California court, the filing of an anti-SLAPP motion automatically stays discovery against the moving party until "notice of entry of the order ruling on the motion." Cal. Code. Civ. Proc. § 425.16(g). It may also be the case that an appeal of the denial of an anti-SLAPP motion continues the stay of discovery pending appeal, given that California Code of Civil Procedure 916(a) automatically stays proceedings in a trial court pending appeal of a judgment or order. *Compare Mattel, Inc. v. Luce, Forward, Hamilton & Scripps*, 99 Cal. App. 4th 1179, 1189-90 (2002) (trial court erred in setting trial date once defendant had appealed of denial of anti-SLAPP motion), *with Carpenter v. Jack in the Box Corp.*, 151 Cal. App. 4th 454, 461 (2007) (appeal of order denying anti-SLAPP motion did not divest trial court of jurisdiction to consider motion for attorney's fees related to said motion). However, to require that all discovery as to the Attorney Defendants cease with respect to their conduct that may be related in some fashion to that of other parties, does not make practical sense. Defendants may possess documents or percipient knowledge with respect to the alleged conduct of other parties that could be the proper subject of discovery. For example, the Attorney Defendants may possess copies of documents that were provided by their clients that bear on issues presented in connection with the claims against, or defenses of, such parties. Similarly, the Attorney Defendants may have percipient knowledge with respect to the same matters, including their communications with certain members of

CV-90 (10/08) **CIVIL MINUTES - GENERAL** Page 4 of 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | LA CV10-01172 JAK (MLGx) | Date | March 30, 2011 |
|---|---|---|---|
| Title | Mairi Nunag Tanedo, et al. v. East Baton Rouge Parish School Board, et al. | | |

the class that has been certified*, i.e.,* persons who claim that they were represented by the Attorney Defendants.[1] It would be impractical to stay all such discovery while the claims against other Defendants are pursued in the pre-trial and possible trial phase of this matter. It would also be inefficient to stay all proceedings against all parties while the anti-SLAPP appeal is pending. Moreover, even if the Attorney Defendants were not named as parties in this action, they could be subject to the same discovery demands as nonparties. For these reasons, the Court concludes that it is a proper exercise of its discretion to permit discovery to proceed as to the Attorney Defendants. In so concluding, the Court is making no determination with respect to objections that may be raised to specific discovery requests. For example, the Attorney Defendants may contend that certain requested information is subject to the attorney-client privilege. Discovery issues that arise should be handled in the regular manner for resolving such disputes.

In reaching these conclusions, the Court finds that this approach to discovery as to the Attorney Defendants will avoid a proceeding in which implementation of the stay provisions of the California anti-SLAPP statute would "directly collide" with the policies of the Federal Rules of Civil Procedure that enable discovery. *See Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1109 (9th Cir. 2003) ("[B]ecause the discovery-limiting aspects of §§ 425.16(f) and (g) 'collide with the discovery-allowing aspects of Rule 56, these aspects of subsections 425.16(f) and (g) cannot apply in federal court.'") (quoting *Metabolife Int'l, Inc. v. Wornick*, 264 F.3d 832, 846 (9th Cir. 2001)); *see also Verizon Del., Inc. v. Covad Commc'ns Co.*, 377 F.3d 1081, 1091 (9th Cir. 2004) (state procedural laws cannot be enforced in federal court when they "directly collide" with the Federal Rules of Civil Procedure). This is especially true given that a California court may permit discovery despite the automatic stay of California Code of Civil Procedure § 425.16 upon a showing of "good cause." Cal. Code Civ. Proc. § 425.16(g). The need for Plaintiffs to continue in their claims against the remaining Defendants, and the need of those Defendants to obtain efficient resolution of the claims that they are defending, outweighs the interest of the Attorney Defendants in having all discovery stayed while they appeal the denial of a motion to strike two state law claims.

## IV. <u>Conclusion</u>

Notwithstanding the discretionary stay of the proceedings with respect to the federal claims brought against the Attorney Defendants, such parties shall respond to discovery in this matter as parties. This applies to discovery related to both the outstanding state law and federal law claims brought against the other Defendants. This obligation includes responding to written discovery requests, requests for the production of documents, and depositions. The Attorney Defendants retain all rights with respect to the recognized objections that may be made in response to any such discovery requests; provided, however, that such objections are not to include a claim that all discovery from them should be stayed. That issue has been addressed and resolved through this Order.

[1] The Attorney Defendants dispute the assertion that that they were Plaintiffs' attorneys.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | LA CV10-01172 JAK (MLGx) | Date | March 30, 2011 |
|---|---|---|---|
| Title | Mairi Nunag Tanedo, et al. v. East Baton Rouge Parish School Board, et al. | | |

For the foregoing reasons, the Court GRANTS the Attorney Defendants' motion to stay the federal claims against them, subject to the Attorney Defendants' participation in discovery as described above.

**IT IS SO ORDERED.**

:

Initials of Preparer ak