James M. Knoepp (admitted *pro hac vice*)
jim.knoepp@splcenter.org
Michelle R. Lapointe (admitted *pro hac vice*)
michelle.lapointe@splcenter.org
Daniel Werner (admitted *pro hac vice*)
daniel.werner@splcenter.org
IMMIGRANT JUSTICE PROJECT
SOUTHERN POVERTY LAW CENTER
233 Peachtree Street NE, Suite 2150
Atlanta, GA  30303
Telephone:  (404) 521-6700
Facsimile:  (404) 221-5857

*Attorneys for Plaintiffs*
*Additional Co-Counsel on Subsequent Pages*

**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | |
|---|---|
| MAIRI NUNAG-TAÑEDO, et al., | Civ. No.: 10-01172-JAK (MLGx) |
| Plaintiffs, | **PLAINTIFFS' TRIAL BRIEF** |
| v. | **HON. JOHN A. KRONSTADT**<br>**HON. MARC L. GOLDMAN** |
| EAST BATON ROUGE PARISH SCHOOL BOARD, et al., | FINAL PRETRIAL<br>CONFERENCE:  November 19, 2012<br>TIME:  3:00 pm<br>LOCATION:  Courtroom 750 |
| Defendants. | |

*(Attorney listing continued from first page)*

Mary C. Bauer (admitted *pro hac vice*)
mary.bauer@splcenter.org
Sam Brooke (admitted *pro hac vice*)
sam.brooke@splcenter.org
Morris S. Dees (admitted *pro hac vice*)
judy.bruno@splcenter.org
SOUTHERN POVERTY LAW CENTER
400 Washington Avenue
Montgomery, Alabama  36104
Telephone:   (334) 956-8200
Facsimile:    (334) 956-8481

Dennis B. Auerbach (admitted *pro hac vice*)
dauerbach@cov.com
Jillian Willis (admitted *pro hac vice*)
jwillis@cov.com
COVINGTON & BURLING LLP
1201 Pennsylvania Avenue, N.W.
Washington, D.C.  20004
Telephone:   (202) 662-6000
Facsimile:    (202) 662-6291

Candice N. Plotkin
CA Bar Number 281709
cplotkin@cov.com
COVINGTON & BURLING LLP
One Front Street
San Francisco, California 94111-5356
Telephone: (415) 591-6000
Facsimile: (415) 591-6091

Daniel J. McNeil (admitted *pro hac vice*)
dmcneil@aft.org
AMERICAN FEDERATION OF TEACHERS
LEGAL DEPARTMENT
555 New Jersey Ave., N.W.
Washington, DC  20001
Telephone:   (202) 393-6305
Facsimile:   (202) 393-6385

Lawrence Rosenzweig (SBN 72443)
LRPCorp@aol.com
Brent Rosenzweig (SBN 219071)
Brent.Rosenzweig@gmail.com
LAWRENCE ROSENZWEIG, PC
2730 Wilshire Boulevard, Suite 425
Santa Monica, California  90403
Telephone:   (310) 453-0348
Facsimile:   (310) 453-3358

*Attorneys for Plaintiffs*

Pursuant to Local Rule 16-10, Plaintiffs file this short Trial Brief in reply to Defendants' Memorandum of Contentions of Fact and Law.

One of Plaintiffs' claims in this case is that Defendant UPI's standard-form contracts with members of the plaintiff class should be declared null and void because they are illegal. Defendants respond in their Contentions that they "intend to introduce evidence to show that UPI's contracts are legal and not contrary to any laws." Defendants' Contentions (ECF No. 337), at 13. There is, however, no evidence to be introduced and no jury issue on this point. The contracts are illegal and unenforceable as a matter of law.

By order dated October 4, 2012, the Court granted Plaintiffs' motion to dismiss Defendant UPI's counterclaims on the ground that the "10%/24 month" fee provision and other provisions of UPI's contracts with named Plaintiffs are unenforceable under Louisiana law. ECF No. 380 (the "Motion to Dismiss Order"). In so holding, the Court gave collateral-estoppel effect to the decision of the Louisiana Workforce Commission ("LWC"), which so determined in an order dated April 14, 2010 (ECF No. 147, Ex. A). The Court found that "the illegality taints the entire contract, and the entire transaction is illegal and unenforceable." Motion to Dismiss Order at 7 (*quoting Dunkin v. Boskey*, 82 Cal. App. 4th 171, 196 (2000)).

