**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | SA CV10-01172 JAK (MLGx) | Date | January 28, 2013 |
|---|---|---|---|
| Title | Mairi Nunag Tanedo, et al. v. East Baton Rouge Parish School Board, et al. | | |

| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE |
|---|---|
| Andrea Keifer | Alex Joko |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Dennis B. Auerbach | Kristin L. Petersen<br>Agnes Markarian |

**Proceedings:** POST TRIAL STATUS CONFERENCE RE PUNITIVE DAMAGES AND 17200 CLAIM

The hearing is held. The Court has reviewed the briefs submitted by the parties with respect to the 17200 Claim and punitive damages. Dkt. 467, 468. The Court states its tentative view that it agrees with the jury's advisory verdict that there was a violation of § 17200. Thus, the jury found that there was a violation of the California Employment Agency Act (the "CEAA"); this violation is itself a sufficient basis upon which there can be a finding of a violation of §17200. After discussion with counsel, the Court adheres to its tentative and directs that it has found, based on the trial evidence and verdict, that there has been a violation of §17200.

A §17200 violation may be the basis for both injunctive relief and restitution. Defense counsel contends that Plaintiffs' Complaint fails to make a request for restitution with respect to the §17200 claim, and that it is too late to amend the Complaint to seek such relief on that ground. Plaintiffs' counsel states that a request for restitution was made in the Complaint, but was not expressly linked to the §17200 Claim. However, Plaintiffs are only seeking restitution of a portion of the fees charged to, and paid by, Plaintiffs to Defendant Universal Placement International, Inc. ("UPI") with respect to the third-party services to be provided to Plaintiffs. Thus, the restitution sought is the amount paid to UPI that was retained by UPI and not transferred to those who provided the services. Because such amounts are already included within the damages awarded by the jury under the CEAA claim, a restitution remedy as to such amounts would be duplicative.

With respect to the punitive damages issue under the CEAA, plaintiffs have withdrawn their request for such damages. Accordingly, there is no longer an issue with respect to punitive damages.

The Court confers with counsel regarding the award of the jury to the extent that it includes placement fees of approximately $1 Million and whether any of those amounts are included in the prior judgment issued in Louisiana by the Louisiana Labor Commission. That judgment ordered a refund of all the fees, but does not include a specific dollar amount. Plaintiffs' counsel states that Plaintiffs will not seek to enforce both judgments, which would result in double recovery. Instead, Plaintiffs plan to pursue the judgment issued in this action as to such amounts. The Court directs counsel to confer and seek to agree

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | SA CV10-01172 JAK (MLGx) | Date | January 28, 2013 |
|---|---|---|---|
| Title | Mairi Nunag Tanedo, et al. v. East Baton Rouge Parish School Board, et al. | | |

to a stipulation and proposed order to this effect, as well as to the amounts of fees paid to, and retained by, UPI with respect to third-party services to Plaintiffs. If such agreement is reached, the judgment will include the agreed upon amounts, without prejudice to any and all appellate issues that Defendants may properly raise. If no such agreement can be reached, Defendants shall file an appropriate motion with respect to a proposed modification of the damages awarded. To the extent that there is a contention that any amounts paid to PARS may be recovered in this action, the parties shall brief the issue as well. Both motions shall be heard on the same date as the anticipated motion by Plaintiffs for an award of attorney's fees.

Finally, the Court confers with counsel regarding the Plaintiffs' request for an award of attorney's fees. The Court sets the hearing on the motion for attorney's fees, as well as the aforementioned matters that may remain in dispute, for April 8, 2013 at 8:30 a.m. Counsel for the parties to meet and confer on a briefing schedule; provided, however, any reply briefs on any motions to be filed on or before March 25, 2013.

Plaintiff shall file a proposed judgment and file the appropriate stipulation to dismiss any of the remaining parties, if applicable. Counsel shall confer regarding the approach to the remaining claims against Defendant Robert B. Silverman, which are the subject of certain proceedings before the Ninth Circuit, and be prepared to discuss that matter at the April 8, 2013 hearing.

**IT IS SO ORDERED.**

|  | : | 19 |
|---|---|---|
| Initials of Preparer | ak | |