# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| MAIRI NUNAG-TAÑEDO, et al., | LA CV10-01172-JAK (MLGx) |
| Plaintiffs, | **AMENDED JUDGMENT** |
| v. | |
| EAST BATON ROUGE PARISH SCHOOL BOARD, et al., | HON. JOHN A. KRONSTADT<br>HON. MARC L. GOLDMAN |
| Defendants. | |

This action was filed by plaintiffs Mairi Nunag-Tanedo, Ingrid Cruz, Donnabel Escuadra, Tomasa Mari and Rolando Pascual ("Named Plaintiffs"). The Court certified the "Louisiana Teacher Class" with respect to all causes of action asserted in the Second Amended Complaint, ECF No. 126 (the "SAC"), against Defendants Universal Placement International, Inc. ("UPI") and Lourdes Navarro (collectively "Defendants"), except (a) Named Plaintiffs claim under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961, *et. seq.* ("RICO") based on predicate acts of wire fraud [18 U.S.C. § 1343] and mail fraud [18 U.S.C. § 1341], and (b) Named Plaintiffs' state law fraud claim, Cal. Civ. Code § 1709. The Louisiana Teacher Class ("Plaintiff Class") is comprised of all Filipino nationals who obtained their initial H-1B visas through UPI and Lourdes Navarro during the period January 1, 2007, through the present, where a Louisiana school district or Louisiana school system was the petitioner. There are 347 members of the Plaintiff Class, exclusive of opt outs.

The case was tried by a jury. On December 17, 2012, the jury rendered a verdict against Defendants UPI and Lourdes Navarro on the Plaintiff Class's claims that Defendants violated the California Employment Agency, Employment Counseling, and

Job Listing Services Act, Cal. Civ. Code §§ 1812.500, *et. seq.*, and that Defendants made negligent misrepresentations to the Plaintiff Class. The jury also rendered an advisory verdict, subsequently adopted by the Court, that Defendants violated the California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et. seq.*

The jury rendered a verdict against Plaintiffs on the Plaintiff Class's claim that Defendants are liable under the civil liability provision of the William Wilberforce Trafficking Victims Protection Reauthorization Act ("TVPRA") of 2003, 18 U.S.C. §§ 1589, 1590, 1592, 1594(a), and 1595, and the TVPRA of 2008, 18 U.S.C. §§ 1589, 1590, 1592, 1594(a) and (b), and 1595.

On September 5, 2012, counsel for the Named Plaintiffs and the Plaintiff Class advised Defendants that they would not pursue the RICO and state law fraud claims asserted against UPI and Lourdes Navarro in the SAC.

Based upon the jury's verdict and other proceedings in the case, including Named Plaintiffs' voluntary dismissal of the RICO and state law fraud claims, it is hereby ordered, adjudged and decreed that:

1. Judgment is entered for the Plaintiff Class and against Defendants UPI and Lourdes Navarro on the Plaintiff Class's claims that Defendants violated the California Employment Agency, Employment Counseling, and Job Listing Services Act, Cal. Civ. Code §§ 1812.500, *et. seq.*; that Defendants made negligent misrepresentations to the Plaintiff Class; and that Defendants violated the California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et. seq.*

2. Based on the violations set forth in paragraph 1 above, judgment is entered for the Plaintiff Class and against Defendants UPI and Lourdes Navarro, jointly and severally, in the amount of four million four hundred eighty one thousand five hundred five dollars ($4,481,505.00), exclusive of costs, interest and attorneys' fees.

3. Judgment is entered for Defendants UPI and Lourdes Navarro and against the Plaintiff Class on the Plaintiff Class's claims brought pursuant to the TVPRA of

2003, 18 U.S.C. §§ 1589, 1590, 1592, 1594(a), and 1595, and the TVPRA of 2008, 18 U.S.C. §§ 1589, 1590, 1592, 1594(a) and (b), and 1595.

4. All "Placement Agency Contracts" entered into between members of the Plaintiff Class on the one hand and Defendant UPI on the other are null, void and unenforceable by UPI or Lourdes Navarro, such that neither UPI nor Lourdes Navarro may recover any amounts purportedly due under those contracts.

5. The following claims asserted by Plaintiffs in the SAC are dismissed with prejudice: (a) Named Plaintiffs' and the other class members' claim against UPI and Lourdes Navarro under RICO, 18 U.S.C §§ 1961, *et. seq.*, and the RICO predicate acts of wire fraud, 18 U.S.C. § 1343, mail fraud, 18 U.S.C. § 1341, and extortion, Cal. Pen. Code § 518; and (b) Named Plaintiffs' state law fraud claim, Cal. Civ. Code § 1709.

6. All counterclaims asserted by Defendant UPI against Named Plaintiffs Mairi Nunag-Tanedo, Donnabel Escuadra, Tomasa Mari and Rolando Pascual, as set forth in ECF No. 384, are dismissed with prejudice.

7. Counsel for the Plaintiff Class ("Class Counsel") is awarded attorneys' fees against Defendants UPI and Lourdes Navarro in the amount of $1,310,559.75, and judgment is hereby entered for Class Counsel and against Defendants UPI and Lourdes Navarro, jointly and severally, in this amount.

8. The attorneys' fee award described in paragraph 7 above is in addition to the $4,481,505.00 award set forth in paragraph 2 above.

9. Costs shall be awarded to Plaintiffs in an amount to be assessed by the Clerk of Court.

10. The damage award set forth in paragraph 2 above shall accumulate post-judgment interest pursuant to 28 U.S.C. § 1961 from March 14, 2013 (the date of the Court's original judgment), and the attorneys' fee award set forth in paragraph 7 above shall accumulate post-judgment interest pursuant to 28 U.S.C. § 1961 from September 11, 2013 (the date of the Court's attorneys' fee award).

11. To the extent any member of the Plaintiff Class receives a payment of any amount awarded by this judgment from Defendants or any other source, the judgment shall be deemed partially satisfied in the amount of such payment, and such partial satisfaction shall be acknowledged in accordance with California Code of Civil Procedure § 724.120.

Dated: September 26, 2013

JOHN A. KRONSTADT
UNITED STATES DISTRICT JUDGE