The Motion to Dismiss Order should apply with equal force to Defendants' contracts with *other* class members. UPI acknowledges that it used a standard-form contract and the provisions deemed illegal by the LWC are thus contained in each one. Because the contracts were the same, the result should be as well. The Court has already held in the Motion to Dismiss Order that UPI's contracts with the named Plaintiffs are illegal and unenforceable based on principles of collateral estoppel. That ruling should extend as a matter of law to UPI's identical contracts with other class members. There is simply nothing for the jury to decide on this point.

Defendants' contentions also do not accurately state the elements of Plaintiffs' claim under the California Employment Agency, Employment Counseling, and Job Listing Services Act, Cal. Civ. Code §§ 1812.501, *et seq.* While the statute certainly precludes false or misleading statements by an employment agency as Defendants contend, it is far broader than that. (as the parties' proposed joint jury instructions indicate). For example, the statute also requires that a written contract between an employment agency and a jobseeker must contain a "right to refund" statement. Cal. Civ. Code § 1812.504(a)(11); Motion to Dismiss Order at 5 n.5. Such a statement must, *inter alia*, include the following language:

> *If you pay all or any portion of a fee and fail to accept employment, the employment agency shall, upon your request, return the amount paid to you within 48 hours after your request for a refund.*

Cal. Civ. Code § 1812.504(a)(11).

If a contract does not contain such a "right to refund" provision, it is "void and unenforceable as contrary to public policy." Cal. Civ. Code § 1812.523(c); Motion to Dismiss Order at 5 n.5. Moreover, the jobseeker "shall be entitled to the return of all sums paid." *Id.*

Defendants argue in their Contentions that the employment agency statute is inapplicable because "the services provided by UPI were far beyond those provided by an employment agency." Defendants' Contentions at 10. Defendants, however, cannot plausibly deny that UPI acted as an employment agency and collected fees from members of the Plaintiff class for employment-agency services. The employment agency statute defines an "employment agency" as

> *Any person who, for a fee, or other valuable consideration to be paid, directly or indirectly by a jobseeker, offers to perform or represents it can or will perform any of the following services:*

> *(i) Procures, offers, promises or attempts to procure employment or engagements for others or employees for employers . . .*

Cal. Civ. Code § 1812.501(a)(1)(A)(i).

UPI clearly acted as an "employment agency" under this definition. UPI charged a fee to jobseekers, *i.e.*, members of the Plaintiff class,[1] and the standard-form UPI contract that every class member signed expressly states that "Agency will use its best efforts to find suitable employment for Client . . . ." This provision makes clear that UPI offered to procure employment for class members. It thus acted as an "employment agency" under California law. Indeed, the Louisiana Court of Appeals determined that "[t]here is no doubt that Universal offered to procure employment for applicants (the Filipino teachers) . . . ." *Universal Placement Int'l, Inc. v. La. Workforce Comm'n, et al.,* 97 So. 3d 1154, 2012 WL 3044276, at *3 (La. Ct. App. July 26, 2012). That factual finding has collateral estoppel effect here. UPI also went so far as to *admit* in the LWC proceeding that "it operates an employment service in the State of California, the product of which is supplying foreign teacher services to schools in various states." ECF No. 147, Ex. A at 2.

Whether or not UPI also performed *additional* services is irrelevant to the analysis. It performed at least some employment agency services and thus was required to comply with California law regulating employment agencies, including by having a "right to refund" statement in its contracts. The contracts themselves establish that UPI did not do so.

Respectfully submitted,

/s/James M. Knoepp
James M. Knoepp
*On behalf of Attorneys for Plaintiffs*

Dated: November 13, 2012

---

[1] "Jobseeker" means "a person seeking employment." Cal. Civ. Code § 1812.501(e).

- 4 -

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this date electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification to all counsel of record.

/s/ James M. Knoepp
November 13, 2012